Application denied.
Lead Plaintiff may submit a
supplemental brief not to
exceed 5 pages by March 9, 2012.
Defendants may submit a
joint opposition not to exceed
5 pages by March 16, 2012. The Court will address this issue
- at oral argument scheduled
March 28, 2012.

SO ORDERED:

February 15, 2012

WILLIAM H. PAULEY III U.S.D.J.

2/27/12

BR&B

**Barrack, Rodos & Bacine**
*A Professional Corporation*
Attorneys At Law

*Jeffrey A. Barrack*
jbarrack@barrack.com

Philadelphia
San Diego
New York
New Jersey
Conshohocken

USDC SDNY
DOCUMENT
ELECTRONICALLY FIL
DOC #: _____
DATE FILED: 2/27/12

_CEIVED_

FEB 1 6 2012

CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

***Via Federal Express***

Honorable William H. Pauley, III
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **Pennsylvania Public School Employees' Retirement System v.
Bank of America Corp., et al., Civil Action No. 11-cv-00733-WHP**

Dear Judge Pauley:

Lead Plaintiff, by its undersigned counsel, respectfully submits this letter, pursuant to
Your Honor's Individual Practices, to request a pre-motion conference with respect to an
intended motion to strike certain documents that defendants submitted in support of their
motions to dismiss. The grounds for the motion are that the challenged documents were not
referenced in the complaint, are hearsay and are not the proper subject of judicial notice, and
therefore may not be considered on a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights,
Ltd.*, 127 S. Ct. 2499, 2509 (2007); *ATSI Comm'cns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d
Cir. 2007); *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d
66, 70-71 (2d Cir. 1998). The challenged documents fall into the following general categories:

**Excerpts From SEC Filings of Other Companies.** BAC, the Executive Defendants,
and the Underwriter Defendants (as defined at ¶¶ 41-43 of the complaint) have submitted
excerpts from various public filings made by certain other public companies and trusts
(Bongiorno Exs. A, C, P, and Q, and Musoff Exs. K, L, CC, and DD). The filings were not
referenced in the complaint and constitute irrelevant hearsay. Fed. R. Evid. 801(c), 802. For
example, defendants improperly rely upon two pre-class period prospectuses in which there are
no statements by BAC or by the Executive Defendants. *See* Bongiorno Exs. P and Q (and
Musoff Exs. K and L). These documents are proffered to dispute Lead Plaintiff's factual
allegation that neither BAC nor the Executive Defendants disclosed to investors in the
Company's securities BAC's substantial use of MERS in its SEC filings until after the class
period. The two prospectuses were filed not by BAC but by a limited purpose finance subsidiary
of Countrywide Financial Corporation, called "CWABS," and an indirect subsidiary of BAC
formerly known as NationsBanc Montgomery Funding Corp. Defendants cannot retroactively
cure their own omissions about MERS by citing these disclosures. *See In re Countrywide
Financial Corp. Sec. Litig.*, 588 F.Supp.2d 1132, 1160 (S.D. Cal. 2008) (securitization trust

**BRB**

*Barrack, Rodos & Bacine*

Honorable William H. Pauley, III
February 15, 2012
Page 2

prospectuses are intended for private investors, not purchasers of stock on the open market or in public offerings).

        **News Articles, Press Reports and Commentary.** Defendants also improperly rely upon various news articles, other press and commentary about MERS, the financial crisis, or the overall markets, to contend that, before the class period, investors were informed of the facts that the complaint alleges were concealed. *See* Underwriter Defs. Mem. at 14-15 (Bongiorno Exs. M, R, T, U, V, X, Z, AA, and BB) (contending that the Section 11 claim alleged is untimely because investors were on notice of facts alleged to have been concealed); BAC Defs. Mem. at 5-8 (Musoff Exs. P, Q, R, T, U, V, and W) (contending that mortgage registration through MERS was disclosed before the class period). To the extent the Defendants offer these out-of-court statements for their truth, they are excludable hearsay. *Alvary v. United States*, 302 F.2d 790, 794 (2d Cir. 1962). Moreover, to the extent they are being offered as proof of notice to the market, there is an insufficient basis for the Court to consider them on a motion to dismiss because "it is for the factfinder" – here the jury – "to determine whether a particular collection of data was sufficiently aposematic to place an investor on inquiry notice." *Young v. Lepone*, 305 F.3d 1, 9 (1st Cir. 2002); *Marks v. CDW Computer Ctrs., Inc.*, 122 F.3d 363, 368-69 (7th Cir.1997) (on motion to dismiss "it is abundantly clear that such a question would be one for the trier of fact").

        The challenged news articles, press reports and commentary could not put anyone on notice of the culpable conduct by BAC and the Executive Defendants as alleged during the class period. For example, Bongiorno Ex. R was published 15 months prior to the class period and mentions MERS, Countrywide (before it was acquired by BAC), and Wells Fargo; but it does even not mention BAC. The article also contains factual statements that lead plaintiff hotly disputes, such as "All ... practices and procedures in the handling of bankruptcy cases follow applicable laws, and we stand behind our actions." Similarly, Bongiorno Ex. T reports a MERS court victory and states that the MERS president was "pleased with the court's decision." Neither of these articles may be deemed to have put anyone on notice that BAC and the other defendants were liable for culpable conduct as alleged in the complaint. Defendants improperly use these articles to make the argument that their version of the underlying facts is correct, an issue that must be resolved at trial. *See In re StockerYale*, 453 F. Supp. 2d 345, 348 (D.N.H. 2006) (granting motion to strike market commentary because "editorial comments and analysis contained in the commentary about overall trends in the security sector [are not] the kind of information that is subject to judicial notice"); *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342, 350 (3rd Cir. 2009) ("Just as we require investors to act upon public information indicating fraud, so, too, do we allow them to rely upon corporate statements discounting the possibility of malfeasance."). "[R]eassurances can dissipate apparent storm warnings if an investor of ordinary intelligence would reasonably rely on them to allay the investor's concerns." *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, 543 F.3d 150, 167 n.14 (3d



**Barrack, Rodos & Bacine**

Honorable William H. Pauley, III
February 15, 2012
Page 3


Cir. 2008) (internal citations and quotations omitted), *aff'd, sub nom Merck & Co., Inc. v. Reynolds,* 130 S. Ct. 1784 (2010).

**Complaints.** The Underwriter Defendants also improperly rely upon complaints filed in other cases that were neither mentioned nor relied upon in Lead Plaintiff's complaint. The Court of Appeals cautioned that it would be unreasonable to expect an ordinary investor to be aware of a lawsuit that was not referenced in contemporaneous news articles or regulatory filings. *Staehr v. Hartford Fin. Servs. Group, Inc.,* 547 F.3d 406, 435 (2d Cir. 2008). Ignoring this precedent, the defendants contend that the complaints, which allege violations of loan originations standards, breaches of fiduciary duty and violations of MBS representations and warranties, and that lenders' use of MERS had resulted in fraudulent transfers, constituted notice to investors about their claims here. (Bongiorno Exs. D, H, I, J, and Y.) Defendants' citation to these materials also attempts to dispute Lead Plaintiff's specific factual allegations that defendants concealed a known material risk that BAC had enormous exposure arising from repurchase requests and demands that had not yet been followed by the formal commencement of litigation. *See* ¶¶ 14, 83-84, 98-101, 131-33, 136(n)-(o), 155, 162, 180-81. Moreover, a "complaint is not evidence" unless it contains admissions. *Newton v. City of New York,* 640 F.Supp.2d 426, 448 (S.D.N.Y. 2009).

**Other.** Lead Plaintiff also seeks to strike certain financial industry securities trading data (Bongiorno Ex. CC) and data from government reports (Musoff Exs. X and Y). That data were not referred to in the complaint, are hearsay and are not the proper subject of judicial notice. *Tommy Hilfiger U.S.A., supra,* 146 F.3d at 70-71. In sum, "[o]n fact questions the court should not use the doctrine of judicial notice to go outside the record unless the facts are matters of common knowledge or are capable of certain verification." *Alvary, supra,* 302 F.2d at 794. The challenged documents do not meet this test.

Accordingly, Lead Plaintiff respectfully requests a pre-motion conference with respect to its intended motion to strike.

Respectfully,

Jeffrey A. Barrack

JAB/mmb
cc: All Counsel