UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA CORP., et al., <br><br> Defendants. | No. 1:11-cv-00733 (WHP) |

REPLY IN SUPPORT OF DEFENDANT
PRICEWATERHOUSECOOPERS LLP'S MOTION TO DISMISS THE
CONSOLIDATED CLASS ACTION COMPLAINT

James J. Capra, Jr.
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
jcapra@kslaw.com

Diana L. Weiss
Zachary D. Tripp
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
(202) 737-0500
dlweiss@kslaw.com

*Counsel for Defendant
PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

INTRODUCTION..............................................................................................................1

ARGUMENT...................................................................................................................2

    I.    COUNT V DOES NOT PLAUSIBLY ALLEGE THAT PWC'S OPINION WAS
         SUBJECTIVELY FALSE ...........................................................................................2

    II.   COUNT V DOES NOT PLAUSIBLY ALLEGE THAT PWC'S OPINION WAS
         OBJECTIVELY FALSE ............................................................................................5

    III.  COUNT V IS UNTIMELY .........................................................................................7

    IV.  THIS COURT SHOULD DISMISS WITH PREJUDICE ...................................................9

CONCLUSION ...............................................................................................................9

## TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ....................................................................................................1, 5

*Bellikoff v. Eaton Vance Corp.,*
  481 F.3d 110 (2d Cir. 2007)...........................................................................................9

*Fait v. Regions Financial Corp.,*
  655 F.3d 105 (2d Cir. 2011).................................................................................passim

*In re Barclays Bank PLC Sec. Litig.,*
  No. 09-1989, 2011 WL 31548 (S.D.N.Y. Jan. 5, 2011) ...............................................8

*In re IndyMac Mortgage-Backed Sec. Litig.,*
  793 F.Supp.2d 637 (S.D.N.Y. 2011) ...........................................................................8

*In re Sanofi-Aventis Sec. Litig.,*
  774 F.Supp.2d 549 (S.D.N.Y. 2011) ...........................................................................3

*In re Time Warner, Inc. Sec. Litig.,*
  9 F.3d 259 (2d Cir. 1993) ............................................................................................3

*In re Wachovia Equity Sec. Litig.,*
  753 F.Supp.2d 326 (S.D.N.Y. 2011) ...........................................................................8

*Merck & Co. v. Reynolds,*
  130 S. Ct. 1784 (2010) ............................................................................................2, 8

*Public Employees' Retirement System v. Merrill Lynch & Co.,*
  714 F.Supp.2d 475 (S.D.N.Y. 2010) ...........................................................................8

*Virginia Bankshares v. Sandberg,*
  501 U.S. 1083 (1991) ...................................................................................................3

STATUTES

28 U.S.C. § 1658 ..............................................................................................................8

OTHER AUTHORITIES

Black's Law Dictionary (8th ed. 2004).........................................................................5

Plaintiff's Reply Br. in *Fait,*
  2011 WL 85826 (Mar. 3, 2011) ..................................................................................2

## INTRODUCTION

The sole PwC statement at issue in the sole count against PwC is PwC's opinion on the BAC 2008 financial statements. Plaintiff's failure to make factual allegations plausibly suggesting that PwC's opinion contained a false statement of material fact is a fundamental flaw in its case. Plaintiff's response confirms that the Complaint against PwC does not adequately plead this essential element of Plaintiff's Section 11 claim, which was also filed too late.

First, Plaintiff's opposition concedes that the only PwC statement at issue is PwC's 2008 audit opinion, yet it fails to assert that PwC subjectively disbelieved any statement in that opinion. As outlined by the Second Circuit in *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011), that failure is fatal. Plaintiff's only response is to deny that *Fait* applies. But *Fait* is squarely on point and Plaintiff's failure to comply with *Fait* is thus enough to defeat the claim against PwC.

Second, the opposition also shows that Plaintiff does not adequately allege that PwC's opinion was objectively incorrect. Plaintiff does not allege any misstatements under GAAP in the amounts reported in the 2008 audited financial statements. And Plaintiff's opposition does not identify a single fact existing in 2008 to support its allegation that GAAP required disclosure of additional facts in those financial statements. Plaintiff recites excerpts relating to disclosures from two GAAP standards without any factual allegations that would plausibly show a material departure from those standards. This plainly fails under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and thus provides another independent reason to dismiss.

Third, Plaintiff has no serious argument that the Section 11 claim would be timely under the Second Circuit's inquiry notice standard. It argues instead that *Merck & Co. v. Reynolds*, 130 S. Ct. 1784 (2010), implicitly overruled the Second Circuit's standard. Plaintiff is wrong about *Merck* and, in any event, the claim is time-barred under either standard.

## ARGUMENT

### I.     COUNT V DOES NOT PLAUSIBLY ALLEGE THAT PWC'S OPINION WAS SUBJECTIVELY FALSE

Count V must be dismissed because Plaintiff failed to plead that PwC disbelieved its audit opinion. PwC Br. 10–20. Plaintiff does not deny that it failed to plead subjective falsity, but argues that reading *Fait* to require such allegations would transform Section 11 into a scienter-based claim because "some degree of judgment is involved in most, if not all, disclosures . . . ." Opp. 27. To avoid this result, Plaintiff seeks to limit *Fait* to "forward-looking" estimates of "values to be recorded on the company's books." *Id.* at 27–28.

Plaintiff's reading of *Fait* should be rejected. In *Fait* itself, the plaintiff raised the very same argument that requiring subjective falsity would "gut" Section 11 by creating a scienter requirement. Plaintiff's Reply Br. in *Fait*, 2011 WL 85826, *11 (Mar. 3, 2011). The Second Circuit disagreed. "[C]ontrary to plaintiffs' concern, the standard applied here *does not amount to a requirement of scienter.*" *Fait*, 655 F.3d at 112 n.5 (emphasis added).

Furthermore, Plaintiff's cramped reading of *Fait* is nonsensical. *Fait* turns on what constitutes a "*fact.*" *Id.* at 110–12. A statement of belief or opinion is a

"fact" solely to the extent that it states "the psychological fact of the speaker's belief in what he says." *Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1095 (1991); *Fait*, 655 F.3d at 110–12. The accounting estimates in *Fait* are one type of opinion, not the only type. Indeed, *Virginia Bankshares* confirms that a backward-looking statement of belief unconnected with accounting — that a company had received a "high" takeover offer — was a "fact" only to the extent the speaker disbelieved its opinion. 501 U.S. at 1088, 1093. *See also In re Time Warner, Inc. Sec. Litig.*, 9 F.3d 259, 266 (2d Cir. 1993) (qualitative predictions about achieving a business plan); *In re Sanofi-Aventis Sec. Litig.*, 774 F.Supp.2d 549, 567 (S.D.N.Y. 2011) (backward-looking interpretations of clinical studies). *Fait* applies to *all* statements of belief or opinion — including PwC's. And Plaintiff does not deny that PwC's report is a statement of PwC's opinion. *See* 2008 10-K at 109.

In any event, as the *Fait* court determined, estimates require subjective judgment, and the GAAP provisions here involve estimation. First, there is no meaningful distinction between the primary provision Plaintiff relies upon — FAS 5 — and the one at issue in *Fait* — FAS 114. FAS 114 "clarif[ies]" how to apply FAS 5's general standard in the specific context of loan impairment. FAS 114 ¶ 2. *Fait* held that FAS 114 involved "inherently subjective" determinations of whether a loan loss was "probable" and "reasonably estimable" and thus that subjective falsity was required. *Fait*, 655 F.3d at 113; *see* FAS 115 ¶ 10. FAS 5's general rule for estimating loss reserves involves the same "inherently subjective" determinations of whether a loss is "probable" and can be "reasonably estimated." FAS 5 ¶ 8.

3

Plaintiff states that it "does not challenge BAC's loss reserve estimates," but instead argues that BAC should have disclosed a "reasonable possibility" that losses "over and above the stated reserves" had been incurred. Opp. 28; Compl. ¶ 284. This argument backfires, as any such disclosure would involve all of the same subjectivity at issue in *Fait* — and more. Before assessing whether loss reserves may be too small, a company must first set those reserves by making the *Fait* judgments about "probability" and what can be "reasonably estimated." Compl. ¶ 284. After that, a company must make additional judgments about whether there is a "reasonable possibility" that further losses have been incurred, and if so, then "estimat[e]" the "possible loss or range of loss" or decide "such an estimate cannot be made." *Id.*; FAS 5 ¶ 10.

Likewise, applying FIN 45 requires estimation. Plaintiff argues that *Fait* does not apply because FIN 45 required BAC to disclose "'the maximum potential amount of future payments'" under its R&Ws and that this "did not require estimation; it simply required an arithmetic computation based on the terms of the MBS contracts." Opp. 28. But FIN 45 itself states that disclosing the maximum potential liability *does* require "estimat[ion]" and recognizes that a guarantor may be "unable to develop an estimate" of this amount. FIN 45 ¶ 13(b). Furthermore, subjective judgment is necessary to decide whether and to what extent FIN 45 even applies to the R&Ws here — *i.e.*, whether those R&Ws constitute a "guarantee" within the scope of FIN 45 even though they do not guarantee the "indebtedness of others." *See* Compl. ¶¶ 19, 105 (describing the R&Ws); Black's Law Dictionary 723

4

(8th ed. 2004) (defining "guarantee"); *see also* BAC Br. 27. And again, PwC's only statement regarding BAC's compliance with GAAP reflects PwC's opinion concerning BAC's subjective judgment on the application of FIN 45. 2008 10-K at 109.

In short, Plaintiff's efforts to distinguish *Fait* fail. Because Plaintiff does not even argue that it satisfies *Fait*, Plaintiff's claim should be dismissed.

## II.   COUNT V DOES NOT PLAUSIBLY ALLEGE THAT PwC'S OPINION WAS OBJECTIVELY FALSE

Plaintiff also failed to plausibly allege that PwC's opinion was objectively incorrect. Plaintiff argues that it was enough to allege, without more, that PwC's opinion on BAC's 2008 financial statements and related controls and PwC's compliance with PCAOB standards was false. Opp. 26. But *Iqbal* forecloses this approach to pleading. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable;" "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." 129 S. Ct. at 1949–50.

As PwC argued in its motion, BAC's exposure to potential business risks arising from using MERS does not plausibly suggest a material departure from GAAP in BAC's 2008 financial statements. *E.g.*, PwC Br. 19. In response, Plaintiff contends that the MD&A section of the 2008 10-K was misleading because BAC did not disclose MERS-related risks. Opp. 7 (citing 2008 10-K at 86, part of the MD&A). But PwC only opined on BAC's 2008 financial statements, not the MD&A. Plaintiff's opposition does not identify any misstatement or omission in the 2008

5

financial statements relating to MERS. *See id.* at 25–28. Indeed, Plaintiff disclaims any allegation that BAC misstated its 2008 reserves for contingent liabilities. *Id.* at 28. Plaintiff's MERS allegations against PwC are thus plainly insufficient.

Plaintiff's R&W allegations are no less inadequate. PwC emphasized that Plaintiff's R&W allegations are expressly grounded in hindsight. The Complaint does not identify any undisclosed losses from repurchase claims that existed in 2008; it relies on hindsight to allege that R&W repurchase claims asserted in 2010 show that BAC's financial statements were misstated in 2008. PwC Br. 7. In response, Plaintiff cites without explanation 22 paragraphs of its Complaint, which supposedly "relate to losses incurred by BAC before and during the Class Period." Opp. 27 (citing Compl. ¶¶ 14, 99, 104–09, 112–14, 126–31, 137–41). Nothing in these paragraphs or anywhere else in the Complaint suggests that BAC incurred undisclosed repurchase losses as of 2008. Whatever the class period, Plaintiff cannot prove that PwC's 2008 audit was flawed because it failed to disclose events that had not yet occurred.

Plaintiff also does not allege an objectively false statement based on FIN 45's provisions relating to the disclosure of financial guarantees. As set forth above, the application of FIN 45 requires subjective judgment. But even if FIN 45 were to objectively require R&W-related disclosures, BAC made those disclosures. BAC's 2008 financial statements disclosed that, under its R&Ws, BAC "may be required to either repurchase the mortgage loans . . . or indemnify the investor or insurer."

6

Compl. ¶ 190; 2008 10-K at 135.  FIN 45 expressly permits disclosure that the "terms of the guarantee provide for no limitation" where that is the case (FIN 45 ¶ 13(b)), and BAC disclosed that its R&W liability was "generally not subject to stated limits."  As to its potential exposure, BAC disclosed that, at December 31, 2008, the principal balance outstanding on residential mortgages securitized by BAC was greater than $1.4 trillion.  2008 10-K at 134–35.  Plaintiff identifies no "factual content" in the Complaint that plausibly suggests that these disclosures were in any way inaccurate, much less outside of GAAP's range of reasonableness.

## III.   COUNT V IS UNTIMELY

Count V also should be dismissed because discovery "should have been made by the exercise of reasonable diligence" more than one year before PSERS sued PwC, i.e., before September 23, 2010.  15 U.S.C. § 77m.  Plaintiff primarily argues not that it meets this inquiry notice standard, but that *Merck* supplies the standard.  It then asserts, without any analysis, that under *Merck* the limitations period did not start until the allegedly corrective disclosures in October 2010.  For the reasons set forth in the Underwriter Defendants' Reply Brief at 3–7, it does not matter which standard applies here, because Plaintiff's claim is untimely either way.[1]  In any event, Plaintiff is wrong about *Merck*.

Contrary to Plaintiff's argument, *Merck* did not overrule the Second Circuit's Section 11 "storm warnings" jurisprudence.  *Merck* interpreted the limitations period governing Section 10(b), which is triggered when the plaintiff "discover[s] the

---

[1] Count V also should be dismissed because the allegations on the face of the Complaint show that there is no loss causation.  *See* Underwriters Reply Br. 8–9.

facts constituting the violation." 28 U.S.C. § 1658(b)(1); *Merck,* 130 S. Ct at 1797–98. Section 11's standard is more capacious: the clock starts when "discovery of the untrue statement or the omission . . . should have been made by the exercise of reasonable diligence." § 77m.

Plaintiff does not even try to square *Merck*'s rule with § 77m's text. Plaintiff instead cites *Public Employees' Retirement System v. Merrill Lynch & Co.,* 714 F.Supp.2d 475 (S.D.N.Y. 2010), and *In re Wachovia Equity Sec. Litig.,* 753 F.Supp.2d 326 (S.D.N.Y. 2011). Opp. 30. But Plaintiff is relying on dicta. *Merrill Lynch* merely speculates that *Merck* could have changed Section 11's standard. 714 F.Supp.2d at 480. And although a footnote in *Wachovia* states that *Merck* applies in Section 11 cases, 753 F.Supp.2d at 371 n.39, this did not alter the court's judgment. *Wachovia* "assum[ed] arguendo" that the clock started under both standards but it did not matter which applied because the limitations period had been tolled. *See id.* at 371. By contrast, two courts have held that a failure to inquire after "storm warnings" still defeats a Section 11 claim. *In re IndyMac Mortgage-Backed Sec. Litig.,* 793 F.Supp.2d 637, 648 (S.D.N.Y. 2011); *In re Barclays Bank PLC Sec. Litig.,* No. 09-1989, 2011 WL 31548, *6 (S.D.N.Y. Jan. 5, 2011). *Merck* "does not apply here"; rather, "the inquiry notice standard" does. *IndyMac,* 793 F.Supp.2d at 648; *Barclays,* 2011 WL 31548, at *6. Under this inquiry notice standard, Count V is untimely. *See* PwC Br. 22–24; Underwriters' Reply Br. 3–7. This Court should follow *IndyMac* and *Barclays* and dismiss.

8

IV.   THIS COURT SHOULD DISMISS WITH PREJUDICE

Plaintiff also informally asks for leave to amend.  Opp. 35.  But Plaintiff has not proposed an amended complaint trying to cure the defects here.  Plaintiff is "not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (quotation marks omitted).  Plaintiff has had ample opportunity to plead a claim against PwC, it has provided no hint that it can do so, and in any event its claim is untimely.

## CONCLUSION

For the foregoing reasons, PwC respectfully requests that this Court dismiss Count V with prejudice.

Respectfully submitted,

*/s/* Diana L. Weiss

Diana L. Weiss
Zachary D. Tripp
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
(202) 737-0500
dlweiss@kslaw.com

James J. Capra, Jr.
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

*Counsel for Defendant*
*PricewaterhouseCoopers LLP*

March 2, 2012

9