UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, | CIVIL ACTION NO: 11-CV-00733-WHP |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| BANK OF AMERICA CORPORATION, et al., | |
| Defendants. | |

**LEAD PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF A MOTION TO STRIKE**

Lead Plaintiff submits this supplemental memorandum, pursuant to a February 27, 2012 Order of the Court (Docket No. 124), in support of a motion to strike certain documents that defendant BAC, the Executive Defendants, and the Underwriter Defendants submitted in support of their motions to dismiss, a schedule of which challenged documents is attached as Exhibit 1 to the declaration of Jeffrey A. Barrack.

By letter dated February 15, 2012, Lead Plaintiff requested a pre-motion conference, pursuant to the Court's Individual Practices, concerning a proposed motion to strike certain documents that Defendants submitted.  *See* Exhibit 2, Barrack Decl.  BAC and the Executive Defendants responded by letter dated February 23, 2012 (Exhibit 3, Barrack Decl.), offering a variety of rationalizations to justify their citations to documents outside the record on their motion to dismiss.  None of their justifications is well-founded here.

First, BAC and the Executive Defendants seek to justify their citations to the challenged documents by arguing that it is appropriate to consider documents outside the record in determining the legal sufficiency of Lead Plaintiff's scienter allegations because, they claim, they must be judged based upon the "inherently comparative" inquiry required by the plausibility test of a claim under Section 10(b) of the Securities Exchange Act of 1934.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).  However, BAC and the Executive Defendants refer to only two of the 36 challenged documents in asserting that the complaint does not adequately plead scienter.  *See* excerpts of J.P. Morgan Form 10-Q dated November 9, 2010, and excerpts of Wells Fargo Form 10-Q dated November 5, 2010 (Musoff Exhibits CC, DD), referenced at p. 21 of the BAC and Executive Defendants' opening memorandum in support of their motion to dismiss.  These two documents, however, were filed with the Securities and Exchange Commission *after* the class period.  Moreover, there is nothing linking anything in

1

those extrinsic documents to the states of the Defendants' minds during the class period. Accordingly, these two documents are not properly presented for consideration. As the Second Circuit has warned:

> Judicial notice of a disputed fact should not ordinarily be taken as the basis for dismissal of a complaint on its face .… The better course is to conduct an evidentiary hearing at which the plaintiff may have its "day in court," and, through time-honored methods, test the accuracy of defendants' submissions and introduce evidence of its own.

*Oneida Indian Nation of New York v. State of New York*, 691 F.2d 1070, 1086 (2d Cir. 1982).

Second, Defendants cite to the remaining 34 challenged documents in an attempt to contravene the allegations of the complaint by arguing that the concealed facts were already known to the market (BAC Mem. at 5, 7-10) and constituted "storm warnings" that triggered the running of the statute of limitations. Underwriter Defs. Mem. at 3-4, 11-15. But these challenged documents may not be considered on the motions to dismiss because they are not referred in the complaint, and are not the proper subject of judicial notice. *Tellabs*, 551 U.S. at 322-23. Moreover, "storm warnings" contentions are generally not suitable for resolution on a motion to dismiss. *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161,168 (2d Cir. 2005). What Defendants are seeking here is to tell their version of the facts through their motions to dismiss, which is not allowed. *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989). Defendants will have a time to tell their version, but now is not the time.

Defendants cite two prospectus supplements of BAC-affiliated trusts in an attempt to rebut the allegation that the Defendants never mentioned MERS in an SEC filing until after the Class Period. ¶106. *See* Bongiorno Exs. P and Q (and Musoff Exs. K and L). However, there are several reasons why these extraneous documents fail to exonerate Defendants or support their motions to dismiss. *First*, while MERS is mentioned in the proffered prospectus supplements,

they do not contain statements *by BAC* or *by the Executive Defendants*.  *Second*, the prospectuses were directed to mortgage backed securities purchasers, not to class period purchasers of BAC stock, who, of course, had no reason to believe that the prospectuses applied to them.  *And third*, although the isolated paragraphs that Defendants cite from one of the more than 300-page prospectuses refer to MERS as a "relatively new practice," there is no disclosure of the material adverse risks BAC faced from its reliance on MERS, which Defendants were forced to admit at the end of the class period.  *Compare* Bongiorno Ex. P, Musoff Ex. K, (at S-29), *with* ¶ 155 ("one of the issues was you needed to take title in your own name prior to foreclosure out of MERS"), *and* ¶ 167 (BAC's Form 10-K for the period ending December 31, 2010, filed after the end of the class period, admitting that the MERS risk is associated with a "break in the chain of title").  Defendants dispute these allegations, which they are entitled to do.  But the disputed facts and conflicting interpretations must allow the Lead Plaintiff, "through time-honored methods, [to] test the accuracy of the defendants' submissions and introduce evidence of its own." *Oneida Indian Nation*, 691 F.2d at 1086, 1093 (finding error in judicial notice of disputed extrinsic materials) (citing *Alvary v. United States*, 302 F.2d 790, 794 (2d Cir. 1962) ("error for the trial judge to take judicial notice of text books that were not a part of the record").  In short, under very analogous circumstances, courts have rejected motions to dismiss predicated upon such truth on the market defenses.  *See, e.g., In re Countrywide Financial Corp. Sec. Litig.*, 588 F.Supp.2d 1132, 1159-60 (C.D. Cal. 2008) ("Where a market appears to have all the ordinary hallmarks of efficiency but a complaint still plausibly alleges the market was fooled, it is preposterous to argue at the pleadings stage that a 'reasonable investor' should have been on inquiry notice.").

3

Defendants also cite to hearsay news articles, press and commentary, and complaints about MERS and the financial crisis, in attempting to construct an argument that investors were informed of the facts that Lead Plaintiff alleges were concealed. Underwriters' Mem. at 4, 11-15 (contending that Section 11 claim is untimely because of purported "storm warnings"); BAC Defs. Mem. at 5-8 (contending that MERS was disclosed). However, as discussed in Lead Counsel's February 15 letter (Barrack Decl., Ex. 2 at 2-3), these challenged documents contain hotly disputed facts that cannot be determined on a Rule 12(b)(6) motion without transforming it into a motion for summary judgment. Moreover, the disputed facts in these documents do not satisfy the requirements for judicial notice because "they are not usually common knowledge, nor are they derived from an unimpeachable source." *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998); *see* Fed.R.Evid. 201(b).

Most of the challenged documents are offered either to rebut allegations that Defendants' statements were untrue and they omitted material information or to show that the complaint was not timely. As to the former they are excludable hearsay. *Alvary,* 302 F.2d at 794. As to the latter, the Second Circuit instructs that storm warnings are intensely factual and are generally not appropriate for resolution on a motion to dismiss. *Lentell*, 396 F.3d at 168; *cf. Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985); *see* Advisory Committee Note, Fed. R. Evid. 201(b) (noting that the practice of taking judicial notice "has been one of caution in requiring that the matter be beyond controversy"). Consideration of the challenged documents to determine disputed ultimate factual questions is not appropriate. *See Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679, 683-84 (S.D.N.Y.1969), *modified on other grounds*, 449 F.2d 51 (2d Cir.1971), *rev'd on other grounds*, 409 U.S. 363 (1973) ("The more critical an issue is to the ultimate disposition of the case, the less appropriate judicial notice becomes.").

The fallacy of Defendants' citations to these documents is demonstrated by considering other public statements referred to in the complaint.  For example, if, as Defendants argue, investors already knew facts that the complaint alleges were concealed, investment analysts would not have asked the following question during the October 19, 2010 earnings conference call at the end of the class period:  "***Could you just kind of give us your view of whether this [foreclosure issue] is a big deal, not a big deal, not as big a deal as the press presented, et cetera?***"  Ex. 4 (at 14-15), Barrack Decl. (emphasis added).  In response, Moynihan admitted, for the first time that "one of the issues was you needed to take title in your own name prior to foreclosure out of MERS," and that "[t]he issue of foreclosure is a big deal…"  *Id*.; *see* ¶¶155, 315.  Defendants' use of the challenged documents to support their truth on the market and statute of limitations arguments is untenable here, given the drops in BAC's stock price following the corrective disclosures at the end of the class period pleaded in the complaint (¶¶ 147-163, 309-317).

The challenged documents set forth in Exhibit 1 may not be considered on Defendants' motions to dismiss because they were not referenced in the complaint, are hearsay and are not a proper subject of judicial notice.  Accordingly, they should be stricken from the motions.

Dated:  March 9, 2012                **BARRACK, RODOS & BACINE**
A. Arnold Gershon
William J. Ban
Michael A. Toomey
425 Park Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

-and-

**BARRACK, RODOS & BACINE**

By:     /s/ Jeffrey A. Barrack
    Leonard Barrack
    Gerald J. Rodos
    Mark R. Rosen
    M. Richard Komins
    Jeffrey A. Barrack
    Chad A. Carder
    3300 Two Commerce Square
    2001 Market Street
    Philadelphia, PA 19103
    Telephone: (215) 963-0600
    Fax: (215) 963-0838

*Attorneys for Lead Plaintiff Pennsylvania Public School Employees' Retirement System and Lead Counsel for the Class*

Steven Skoff
Assistant Counsel
Pennsylvania Public School Employees'
   Retirement System
5 North Fifth Street, 5th Floor
Harrisburg, PA  17101
Telephone:  (717) 720-4912
Fax:  (717) 783-8010

Sarah Yerger
Senior Deputy Attorney General
Civil Litigation Section
Office of Attorney General
15th Floor Strawberry Square
Harrisburg, PA  17120
Telephone:  (717) 705-2503
Fax:  (717) 772-4526

*Attorneys for Lead Plaintiff Pennsylvania Public School Employees' Retirement System*