UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PENNSYLVANIA PUBLIC SCHOOL             :
EMPLOYEES' RETIREMENT SYSTEM,
individually and on behalf of all others similarly        :
situated,                                              :    11 Civ. 733 (WHP)

                    Plaintiff,        :    (ECF)

                 v.                     :

BANK OF AMERICA CORPORATION, et al.,   :

                    Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANTS' JOINT MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

| | |
|---|---|
| SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>Jay B. Kasner<br>Christopher P. Malloy<br>Scott D. Musoff<br>Four Times Square<br>New York, New York  10036<br>(212) 735-3000<br><br>*Attorneys for Defendants Bank of America<br>  Corporation, Kenneth D. Lewis, Joe L.<br>  Price, II, Brian T. Moynihan, Charles H.<br>  Noski and Neil Cotty* | WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>Jeffrey B. Rudman (admitted *pro hac vice*)<br>Michael G. Bongiorno<br>Fraser L. Hunter<br>Keith Bradley<br>David Zetlin-Jones<br>399 Park Avenue<br>New York, New York  10022<br>(212) 230-8800<br><br>*Attorneys for the Underwriter Defendants* |

**PRELIMINARY STATEMENT**

In its Motion to Strike ("Motion" or "MTS"), Plaintiff urges this Court to disregard documents that "were not referenced in the Complaint, are hearsay and are not a proper subject of judicial notice." (MTS at 5)  However, Plaintiff ignores that these documents, which are routinely subject to judicial notice,[1] may be considered on a motion to dismiss, among other reasons, for (i) supporting competing, and more compelling, inferences of nonfraudulent conduct under Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007); or (ii) evaluating whether the one-year statute of limitations under Section 11 has expired.

**Judicially Noticeable Facts Support Competing Inferences Under Tellabs**

Tellabs holds that in assessing whether a plaintiff has alleged a strong inference of scienter, a court must engage in an "inherently comparative" inquiry in which it "must consider plausible, nonculpable explanations for the defendant's conduct." Tellabs, 551 U.S. at 323-24; Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce, 694 F. Supp. 2d 287, 297 n.2 (S.D.N.Y. 2010) (Pauley, J.) (the strength of an inference of scienter "cannot be decided in a vacuum") ("CIBC").  Tellabs explicitly empowers a court to consider

---

[1] Plaintiff challenges publicly available information, including SEC filings of BAC's competitors and its affiliates, news articles, statistics, financial data and complaints.  But these sources are proper for judicial notice.  See, e.g., LC Capital Partners, L.P. v. Frontier Ins. Grp., Inc., 318 F.3d 148, 155 (2d Cir. 2003) (press reports and prior court ruling); In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig., 763 F. Supp. 2d 423, 583 (S.D.N.Y. 2011) (SEC filings of companies other than Bear Stearns); SEC v. Universal Express, Inc., 546 F. Supp. 2d 132, 137 n.7 (S.D.N.Y. 2008) (decline in home prices); Malin v. XL Capital Ltd., 499 F. Supp. 2d 117, 134 (D. Conn. 2007) (citation omitted) (stock exchange data), aff'd, 312 F. App'x 400 (2d Cir. 2009) (see Bongiorno Decl. Ex. CC); Onebeacon Ins. Co. v. Empress Ambulance Serv., Inc., 02 Civ. 2595(WHP), 2003 WL 1857622, at *2 (S.D.N.Y.) Mar. 28, 2003) ("'documents filed in other courts . . . to establish the fact of such litigation'") (alteration in original) (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991)); DeMaria v. Andersen, 153 F. Supp. 2d 300, 303 (S.D.N.Y. 2001) (Pauley, J.) (documents filed with securities regulator), aff'd, 318 F.3d 170 (2d Cir. 2003).  Plaintiff's own case, In re Countrywide Fin. Corp. Sec. Litig., 588 F. Supp. 2d 1132 (C.D. Cal. 2008), took judicial notice of prospectuses filed with the SEC that were issued by Countrywide affiliates "and not Countrywide itself." Id. at 1160.

judicially noticeable facts in this comparative inquiry.  See 551 U.S. at 322; see also CIBC, 694 F. Supp. 2d at 297 n.2 (considering documents "to the limited extent that they inform the competing inference analysis required by [Tellabs]."); In re Radian Sec. Litig., 612 F. Supp. 2d 594, 612 n.18 (E.D. Pa. 2009) ("The inference here offered by the defendants, though it references facts outside the complaint, is drawn from documents of which the Court may take judicial notice."); In re Bausch & Lomb, Inc. Sec. Litig., 592 F. Supp. 2d 323, 339 (W.D.N.Y. 2008) (judicially noticing documents "to show inferences of defendants' non-culpable conduct").

Thus, the SEC filings of BAC's peers (Musoff Decl. Exs. CC, DD) are properly before the Court.  Plaintiff contends that BAC's repurchase reserve policies were reckless because, among other things, they were supposedly inconsistent with BAC's peers' reserve policies. (Compl. ¶ 136(f))  Under Tellabs, the Court should consider that BAC's peers disclosed that reserving for repurchases requires significant judgment and depends on numerous factors and assumptions, which supports the competing inference that any differences between BAC's and its peers' reserves simply reflects different judgments.

Plaintiff responds that the peer SEC filings submitted should be disregarded because they were filed with the Securities and Exchange Commission after the putative Class Period.  (MTS at 1)  But this is a red herring.  Not only do the filings cover part of the Class Period, but the date of the filings does not change the fact that such reserves require the exercise of judgment as disclosed both during and after the Class Period.  See, e.g., Wells Fargo & Co., Quarterly Report (Form 10-Q), at 41 (Aug. 9, 2010) ("Because the level of mortgage loan repurchase losses are dependent on economic factors, investor demand strategies and other external conditions that may change over the life of the underlying loans, the level of the reserve for mortgage loan repurchase losses is difficult to estimate and requires considerable management judgment."), available at https://www.wellsfargo.com/downloads/pdf/ invest_relations/2Q10_10Q.pdf.

Similarly, the prospectus supplements filed by BAC's affiliates in connection with various MBS offerings (Musoff Decl. Exs. K, L) disclosed the use of MERS to register mortgages in MBS trusts. This counters Plaintiff's allegation that BAC's executives fraudulently concealed the use of MERS and "never mentioned MERS in an SEC filing until after the Class Period." (Compl. ¶ 180) In evaluating whether that allegation supports a strong inference of fraud, which it does not, it is appropriate for the Court to consider that BAC's affiliates regularly disclosed the use of, and the risks associated with, MERS in SEC filings.

Likewise, in evaluating whether Defendants fraudulently concealed decisions by Justice Schack critical of MERS (Compl. ¶ 85), the Court may consider the New York Times and Wall Street Journal articles (Musoff Decl. Exs. Q, R) that fully reported these decisions. See Borochoff v. GlaxoSmithKline PLC, No. 07 Civ. 5574(LLS), 2008 WL 2073421, at *8 (S.D.N.Y. 2008) (public information refuted inference that defendants concealed facts with scienter), aff'd sub nom. Avon Pension Fund v. GlaxoSmithKline PLC, 343 F. App'x 671 (2d Cir. 2009). Similarly, the documents disclosing the extent of MERS' membership (see Musoff Decl. Ex. P), and the mortgages registered on the MERS system (id. at Ex. T), render implausible the inference that the BAC's executives knew, but concealed, that MERS was fatally flawed.[2]

Plaintiff argues that Defendants' proposed use of these materials amounts to a "truth on the market" defense (MTS at 3), and that Defendants are "attempting to construct an argument that investors were informed of the facts that Lead Plaintiff alleges were concealed." (Id. at 4) But Plaintiff misses the point on scienter, which has nothing to do with whether the market absorbed the information in these filings and press reports. Rather, they are submitted to support

---

[2] Defendants rely on additional materials that Plaintiff does not challenge. See, e.g., Musoff Decl. Exs. AA (Wall Street Journal article); BB (CNN Money article). By challenging certain materials but not others from similar sources, it is clear that Plaintiff's motivation for this Motion is to have the Court disregard documents that undermine its tenuous narrative of an implausible fraud, rather than any real concern about facts outside of the Complaint.

3

the more cogent and compelling inference that BAC's executives were not engaging in a deliberate scheme to conceal anything when the facts about MERS were disclosed extensively and repeatedly in the press and in BAC's affiliates' filings. It is implausible that Defendants conceived of and attempted to execute a fraud predicated on concealing matters already public.

Finally, Plaintiff moves to strike documents containing statistical information on foreclosures, home prices and employment. (Musoff Decl. Exs. U, V, W, X, Y) These sources are judicially noticeable and support the nonfraudulent inference that BAC's executives were making honest disclosures of known information in the context of the housing and mortgage crisis that Plaintiff acknowledges persisted during the Class Period. (Compl. ¶¶ 80, 160)[3]

### Judicially Noticeable Facts Show Plaintiff's Section 11 Claims Are Untimely

Public information put Plaintiff on notice of the risks it claims were omitted from offering documents more than a year before it filed its Complaint. (See Bongiorno Decl. Exs. A, C, D, E, H, I, J, L, M, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB) "[I]t is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents, in deciding whether so-called 'storm warnings' were adequate to trigger inquiry notice as well as other matters." Staehr v. Hartford Fin. Servs. Grp., 547 F.3d 406, 425 (2d Cir. 2008) (affirming denial of motion to strike).[4]

---

[3] Courts routinely take judicial notice of widespread economic phenomena. See, e.g., First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 770 (2d Cir. 1994) (real estate market downturn); Kramer, 937 F.2d at 773 (junk bond market collapse); Bastian v. Petren Res. Corp., 892 F.2d 680, 685 (7th Cir. 1990) ("the collapse of oil prices in the early 1980s"); Luminent Mortg. Capital, Inc. v. Merrill Lynch & Co., 652 F. Supp. 2d 576, 578 (E.D. Pa. 2009) (mortgage crisis); In re Merrill Lynch & Co. Research Reports Sec. Litig., 289 F. Supp. 2d 416, 421 n.6 (S.D.N.Y. 2003) ("the internet bubble and its subsequent crash").

[4] In Staehr, the Second Circuit reversed the district court's dismissal of a complaint on statute of limitations grounds only because the defendants had not submitted enough materials with its motion to dismiss. See Staehr, 547 F.3d at 432, 435. No similar deficiency is present here in light of the overwhelming facts – from complaints, press reports and SEC filings – which clearly bring Plaintiff's Section 11 claims outside of the applicable limitations period.

Plaintiff's argument that "storm warnings are intensely factual" and should not be resolved on a motion to dismiss (MTS at 4) is undermined by the many cases granting motions to dismiss on statute of limitations grounds in light of judicially-noticed facts.  See, e.g., Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 802 F. Supp. 2d 1125, 1138 (C.D. Cal. 2011) (considering prior Countrywide complaints in dismissing action as untimely); White v. H&R Block, Inc., No. 02 Civ. 8965(MBM), 2004 WL 1698628, at *6 (S.D.N.Y. July 28, 2004) (granting dismissal where prior complaints triggered duty of inquiry outside limitations period).

## CONCLUSION

For the foregoing reasons and those stated in Defendants' February 23, 2012 letter, Plaintiff's Motion should be denied.[5]

Dated:   New York, New York
         March 16, 2012

Respectfully submitted,

|  |  |
|---|---|
| /s/ Jay B. Kasner | /s/ Michael G. Bongiorno |
| Jay B. Kasner (jay.kasner@skadden.com) | Jeffrey B. Rudman (admitted *pro hac vice*) |
| Christopher P. Malloy | (jeffrey.rudman@wilmerhale.com) |
| (christopher.malloy@skadden.com) | Michael G. Bongiorno |
| Scott D. Musoff | (michael.bongiorno@wilmerhale.com) |
| (scott.musoff@skadden.com) | Fraser L. Hunter (fraser.hunter@wilmerhale.com) |
| SKADDEN, ARPS, SLATE, | Keith Bradley (keith.bradley@wilmerhale.com) |
|    MEAGHER & FLOM LLP | David Zetlin-Jones (david.zetlin-jones@wilmerhale.com) |
| Four Times Square | WILMER CUTLER PICKERING |
| New York, New York  10036 |    HALE AND DORR LLP |
| (212) 735-3000 | 399 Park Avenue |
|  | New York, New York  10022 |
| *Attorneys for Defendants Bank of America Corporation, Kenneth D. Lewis, Joe L. Price, II, Brian T. Moynihan, Charles H. Noski and Neil Cotty* | (212) 230-8800 |
|  | *Attorneys for the Underwriter Defendants* |

---

[5] As stated in Defendants' February 23, 2012 letter, Plaintiff's motion to strike is also procedurally improper.  See Nat'l Union Fire Ins. Co. v. Hicks, Muse, Tate & Furst, Inc., No. 02 CIV. 1334(SAS), 2002 WL 1313293, at *7 (S.D.N.Y. June 14, 2002); Sierra v. United States, 97 Civ. 9329(RWS), 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998).