UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PENNSYLVANIA PUBLIC SCHOOL
EMPLOYEES' RETIREMENT SYSTEM,  :
individually and on behalf of all others similarly
situated,                                             :    11 Civ. 733 (WHP)

      Plaintiff,          :    (ECF)

  v.                                          :    Electronically Filed

BANK OF AMERICA CORPORATION, et al.,  :

      Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**BANK OF AMERICA CORPORATION'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OR, IN
THE ALTERNATIVE, TO CERTIFY INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(B)**


SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Jay B. Kasner
Christopher P. Malloy
Scott D. Musoff
Four Times Square
New York, NY 10036
(212) 735-3000

Attorneys for Defendant
 Bank of America Corporation

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 3

I.   THE COURT SHOULD ADDRESS THE MERITS OF THE MOTION
     FOR RECONSIDERATION ....................................................................................... 3

     A.   The Motion for Reconsideration Was Not Mooted by the Filing of
          an Amended Complaint ...................................................................................... 3

     B.   The Motion for Reconsideration Does Not Reassert Previously
          Rejected Arguments ............................................................................................ 5

II.  PLAINTIFF'S "COLLECTIVE SCIENTER" ARGUMENT CONFLICTS
     WITH CONTROLLING AUTHORITY ..................................................................... 5

III. PLAINTIFF IGNORES JANUS' RULE OF ATTRIBUTION ................................... 7

IV.  THE COMPLAINT DOES NOT ALLEGE CORPORATE SCIENTER
     UNDER THE CORRECT CORPORATE SCIENTER STANDARD ........................ 7

V.   ALTERNATIVELY, INTERLOCUTORY APPEAL IS APPROPRIATE ................. 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

In re Citigroup Inc. Securities Litigation,
    753 F. Supp. 2d 206 (S.D.N.Y. 2010)..........................................................................6

City of Pontiac General Employees' Retirement System v.
Lockheed Martin Corp.,
    No. 11 Civ. 5026 JSR, 2012 WL 2866425 (S.D.N.Y. July 13, 2012) ..........................7

DeMaio v. Kelly,
    No. 95 Civ. 0329E(H), 1996 WL 685729 (W.D.N.Y. Nov. 22, 1996)..........................3

Defer LP v. Raymond James Finance, Inc.,
    654 F. Supp. 2d 204 (S.D.N.Y. 2009)..........................................................................7

DiLaura v. Power Authority of State of New York,
    982 F.2d 73 (2d Cir. 1992)............................................................................................3

In re Duplan Corp.,
    591 F.2d 139 (2d Cir. 1978)..........................................................................................9

Federal Housing Finance Agency v. UBS Americas, Inc.,
    No. 11 Civ. 5201(DLC), 2012 WL 1570856 (S.D.N.Y. June 19, 2012) .......................9

Gambale v. Deutsche Bank AG,
    No. 02 Civ.4791 HB, 2003 WL 21511851 (S.D.N.Y. July 2, 2003)........................1, 3

In re Goldman Sachs Mortgage Servicing Shareholder Derivative Litigation,
    No. 11 Civ. 454 (WHP), 2012 WL 3293506 (S.D.N.Y. Aug. 14, 2012).......................8

Janus Capital Group, Inc. v. First Derivative Traders,
    131 S. Ct. 2296 (2011)...................................................................................................2

Kerr v. Exobox Tech. Corp.,
    No. H-10-4221, 2012 WL 201872 (S.D. Tex. Jan. 23, 2012).......................................7

Lindner v. American Express Co.,
    No. 10 Civ. 2228(JSR)(JLC), 2011 WL 2581745 (S.D.N.Y. June 27, 2011) ...............9

In re Marsh & McLennan Companies, Inc. Securities Litigation,
    501 F. Supp. 2d 452 (S.D.N.Y. 2006)..........................................................................6

In re MBIA, Inc., Securities Litigation,
    700 F. Supp. 2d 566 (S.D.N.Y. 2010) .............................................................................. 6-7

Meserole v. Sony Corp. of America,
    Cv. 8987(RPP), 2009 WL 2001451 (S.D.N.Y. July 9, 2009) ............................................. 4

Mintz v. Baron,
    No. 05 Civ. 4904(LTS)(HBP), 2009 WL 735140
    (S.D.N.Y. Mar. 20, 2009) ................................................................................................ 1, 4

In re Moody's Corp. Securities Litigation,
    599 F. Supp. 2d 493 (S.D.N.Y. 2009) .................................................................................. 7

Pennsylvania Public School Employees' Retirement System v.
Bank of America Corp.,
    No. 11 Civ. 733 (WHP), 2012 WL 2847732 (S.D.N.Y. July 11, 2012) ............. 1, 2, 5, 8

In re PXRE Group, Ltd. Securities Litigation,
    600 F. Supp. 2d 510 (S.D.N.Y. March 4. 2009) ................................................................. 7

Richman v. Goldman Sachs Group,
    10 Civ. 3461 (PAC), 2012 WL 2362539 (S.D.N.Y. June 21, 2012) ............................... 6, 7

Solow v. Citigroup, Inc.,
    827 F. Supp. 2d 280 (S.D.N.Y. 2011) .................................................................................. 6

Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.,
    531 F.3d 190 (2d Cir. 2008) ........................................................................................ 2, 5, 6

United States v. Josleyn,
    206 F.3d 144 (1st Cir. 2000) ................................................................................................ 8

In re Vivendi Universal, S.A. Sec. Litig.,
    765 F. Supp. 2d 512 (S.D.N.Y. 2011) .................................................................................. 7

In re Worldcom, Inc. Sec. Litig,
    352 F. Supp. 2d 472 (S.D.N.Y. 2005) .................................................................................. 6

**STATUTE**                                                                                       **PAGES**

28 U.S.C. § 1292(b) ................................................................................................... 1, 3, 10

## PRELIMINARY STATEMENT

Plaintiff seeks to avoid the merits of Bank of America Corporation's ("BAC") Memorandum of Law in Support of its Motion for Reconsideration or, in the Alternative, to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Opening Brief" or "BAC Br.") regarding this Court's July 11, 2012 Memorandum & Order,[1] and instead argues that (i) the motion is purportedly "mooted" by the filing of an amended complaint ("Amended Complaint") and (ii) BAC's arguments were supposedly raised and rejected in prior briefing on BAC's motion to dismiss.[2] As explained below, neither of these arguments withstands scrutiny.

In tacit recognition of the strength of BAC's motion, Plaintiff has responded to it by filing an amended complaint purportedly "with more extensive scienter allegations against both BAC and the individual defendants," (Plaintiff's Opposition Brief ("Pl. Opp. Br." at 2)) even though the Opinion granted leave to amend as to the individual defendants only. Based on these additional allegations of scienter against BAC, Plaintiff contends the motion for reconsideration is now moot. But the motion is not moot, which would mean it has become a "nullity." See Gambale v. Deutsche Bank AG, No. 02 Civ. 4791 HB, 2003 WL 21511851, at *4 (S.D.N.Y. July 2, 2003), aff'd and remanded, 377 F.3d 133 (2d Cir. 2004). The only way that the motion would become a "nullity" would be if the Court hears the arguments raised on the motion for reconsideration in connection with a motion to dismiss by BAC (along with the Individual Defendants). Indeed, this is what Judge Swain did in Mintz v. Baron, No. 05 Civ. 4904(LTS)(HBP), 2009 WL 735140, at *1 (S.D.N.Y. Mar. 20, 2009) (combining such motions), which is relied upon

---

[1] See Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp., No. 11 Civ. 733 (WHP), 2012 WL 2847732 (S.D.N.Y. July 11, 2012) (to be published in F. Supp. 2d) (the "Opinion").

[2] Undefined capitalized terms are defined in BAC's Opening Brief.

by Plaintiff in support of its mootness argument.[3] (Pl. Opp. Br. at 3.) BAC therefore respectfully requests that the Court follow the same approach that Judge Swain used in Mintz and consider the motion for reconsideration in conjunction with the soon-to-be-filed motion to dismiss the amended complaint.

It is equally without merit to suggest that BAC's arguments on this motion for reconsideration were previously raised and rejected. Some of the cases cited in support of this motion were cited in the earlier briefs, but for different propositions. Indeed, the Court expressly raised the corporate scienter issue sua sponte. (See Opinion at *18.)

As to the merits, Plaintiff opposes reconsideration by setting up a "straw man" argument. BAC never argued that a Plaintiff was required to name the specific individuals who allegedly acted with intent; rather, the Second Circuit requires intent to be pleaded as to a corporate employee (named or unnamed) who was responsible for making the alleged misstatements. See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190, 194-95 (2d Cir. 2008). The holding in Dynex was reinforced by the reasoning of Janus Capital Group, Inc. v. First Derivative Traders, 131 S. Ct. 2296 (2011). This limitation on employee imputation makes sense from a policy perspective as not all alleged corporate wrongdoing translates into an intent to commit securities fraud. In other words, just because alleged misconduct by some corporate employees can be imputed to the corporation for certain purposes does not mean their knowledge should be imputed for purposes of an alleged intent to deceive investors.

Alternatively, to the extent that the Court finds the law of corporate scienter unsettled in this Circuit, BAC respectfully submits the Court should certify an

---

[3] This motion for reconsideration retains significance because Plaintiff may argue that the Court's holding as to corporate scienter is "law of the case" in any subsequent motion practice. Thus, while BAC intends to move to dismiss the Amended Complaint, absent an order granting reconsideration, the outcome of that motion could be significantly affected by the Court's prior holding on corporate scienter.

2

interlocutory appeal under 28 U.S.C. § 1292(b) so that the Second Circuit can settle this important issue, which would also materially advance the resolution of this action.

## ARGUMENT

### I. THE COURT SHOULD ADDRESS THE MERITS OF THE MOTION FOR RECONSIDERATION

Plaintiff argues that the Court need not address the merits of BAC's motion for reconsideration because (i) the motion is purportedly "mooted" by the amended complaint and (ii) BAC's arguments were supposedly raised and rejected in the prior briefing. As explained below, neither of these arguments has merit.

#### A. The Motion for Reconsideration Was Not Mooted by the Filing of an Amended Complaint

Plaintiff asserts that the Court "need not address the merits of the reconsideration motion" because Plaintiff's filing of an amended complaint purportedly renders the motion moot. (Pl. Opp. Br. at 2-4.) This assertion is based on a misunderstanding of the concept of mootness.

The motion for reconsideration can only be moot if it now has "'no practical significance'" and can be "treated as a nullity, as though no motion was ever filed." Gambale v. Deutsche Bank AG, 2003 WL 21511851, at *4 (quoting BLACKS LAW DICTIONARY 422 (pocket ed. 1996)); see also DeMaio v. Kelly, No. 95 Civ. 0329E(H), 1996 WL 685729, at *1 (W.D.N.Y. Nov. 22, 1996) (denying plaintiff's motion for reconsideration of dismissed claims because the issues raised in the motion had "no practical significance and [were] moot" after the filing of an amended complaint) (emphasis added).

Here, BAC's motion is not moot because it has legitimate concerns that the legal issue regarding collective scienter decided by the Court on the previous motion to dismiss may now be "law of the case" and binding on the parties in the context of a motion to dismiss the amended complaint. See DiLaura v. Power Auth. of State of N.Y., 982 F.2d 73, 76 (2d Cir. 1992) ("The law of the case doctrine 'posits that when a court

3

decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (citation omitted).

In order for BAC's motion for reconsideration to be truly moot, i.e, "a nullity," the Court would have to grant BAC the opportunity to move to dismiss the amended complaint and argue the corporate scienter issues de novo. Judge Swain took this approach in Mintz v. Baron, 2009 WL 735140, at *1, a case cited by Plaintiff. (See Pl. Opp. Br. at 3.)[4] In Mintz, after the defendants' motion to dismiss the action was denied in part, the defendants moved for reconsideration while the plaintiffs filed an amended complaint. The Court combined the motion for reconsideration with the motion to dismiss, but also stated that the amended complaint "moot[ed] reconsideration of the first motion to dismiss . . . because the motion for reconsideration raise[d] arguments relevant and similar to those in the motion to dismiss the Amended Complaint." Id. Notably, Judge Swain allowed the defendants to reargue the legal points that had been decided against them on the previous motion to dismiss and ultimately dismissed the amended complaint in its entirety.

BAC submits that the approach taken in Mintz – addressing the motion for reconsideration together with a motion to dismiss – is fair and efficient; provided that the parties are free to argue the corporate scienter issue without the interference of any law of the case restrictions. In the alternative, the Court could grant the motion for

---

[4] The other case Plaintiff cites from this Court – Meserole v. Sony Corporation of America – is inapposite. In Meserole, the Court denied the plaintiffs' motion for reconsideration as moot after those plaintiffs filed an amended complaint. Significantly, the Court also noted that "[t]o the extent that any of the legal issues raised by the parties in their memoranda of law related to the motion for reconsideration arise in connection with Defendants' motion to dismiss the Second Amended Complaint, the parties are free to incorporate such arguments into their briefs in support or opposition to the motion." Meserole, No. 08 Cv. 8987(RPP), 2009 WL 2001451, at *1 (S.D.N.Y. July 9, 2009).

4

reconsideration now. The parties would then brief the motion to dismiss based on the legal standard for corporate scienter set forth in this motion.

### B. The Motion for Reconsideration Does Not Reassert Previously Rejected Arguments

Plaintiff also baselessly contends that BAC's corporate scienter argument was previously presented to, and rejected by, the Court. (Pl. Opp. Br. at 4-6.) On the contrary, the Opinion expressly states that the parties did not brief whether the corporation could have scienter absent an individual defendant also having scienter. (See Opinion at *18.)[5] As Plaintiff did not pursue this theory, BAC did not address it.

## II. PLAINTIFF'S "COLLECTIVE SCIENTER" ARGUMENT CONFLICTS WITH CONTROLLING AUTHORITY

BAC moved for reconsideration because, it respectfully submits, the Opinion erroneously "failed to require Plaintiff to plead with particularity that all persons whose knowledge Plaintiff sought to impute to the Company were responsible for making the alleged misstatements described in the Complaint." (BAC Br. at 2.) Among other things, BAC grounds this argument directly in the language of Dynex, the controlling Second Circuit decision on point. See Dynex, 531 F.3d at 197 (holding that person whose scienter is attributable to corporation must be "responsible for the statements made to investors") (emphasis added).

In response, Plaintiff offers both a "straw man" argument and a legal standard that conflicts with Dynex. For its "straw man" argument, Plaintiff asserts "that a complaint may properly allege the scienter of a corporate defendant independent of the scienter of any individual defendant." (Pl. Opp. Br. at 7.) BAC does not dispute this

---

[5] Plaintiff disingenuously points out that BAC cited Dynex and Janus in its briefs on the motion to dismiss. Those cases were not cited in support of corporate scienter arguments. (See Docket #113 at 18, 24 (citing Dynex for the proposition that Plaintiff had to allege that the Executive Defendants knew facts contradicting their public statements); Docket #138 at p. 5, FN 6 (citing Janus for the proposition that the continued viability of the group pleading doctrine was now an open question).)

assertion. But the complaint must still allege with particularity facts that give rise to a "strong inference" that at least one corporate agent (whether an individual defendant or not) who was "responsible for the statements made to investors" acted with scienter. See Dynex, 531 F.3d at 195 ("When the defendant is a corporate entity, this means that the pleaded facts must create a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter."). Plaintiff did not plead facts to meet this standard. (See BAC Br. at 15-18.)

Plaintiff also opposes reconsideration by invoking a "collective scienter" standard that cannot be reconciled with Dynex. Citing pre-Dynex case law, Plaintiff contends that "plaintiffs in securities fraud cases need not prove that any one individual employee of a corporate defendant acted with scienter. Proof of a corporation's collective knowledge and intent is sufficient." (Pl. Opp. Br. at 8 (quoting In re WorldCom, Inc. Sec. Litig., 352 F. Supp. 2d 472, 497 (S.D.N.Y. 2005)).)[6] This "collective scienter" theory was rejected by the Second Circuit in Dynex, which held: "To prove liability against a corporation, of course, a plaintiff must prove that an agent of the corporation committed a culpable act with the requisite scienter, and that the act (and accompanying mental state) are attributable to the corporation." 531 F.3d at 195.

Notably, the post-Dynex cases cited by Plaintiff do not endorse a collective scienter theory. See In re Citigroup Inc. Sec. Litig., 753 F. Supp. 2d 206, 233, 236-38 (S.D.N.Y. 2010) (holding scienter pleaded against executive defendants and therefore corporation as well); Richman v. Goldman Sachs Grp., No. 10 Civ. 3461(PAC), 2012 WL 2362539, at *12 n.10 (S.D.N.Y. June 21, 2012) (imputing scienter of head of mortgage department to corporation for statements made by that executive).[7] Indeed,

---

[6] Plaintiff also relies heavily on another pre-Dynex collective scienter case, In re Marsh & McLennan Companies Securities Litigation, 501 F. Supp. 2d 452, 478 (S.D.N.Y. 2006).

[7] See also Solow v. Citigroup, Inc., 827 F. Supp. 2d 280, 290-91 (S.D.N.Y. 2011) (employee/speaker acted with scienter); In re MBIA, Inc., Sec. Litig., 700 F. Supp. 2d
*(cont'd)*

6

Richman aptly summarizes post-Dynex Second Circuit law as follows: "'When the defendant is a corporate entity, the law imputes the state of mind of the employees or agents who made the statement(s) to the corporation.'" Id. (quoting In re Vivendi Universal, S.A. Sec. Litig., 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011) (citing Dynex, 531 F.3d at 195)).

### III. PLAINTIFF IGNORES JANUS' RULE OF ATTRIBUTION

Regarding Janus, Plaintiff asserts that it "did not deal with scienter at all." (Pl. Opp. Br. at 11.) Plaintiff ignores BAC's argument, which is that Janus' focus on the authority and responsibility for making a statement in the corporate setting reinforces the responsibility-based scienter standard that the Second Circuit adopted in Dynex. (See BAC Br. at 9-10.)[8]

### IV. THE COMPLAINT DOES NOT ALLEGE CORPORATE SCIENTER UNDER THE CORRECT CORPORATE SCIENTER STANDARD

As explained in the Opening Brief, none of the allegations from the Complaint cited in the Opinion as pleading corporate scienter involved any individuals allegedly responsible for making any purported false statement. (BAC Br. at 15-18.)

---

*(cont'd from previous page)*
566, 591-92 (S.D.N.Y. 2010) (same); Defer LP v. Raymond James Fin., Inc., 654 F. Supp. 2d 204, 212 (S.D.N.Y. 2009) (same); In re Moody's Corp. Sec. Litig., 599 F. Supp. 2d 493, 514-16 (S.D.N.Y. 2009) (same).

Plaintiffs also fail to distinguish In re PXRE Group, Ltd. Securities Litigation, 600 F. Supp. 2d 510 (S.D.N.Y. March 4, 2009), in which Judge Sullivan held that a chief actuary's alleged scienter could not be imputed to the company, noting that he did not sign any misleading statements. Plaintiff points only to the court's alternative holding, which noted that even if the actuary's mental state could be imputed, the outcome would be the same because plaintiff also failed to allege scienter against the actuary.

[8] The cases discussing Janus cited by Plaintiff have no relevance to the instant motion. See City of Pontiac Gen. Emps. Ret. Sys. v. Lockheed Martin Corp., No. 11 Civ. 5026 JSR, 2012 WL 2866425, at *9-12, 15 (S.D.N.Y. July 13, 2012)(discussing group pleading after Janus); Kerr v. Exobox Techs. Corp., No. H-10-4221, 2012 WL 201872, at *10, 12, 14 (S.D. Tex. Jan. 23, 2012)(analyzing an individual defendant's scienter).

7

Plaintiff's Opposition Brief largely misses this point except that it contends that knowledge of outside counsel can be attributed to the corporation, citing United States v. Josleyn, 206 F.3d 144, 156-59 (1st Cir. 2000). In Josleyn, a racketeering case, not a securities case, the "outside" counsel was so closely involved with the company that he was tantamount to in-house counsel and he was on the board of directors. See id. In any event, Josleyn merely applies the general agency standard that imputes the knowledge of an agent to the corporation where he had the authority to act for the corporation and was acting for the corporation. See id. Those traditional agency principles applied in Josleyn are inconsistent with Plaintiff's "collective scienter" theory. (See BAC Br. at 10.)[9]

In addition, Plaintiff asserts that unnamed BAC executives "must have known" that their statements were false because of the "extensive and pervasive nature" of the alleged MERS problems, but this assertion conflicts with the Court's conclusion that this case does not involve "tidal waves" of fraud. (Opinion at *18.) Indeed, this Court's conclusion regarding Bank of America is echoed in a recent decision dismissing claims against directors and officers of Goldman Sachs & Co. based on allegations that they ignored risks of troubled loans that resulted in repurchase disputes. See In re Goldman Sachs Mortgage Servicing Shareholder Deriv. Litig., No. 11 Civ. 454 (WHP), 2012 WL 3293506, at *7 (S.D.N.Y. Aug. 14, 2012). In that case, the court held that the plaintiffs failed adequately to allege that "Goldman knew that loans underlying the RMBS it sold were troubled" because those loans "comprised only a small percentage of Goldman's revenue." Id. Similarly here, BAC's revenue from its mortgage servicing operations represented only about 3% of BAC's 2009 revenue. (See Docket #113 at 4.)

---

[9] In any event, the letter from outside counsel merely shows that the value of many loans declined over time, not that there were problems with those loans from the outset. (See BAC Br. at 16-17 n.7.) As the letter is incorporated by reference into the Amended Complaint, BAC will submit it to the Court in connection with the upcoming motions to dismiss.

8

## V.  ALTERNATIVELY, INTERLOCUTORY APPEAL IS APPROPRIATE

Plaintiff opposes certification for interlocutory appeal on the grounds that the corporate scienter ruling is purportedly not a controlling issue of law and will not materially advance the litigation because that ruling is supposedly moot. As explained above, the corporate scienter ruling is not moot because Plaintiff may argue that it is the "law of the case" for all future motion practice in this Court. Furthermore, as explained in the Opening Brief, a decision clarifying the legal standard for corporate scienter could potentially end this litigation outright or, at the very least, "'may importantly affect the conduct of the action.'" Fed. Hous. Fin. Agency v. UBS Americas, Inc., No. 11 Civ. 5201 (DLC), 2012 WL 1570856, at *27 (S.D.N.Y. June 19, 2012) (Cote, J.) (quoting In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978)), certification granted, 12-3207 (Aug. 14, 2012).

In addition, to the extent the Court disagrees with BAC's position on the corporate scienter issue, there is at least a substantial ground for difference of opinion regarding the law of the Second Circuit on this issue. Certifying an interlocutory appeal will allow for a clarification of this important pleading standard. (See BAC Br. at 20-21.)[10]

---

[10] Finally, Plaintiff's alternative request that the Court also certify the dismissal of Plaintiff's claims under Section 11 and 15 of the Securities Act for interlocutory review is procedurally improper. Plaintiff has not filed a motion for such relief, so there is no need for the Court to consider the request. See Lindner v. Am. Express Co., No. 10 Civ. 2228(JSR)(JLC), 2011 WL 2581745, at *9 (S.D.N.Y. June 27, 2011) (refusing to consider arguments raised for the first time in opposition to defendant's motion). It is especially important to require Plaintiff to file its own motion here because the other defendants who would be affected by the relief sought by Plaintiff are not even parties to this motion.

## CONCLUSION

For the reasons set forth above, BAC respectfully requests that its motion for reconsideration be granted and the claims against BAC dismissed or, alternatively, that the Court certify its order denying BAC's motion to dismiss for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated:  New York, New York
        August 23, 2012

                              Respectfully submitted,

                              /s/ Jay B. Kasner
                              Jay B. Kasner (jay.kasner@skadden.com)
                              Christopher P. Malloy (christopher.malloy@skadden.com)
                              Scott D. Musoff (scott.musoff@skadden.com)
                              SKADDEN, ARPS, SLATE,
                                MEAGHER & FLOM LLP
                              Four Times Square
                              New York, New York  10036
                              (212) 735-3000

                              *Attorneys for Defendant*
                              *Bank of America Corporation*