UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PENNSYLVANIA PUBLIC SCHOOL         :
EMPLOYEES' RETIREMENT SYSTEM,
individually and on behalf of all others similarly :
situated,
                                   :
                                        11 Civ. 733 (WHP)
            Plaintiff,
                                   :    MEMORANDUM & ORDER
    -against-
                                   :
BANK OF AMERICA CORPORATION, et al.,
                                   :
            Defendants.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/12

WILLIAM H. PAULEY III, District Judge:

   Lead Plaintiff Pennsylvania Public School Employees' Retirement System ("Plaintiff") brings this putative securities class action lawsuit against Bank of America Corporation ("BoA"), current and past officers and directors of BoA, twenty-seven underwriters, and PricewaterhouseCoopers LLP. By Memorandum & Order dated July 11, 2012 (the "July 2012 Memorandum & Order"), this Court dismissed all defendants except BoA from this action and granted Plaintiff leave to replead its claims against the current and past officers and directors. BoA moves for reconsideration, or, in the alternative, to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the following reasons, BoA's motion is denied.

## BACKGROUND

   This Court's July 2012 Memorandum & Order sets forth the allegations underlying this action. See Pa. Public Sch. Emps' Ret. Sys. v. Bank of Am. Corp., --- F. Supp. 2d ----, No. 11 Civ. 733 (WHP), 2012 WL 2847732, at *1-4 (S.D.N.Y. July 11, 2012). On

-1-

August 13, 2012, Plaintiff filed its Amended Consolidated Class Action Complaint ("Amended Complaint"). By letter dated August 23, 2012, BoA requested a pre-motion conference in contemplation of a motion to dismiss the Amended Complaint. (ECF No.166).

DISCUSSION

I. Reconsideration

As a preliminary matter, the parties dispute whether Plaintiff's Amended Complaint moots BoA's motion for reconsideration. See e.g., Meserole v. Sony Corp. of Am., 08 Civ. 8987 (RPP), 2009 WL 2001451, at *1 (S.D.N.Y. July 8, 2009); Mintz v. Baron, No. 05 Civ. 4904 (LTS), 2009 WL 735140, at *1 (S.D.N.Y. Mar. 20, 2009). This Court need not decide that issue, because even assuming the motion is not moot, it nonetheless fails on its merits.

"A motion for reconsideration under Local Rule 6.3 will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Panchishak v. U.S. Dep't of Homeland Sec., No. 08 Civ. 6448 (WHP), 2010 WL 4780775, at *1 (S.D.N.Y. Nov. 22, 2010) (internal quotation marks omitted) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)), aff'd, 446 F. App'x 361 (2d Cir. 2011). "It is implicit in this language that a motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been considered." Koehler v. Bank of Bermuda Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005); see also Panchishak, 2010 WL 4780775, at *1. "Reconsideration is not an invitation for parties to 'treat the court's initial decision as the

opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" Panchishak, 2010 WL 4780775, at *1 (quoting De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." Robbins v. H.H. Brown Shoe Co., Inc., No. 08 Civ. 6885 (WHP), 2009 WL 2496024, at *1 (S.D.N.Y. July 22, 2009) (internal quotation marks omitted); see also Colodney v. Continuum Health Partners, Inc., No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004).

BoA argues that the Court mistakenly found that Plaintiff adequately alleged corporate scienter. To allege that a corporate entity acted with scienter, a plaintiff must plead facts that "create a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter." Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190, 195 (2d Cir. 2008). "[T]he most straightforward way to raise such an inference for a corporate defendant will be to plead it for an individual defendant." Dynex, 531 F.3d at 195. "But it is possible to raise the required inference with regard to a corporate defendant without doing so with regard to a specific individual defendant." Dynex, 531 F.3d at 195. This Court concluded that Plaintiff alleged sufficient facts to plead that BoA acted with scienter, although Plaintiff failed to allege scienter as to any specific individual defendant. Dynex, 531 F.3d at 195. BoA claims that in coming to this conclusion, this Court overlooked Dynex and Janus Capital Group, Inc. v. First Derivative Traders, 131 S. Ct. 2296 (2011). Specifically, BoA contends that Dynex and Janus impose an additional requirement that the Court ignored: that an individual whose scienter is imputed to BoA must also be the "maker"

of the false or misleading statement at issue. According to BoA, this Court erred because Plaintiff fails to allege that anyone whose scienter is imputed to BoA also made misstatements or omissions.

        This Court relied on Dynex in its July 2012 Memorandum & Order and did not overlook it. See Pa. Pub. Sch. Emps.' Ret. Sys., 2012 WL 2847732, at *8-9. To the extent that BoA argues that this Court misconstrued Dynex, BoA advances new arguments that "cannot be said to have been considered." Koehler, 2005 WL 1119371, at *1. Indeed, BoA acknowledges that it did not previously address the corporate scienter issue. But BoA cannot use this motion as a vehicle to advance new theories, and its argument concerning Dynex is unavailing. See Panchishak, 2010 WL 4780775, at *1; see also Koehler, 2005 WL 1119371, at *1.

        Moreover, BoA's cramped reading of Dynex eviscerates that holding, which does not require a plaintiff to identify a specific individual within a corporation who acted with scienter. Dynex, 531 F.3d at 195 ("It is possible to draw a strong inference of corporate scienter without being able to name the individuals who concocted and disseminated the fraud." (internal alterations and quotation marks omitted)).

        BoA's contention that this Court overlooked the effect of Janus on Dynex also fails. BoA claims that Janus reinforces its reading of Dynex that Plaintiff must plead that the individual whose knowledge is imputed to BoA also made the statements at issue. But Janus does not concern corporate scienter. Rather, Janus addresses what it means to "make" a statement for purposes section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. See Janus, 131 S. Ct. at 2306. And there is no dispute that BoA, through its various public filings, "made" the statements and omissions at issue in this action. In

any event, BoA's attempt to spin Janus into controlling authority also represents a new argument that is inappropriate to support its motion for reconsideration.

Finally, BoA attacks three factual bases that the Court relied on in finding that Plaintiffs had alleged scienter: (1) that a BoA vice president and assistant vice president robo-signed affidavits and other documents (Consolidated Class Action Complaint ("Compl.") ¶ 83); (2) that senior managers knew of significant discrepancies between computer generated and hand calculated amortization schedules (Compl. ¶ 120); and (3) counsel for BoA sent a letter to the FCIC discussing a great decline in the value of subprime mortgages (the "FCIC letter") (Compl. ¶ 101). As to the first two factual bases, BoA relies on its revised interpretation of Dynex and Janus. Specifically, BoA asserts that Plaintiff did not plead that the vice president, assistant vice president, and senior managers made any material misstatements or omissions. Because the legal arguments undergirding this criticism are new, BoA's motion for reconsideration on those grounds is denied in this regard.

As for BoA's critique of this Court's reliance on the FCIC letter, BoA notes that this Court stated incorrectly that BoA's "general counsel" sent the letter, when in fact BoA's outside counsel sent it. However, that misstatement is inconsequential because it is reasonable to infer that someone in BoA's management authorized the FCIC letter. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998) (drawing all inferences in favor of plaintiff on motion to dismiss). Moreover, all "of the facts alleged, taken collectively, give rise to a strong inference of scienter" on the part of BoA. Tellabs Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007). Accordingly, BoA's motion for reconsideration on this ground is denied as well.

II. Interlocutory Appeal

A court may certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). "Such an appeal is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation, and is not intended as a vehicle to provide early review of difficult rulings in hard cases." Mills v. Everest Reins. Co., 771 F. Supp. 2d 270, 272 (S.D.N.Y. 2009) (internal quotation marks omitted). "The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion." Mills, 771 F. Supp. 2d at 272.

BoA's motion to certify an interlocutory appeal is denied because there is no substantial ground for a difference of opinion. None of the cases on which BoA relies impose the requirement that BoA urges this Court to adopt—that an individual whose knowledge is imputed to the corporation must also "make" the material misstatement or omission at issue. See e.g., In re PXRE Grp. Ltd. Sec. Litig., 600 F. Supp. 2d 510, 529 n.22, 537 (S.D.N.Y. 2009) (declining to impute knowledge of corporation's actuary to corporation); Defer LP v. Raymon James Fin. Inc., 654 F. Supp. 2d 204, 212-13 (S.D.N.Y. 2009) (dismissing complaint when plaintiff could not attribute false statements to any defendant). For example, in In re MBIA, Inc., Securities Litigation, 700 F. Supp. 2d 566, 591-92 (S.D.N.Y. 2010), it so happened that the

officers whose knowledge was imputed to the corporation also made material misstatements. However, Judge Karas does not assert that this relationship is necessary to establish scienter.

Moreover, courts in this jurisdiction consistently interpret Dynex in the same manner as this Court. See Solow v. Citigroup, Inc., 827 F. Supp. 2d 280, 291 (S.D.N.Y. 2011) (noting that plaintiff "need not identify specifically the individuals at Citigroup who acted with scienter in order to plead scienter with respect to Citigroup"); Defer, 654 F. Supp. 2d at 212 (where corporate scienter is concerned, there is no requirement "that the same individual who made an alleged misstatement on behalf of a corporation personally possess the requisite scienter"); In re Moody's Corp. Sec. Litig., 599 F. Supp. 2d 493, 516 (S.D.N.Y. 2009) (when imputing misstatements and scienter to a corporation, "the individual making an alleged misstatement and the one with scienter do not have to be one and the same"). Accordingly, BoA's motion to certify the July 2012 Memorandum & Order for an interlocutory appeal is denied.[1]

---

[1] Plaintiff requests that if this Court certifies an interlocutory appeal on the issue of corporate scienter, that it also certify an interlocutory appeal of its dismissal of Plaintiff's claims under Section 11 and Section 15 of the Securities Act of 1933. Plaintiff asserts this request only in its papers opposing BoA's motion. This Court denies Plaintiff's application for failure to comply with its Individual Practices.

CONCLUSION

For the foregoing reasons, Defendant Bank of America's motion for reconsideration is denied. Defendant Bank of America's motion to certify an interlocutory appeal is also denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 151.

Dated: August 28, 2012
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Mark Robert Rosen
Barrack, Rodos & Bacine
3300 Two Commerce Square, 2001 Market Street
Philadelphia, PA 19103
*Lead Counsel for Plaintiff*

Jay B. Kasner
Skadden, Arps, Slate, Meagher & Flom LLP (NYC)
Four Times Square
42nd floor
New York, NY 10036
*Counsel for Bank of America*