UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PENNSYLVANIA PUBLIC SCHOOL
EMPLOYEES' RETIREMENT SYSTEM,     :
individually and on behalf of all others
similarly situated,     :     11 Civ. 733 (WHP)

                  Plaintiff,     :     **ECF Case**

          v.     :     **Electronically Filed**

BANK OF AMERICA CORPORATION, et     :
al.,

                   :

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER ON BEHALF OF DEFENDANT
## BANK OF AMERICA CORPORATION

       Defendant Bank of America Corporation ("BAC"), through its

undersigned counsel, hereby avers as an answer to the Amended Consolidated Class

Action Complaint, as follows:[1]

       1.      Denied.

       2.      The allegations contained in paragraph 2, which purport to describe

certain industry customs or practices without alleging facts specific to BAC, are denied.

It is further denied that these allegations completely and accurately depict such industry

---

[1]    Undefined capitalized terms are defined in Lead Plaintiff's Amended Consolidated
Class Action Complaint.  In addition, BAC denies all allegations in the table of
contents, headings and footnotes of the Amended Consolidated Class Action
Complaint.

customs or BAC's practices. In addition, to the extent that the allegations state legal conclusions, no response is required.

3.      The allegations contained in paragraph 3, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices. In addition, to the extent that the allegations state legal conclusions, no response is required.

4.       The allegations contained in paragraph 4, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

5.      The allegations in paragraph 5, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

6.      The allegations in paragraph 6, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices, except admitted that Mortgage Electronic Registration Systems, Inc., is a subsidiary of MERSCORP, Inc. and that MERS is an electronic database used by subsidiaries of BAC.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denies the allegations in paragraph 11 and respectfully refers the Court to the agreements regarding mortgage-backed securities ("MBS") referenced in paragraph 11 for a complete and accurate description of the terms of those agreements, except admits that certain BAC subsidiaries were in the business of lending money for residential real estate or selling MBS to investors.

12.     Denies the allegations in paragraph 12, respectfully refers the Court to BAC's public statements regarding its business and to the publicly reported trading prices of BAC common stock or Common Equivalent Securities and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purchases of BAC common stock or Common Equivalent Securities.

13.     Denied.

14.     Denied.

15.     Denies the allegations in paragraph 15 except admits that BAC raised capital in a securities offering in connection with its repayment of TARP funds.

16.     Denies the allegations in paragraph 16 and respectfully refers the Court to the Prospectus and Supplemental Prospectus regarding the Common Equivalent Securities filed with the SEC for a complete and accurate description of those securities.

17.     Denied, except admitted that BAC completed the offering of Common Equivalent Securities on December 9, 2009, and BAC respectfully refers the Court to the

February 23, 2010 announcement for a complete and accurate description of the contents thereof.

18.     Denied.

19.     Denies the allegations in paragraph 19 and denies knowledge or information sufficient to form a belief as to what purchasers of MBS relied upon in making their purchases, except admits that certain purchasers of MBS have made repurchase demands.

20.     Denied.

21.     Denied, except admitted that BAC shareholders approved an amendment to BAC's certificate of incorporation increasing the number of shares of BAC common stock authorized for issuance, and BAC respectfully refers the Court to the January 20, 2010 earnings conference call for a complete and accurate description of the contents thereof.

22.     Denied, and BAC respectfully refers the Court to the judicial opinion referenced in paragraph 22 for a complete and accurate description of their contents.

23.     BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

24.     Denied, except admitted that BAC announced that it would suspend foreclosures in 23 states on October 1, 2010, and extended that suspension to all 50 states.

25.     Denied, and BAC respectfully refers the Court to the October 13, 2010 announcement of the attorneys general for a complete and accurate description of the contents thereof.

26.     Denied, and BAC respectfully refers the Court to the October 18, 2010 letter and BAC's October 19, 2010 disclosure for a complete and accurate description of the contents thereof.

27.     Denied, except admitted that Lead Plaintiff's lawsuit purports to seek compensation for investors in BAC common stock.

28.     Denied, except admitted that Lead Plaintiff purports to assert claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934.

29.     The allegations state legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

30.     The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

31.     The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

32.     BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

33.     Denied, except admitted that BAC is a financial holding company that provides financial services through its subsidiaries.

34.     Denied, except admitted that BAC announced it would acquire Countrywide on January 11, 2008, completed that transaction on July 1, 2008, and acquired Merrill Lynch & Co., Inc. on January 1, 2009.

35.     Denied, except admitted that Kenneth D. Lewis served as CEO of BAC from April 2001 until December 31, 2009 and President from July 2004 to December 31, 2009.

36.     Denied, except admitted that Joseph Lee Price, II served as Chief Financial Officer of the Company from January 2007 through January 2010, and served as the President of BAC's Global Consumer and Small Business Banking from February 2010 through September 6, 2010

37.     Denied, except admitted that Bryan T. Moynihan assumed the position of Chief Executive Officer on January 1, 2010, and served as BAC's General Counsel from December 2008 through January 2009.

38.     Denied, except admitted that Charles H. Noski served as Chief Financial Officer of BAC from May 11, 2010 to June 2011 and served as Vice Chairman of BAC.

39.     Admitted.

40.     No response is required to these definitional allegations.

41.     Denied, except admitted that Lead Plaintiff purports to bring this action on its own behalf and as a class action pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a putative class of all person or entities who purchased or otherwise acquired either the Company's Common Equivalent Securities or the Company's common stock during the Class Period, from February 27, 2009 through October 19, 2010.

42.     BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

43.     The allegations in the first sentence state a legal conclusion as to which no response is required.  To the extent that a response is required, the allegations in the first sentence are denied.  The allegations in the second, third and fourth sentences are denied, except admitted that BAC securities were traded on the New York Stock Exchange during the Class Period, and admitted that record owners of BAC securities can be identified from records maintained by BAC.

44.     The allegations state a legal conclusion as to which no response is required. To the extent that a response is required, the allegations are denied.

45.     The allegations state a legal conclusion as to which no response is required. To the extent that a response is required, the allegations are denied.

46.     The allegations state a legal conclusion as to which no response is required. To the extent that a response is required, the allegations are denied.

47.     The allegations state a legal conclusion as to which no response is required. To the extent that a response is required, the allegations are denied.

48.     BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

49.     Denied, except admitted that BAC received funds from the federal government pursuant to TARP.

50.     Denied, except admitted that senior executives of BAC did not receive year-end incentive compensation for 2008.

51.     Denied, and BAC respectfully refers the Court to the March 3, 2009 article on *CFO.com* for a complete and accurate description of the contents thereof.

52.     Denied, and BAC respectfully refers the Court to the articles in *The Charlotte Observer* and *The Los Angeles Times* for a complete and accurate description of the contents thereof.

53.     Denied, except admitted that Lewis announced in September 2009 that he would be stepping down as the Company's Chief Executive Officer and that TARP's restrictions on executive compensation created a potential competitive disadvantage.

54.     Denied, except admitted that Common Stock Equivalents were issued to raise funds to repay TARP funds and BAC respectfully refers the Court to the Prospectus and Supplemental Prospectus for those securities for a complete and accurate description of their terms.

55.     Denied.

56.     The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

57.     Denied.

58.     BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

59.     Denied, and BAC respectfully refers the Court to the MERS membership directory for a complete and accurate description of the contents thereof, except admitted that MERS is an electronic database related to real estate and mortgages.

60.     BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

61.    The allegations contained in paragraph 61, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

62.    The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

63.    Denied, and BAC respectfully refers the Court to the hearing transcript and November 16, 2010 decision in *Kemp v. Countrywide Home Loans, Inc.*, Case No. 08-18700-JHW, Adversary No. 08-2448 (Bkrtcy. D.N.J.) for a complete and accurate description of the contents thereof.

64.    Denied, and BAC respectfully refers the Court to the hearing transcript in *Kemp v. Countrywide Home Loans, Inc.*, Case No. 08-18700-JHW, Adversary No. 08-2448 (Bkrtcy. D.N.J.) for a complete and accurate description of the contents thereof.

65.    The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

66.    Denied, and BAC respectfully refers the Court to the November 19, 2010 and August 31, 2011 articles in *American Banker* for a complete and accurate descriptions of the contents thereof.

67.    Denied, and BAC respectfully refers the Court to the May 20, 2010 opinion in *Wetzel v. Mortgage Elec. Registration Systems, Inc.*, No. 09-1410, 2010 WL 2025115 (Ark.) for a complete and accurate description of the contents thereof.

68.     Denied, and BAC respectfully refers the Court to the April 13, 2011
Comptroller of the Currency consent order for a complete and accurate description of the
contents thereof.

69.     Denied, and BAC respectfully refers the Court to the opinions in *Bellistri
v. Ocwen Loan Servicing, LLC,* 284 S.W.3d 619 (Mo. App. March 3, 2009); *In re
Mitchell*, No. BK-S-07-16226- LBR, 2009 WL 1044368 (Bkrtcy. D. Nev. March 31,
2009); *In re Hawkins*, No. BK-S-07-13593-LBR, 2009 WL 901766 (Bkrtcy. D. Nev.
March 31, 2009); *In re Wilhelm*, 407 B.R. 392 (Bkrtcy. D. Idaho July 7, 2009); *In re
Box,* No. 10-20086, 2010 WL 2228289 (Bkrtcy. W.D. Mo. June 3, 2010); *Mortgage
Electronic Registration Systems, Inc. v. Saunders*, 2 A.3d 289, 2010 Me. 79 (Me.
Aug. 12, 2010); and *Reingard-Guirma v. BAC, Nat'l Ass'n*, Civil No. 10-1065-PK,
2010 WL 3945476 (D. Or. Oct. 6, 2010), for complete and accurate descriptions of the
contents thereof.

70.     Denied, and BAC respectfully refers the Court to the opinions in *U.S.
Bank Nat'l Ass'n, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates,
Series 2006-2 c/o America's Servicing Company v. Bernard*, No. 29003/07, 2008 WL
383814 (N.Y. Sup. Feb. 14, 2008); *Perla v. Real Property Solutions Corp.*, No.
3912/07, 2008 WL 1849860 (N.Y. Sup. April 28, 2008); *HSBC Bank USA, N.A., as
Trustee for Nomura Asset-Backed Certificate Series 2006-AF1 v. Yeasmin*, No.
34142/07, 2008 WL 1915130 (N.Y. Sup. May 2, 2008); and *Wells Fargo Bank,
National Association as Trustee and Custodian for Morgan Stanley ABS Capital1*

*Inc., MSAC 2007 HE4 v. Reyes*, No. 5516/08, 2008 WL 2466257 (N.Y. Sup. June 19, 2008), for complete and accurate descriptions of the contents thereof.

71.    Denied, except BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether BAC "legacy entities" received copies of the decisions listed in paragraph 71.

72.    Denied.

73.    Denied.

74.    Denied, and BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the role of CW-2.

75.    BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 75. The allegations in the third sentence are denied.

76.    Denied, except admitted that Countrywide used the MERS system in connection with mortgages.

77.    Denied.

78.    Denied.

79.    Denied, except admitted that BAC acquired Countrywide on July 1, 2008, increased its share of the U.S. MBS market in 2009, and BAC respectfully refers the Court to the industry newsletter Inside Mortgage Finance for a complete and accurate description of the contents thereof.

80.    The allegations contained in paragraph 80, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied.

It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

81.     The allegations contained in paragraph 81, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

82.     The allegations contained in paragraph 82, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

83.     The allegations contained in paragraph 83, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

84.     The allegations contained in paragraph 84, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

85.     Denied.

86.     Denied, and BAC respectfully refers the Court to the February 2, 2010 letter from the FCIC and the May 13, 2010 letter from counsel for BAC to the FCIC for complete and accurate descriptions of the contents thereof.

87.     The allegations contained in paragraph 87, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

88.     The allegations contained in paragraph 88, which purport to describe certain industry customs or practices without alleging facts specific to BAC, are denied. It is further denied that these allegations completely and accurately depict such industry customs or BAC's practices.

89.     Denied, and BAC respectfully refers the Court to the agreements referenced in paragraph 89 for a complete and accurate description of their terms.

90.     Denied, except admitted that BAC and its subsidiaries have received claims for alleged breaches of representations and warranties in agreements relating to MBS and have settled certain of those claims.

91.     Denied, and BAC respectfully refers the Court to the prospectus supplements referenced in paragraph 91 for a complete and accurate description of the contents thereof.

92.     Denied.

93.     Denied, and BAC respectfully refers the Court to the agreements referenced in paragraph 93 for a complete and accurate description of the contents thereof.

94.     Denied.

95.     Denied.

96.     Denied.

97. Denied, and BAC respectfully refers the Court to the November 1, 2010 article in *The Wall Street Journal* entitled "B of A Tries to Untangle Files" for a complete and accurate description of the contents thereof.

98. Denied, except admitted that Lewis was interviewed by the FCIC on October 21, 2010 and BAC respectfully refers the Court to the audio recording of that interview for a complete and accurate description of the contents thereof.

99. Denied, and BAC respectfully refers the Court to the audio recording of Kenneth Lewis's October 21, 2010 interview by the FCIC for a complete and accurate description of the contents thereof.

100. The first sentence is denied. BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 100.

101. BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

102. BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

103. BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

104. BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

105. BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

106.     BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

107.     The allegations in the first and third sentences in paragraph 107 are denied. BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

108.     BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied, except admitted that BAC and its legacy entities retained Clayton Holdings, Inc. to analyze loans to be placed in securitizations.

113.     Denied, except admitted that Merrill Lynch engaged Clayton Holdings, Inc. to perform due diligence on loans.

114.     Denied, and BAC denies knowledge or information sufficient to form a belief as to statements by Vicki Beal.

115.     Denied, except admitted that on August 8, 2011 a complaint was filed under the caption *American Int'l Croup, Inc. v. Bank of America Corp., et al.*, CV No. 652199/2011 (NY Sup. Ct.).

116.     Denied.

117.     Denied.

118.     Denied.

119.    BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding CW-6's statements or knowledge.

120.    BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

121.    The first three sentences are denied.

(a)     Denied.

(b)     Denied, and BAC denies knowledge or information sufficient to form a belief about the role that CW-6 played, if any, within BAC.

(c)     Denied, and BAC denies knowledge or information sufficient to form a belief about the role that CW-5 played, if any, within BAC.

(d)     Denied.

(e)     Denied, and BAC denies knowledge or belief sufficient form a belief as to the knowledge or conclusions of CW-5.

(f)     Denied, except BAC denies knowledge or information sufficient to form a belief as to the reserve practices of other companies referenced in this paragraph, and BAC respectfully refers the Court to its financial statements filed with the SEC for 2011 for a complete and accurate description of their contents.

(g)     Denied.

(h)     Denied.

(i)     Denied, and BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences.

(j)     Denied, and BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding CW-8's role within BAC, except admitted that BAC had an Allowance Committee.

(k)     Denied, and BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding CW-8's statements or knowledge, except admitted that Cotty was Chairman of the Allowance Committee.

(l)     Denied, except admitted that the Company's CFO, among others, reviewed accruals that were included in publicly reported financial statements.

(m)    Denied.

(n)    Denied.

(o)    Denied.

122.    Denied, except admitted that BAC, through its subsidiaries, continued to service mortgages sold by those subsidiaries, and that mortgages began to default at a high rate.

123.    Denied, and BAC respectfully refers the Court to the "so-called Dear CFO letter" for a complete and accurate description of the contents thereof.

124. Denied.

125. Denied, and BAC respectfully refers the Court to its referenced filings with the SEC for the definition of MSRs therein and for its financial statements presenting, in all material respects, the financial position of BAC during the putative Class Period.

126. Denied.

127. Denied, and BAC respectfully refers the Court to its December 2, 2009 8-K and press release for complete and accurate descriptions of the contents thereof.

128. Denied, and BAC respectfully refers the Court to its December 2, 2009 presentation for a complete and accurate description of the contents thereof.

129. Denied, and BAC respectfully refers the Court to its April 20, 2009 Registration Statement and December 3 and 4, 2009 Prospectus Supplements for complete and accurate descriptions of the contents thereof.

130. Denied, and BAC respectfully refers the Court to its December 9, 2009 8-K and press release for complete and accurate descriptions of the contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding lead plaintiff's conduct.

131. Denied, except admitted that BAC held a special meeting of its shareholders on February 23, 2010 at which the shareholders approved an amendment to BAC's certificate of incorporation to allow the Common Equivalent Securities to be converted into the Company's common stock, and admitted that the Common Equivalent

Securities were converted into shares of BAC common stock on February 24, 2010, in accordance with the terms of the offering.

132.     BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

133.     Denied, and BAC respectfully refers the Court to its announcements on October 1 and 8, 2010 for complete and accurate descriptions of the contents thereof.

134.     Denied, and BAC respectfully refers the Court to the article in *The Wall Street Journal*, titled "BofA Halts Foreclosures; Bank Expands Freeze After Pressure From Government-Run Mortgage Firm," for a complete and accurate description of the contents thereof.

135.     Denied, and BAC respectfully refers the Court to the article in *The New York Times*, titled "Largest U.S. Bank Halts Its Foreclosures In All States," for a complete and accurate description of the contents thereof.

136.     Denied, and BAC respectfully refers the Court to the October 12, 2010 article in *The Wall Street Journal* for a complete and accurate description of the contents thereof.

137.     The allegations in the first sentence are denied, and BAC respectfully refers the Court to the October 13, 2010 announcement of the attorneys general for a complete description of the contents thereof.  BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences.

138.     Denied, except admitted that BAC's stock closed at $13.52 on October 12, 2010 and closed at $11.98 on October 15, 2010.

139.     Denied, and BAC respectfully refers the Court to the October 18, 2010 statement for a complete and accurate description of the contents thereof.

140.     Denied, and BAC respectfully refers the Court to the October 19, 2010 conference call for a complete and accurate description of the contents thereof.

141.     Denied.

142.     Denied.

143.     Denied, except admitted that halting foreclosures limited the types of relief that BAC could pursue against seriously delinquent borrowers.

144.     Denied, and BAC respectfully refers the Court to the October 18, 2010 demand from investors for a complete and accurate description of the contents thereof.

145.     Denied, and BAC respectfully refers the Court to the October 19, 2010 article in *The Wall Street Journal*, titled "Bondholders Pick a Fight With Banks; An Attempt to Recoup Losses as Foreclosures are Restarted; for BofA, Countrywide Pain Continues," for a complete and accurate description of the contents thereof.

146.     Denied, and BAC respectfully refers the Court to the October 19, 2010 article in *The Wall Street Journal*, titled "On Foreclosures, BofA Has Explaining to Do," for a complete and accurate description of the contents thereof.

147.     Denied, and BAC respectfully refers the Court to its financial results for the third quarter 2010, the *San Francisco Business Times* article and the October 19, 2010 analyst call for complete and accurate descriptions of the contents thereof.

148.     Denied, except admitted that BAC's stock closed at $12.34 on October 18, 2010 and closed at $11.80 on October 19, 2010.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied, and BAC respectfully refers the Court to its 10-K for the period ending December 31, 2010, filed on February 25, 2011, for a complete and accurate description of the contents thereof.

153.     Denied, and BAC respectfully refers the Court to its January 3, 2011 announcement for a complete and accurate description of the contents thereof.

154.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2011 for a complete and accurate description of the contents thereof.

155.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2011 for complete and accurate descriptions of the contents thereof, except BAC admits that FHFA filed lawsuits against BAC in the Southern District of New York and Supreme Court of the State of New York.

156.     Denied, and BAC respectfully refers the Court to its April 15, 2011 announcement for a complete and accurate description of the contents thereof.

157.     Denied, and BAC respectfully refers the Court to Terry Laughlin's public statement concerning the May 26, 2011 settlement for a complete and accurate description of the contents thereof.

158.     Denied, and BAC respectfully refers the Court to its announcement regarding the June 28, 2011 settlement agreement for a complete and accurate description of the contents thereof and to its 10-Q for the quarter ended June 30, 2011 for a fair presentation, in all material respects, of its financial statements for that period.

159.     Denied, except admitted that the attorneys general of New York and Delaware, AIG, the Federal Deposit Insurance Corporation, six Federal Home Loan Banks and Goldman Sachs announced objections to the May 26, 2011 settlement agreement with the Bank of New York Mellon, and BAC respectfully refers the Court to the August 26, 2011 article in *Business Week* and its 10-Q for the quarter ended June 30, 2011, for complete and accurate descriptions of the contents thereof.

160.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2011 for a complete and accurate description of the contents thereof.

161.     Denied, and BAC respectfully refers the Court to the April 13, 2011 consent order of the Comptroller of the Currency for a complete and accurate description of the contents thereof.

162.     Denied, and BAC denies knowledge or information sufficient to form a belief as to the conduct of MERS, and BAC respectfully refers the Court to the April 13, 2011 consent order of the United States Department of the Treasury, Comptroller of the Currency and the Office of Thrift Supervision for a complete and accurate description of the contents thereof.

163.     The allegations in the first sentence are admitted.  The allegations in the second sentence are denied, and BAC respectfully refers the Court to its 10-Q for the

quarter ended June 30, 2011, filed on August 4, 2011, for a complete and accurate description of the contents thereof.

164.    Denied.

165.    Denied.

166.    Denied, and BAC respectfully refers the Court to its SEC filings during the putative class period for a complete and accurate description of their contents.

167.    Denied.

168.    Denied.

169.    Admitted that BAC filed its 10-K for the year ended December 31, 2008, on February 27, 2009.  The remainder of the allegations are denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

170.    Denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

171.    Denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

172.    The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

173.    The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied, and BAC respectfully

refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

174. Denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

175. Denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

176. Denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

177. The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

178. Denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

179. Denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

180. Denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

181. The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

182.     The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied, and BAC respectfully refers the Court to its 2008 10-K for a complete and accurate description of the contents thereof.

183.     Denied, and BAC respectfully refers the Court to its April 20, 2009 press release for a complete and accurate description of the contents thereof.

184.     Denied, and BAC respectfully refers the Court to its April 20, 2009 press release for a complete and accurate description of the contents thereof.

185.     Denied, and BAC respectfully refers the Court to the transcript of its April 20, 2009 earnings conference call for a complete and accurate description of the contents thereof.

186.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2009 filed on May 7, 2009 for a complete and accurate description of the contents thereof.

187.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2009 for a complete and accurate description of the contents thereof.

188.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2009 for a complete and accurate description of the contents thereof.

189.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2009 for a complete and accurate description of the contents thereof.

190.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2009 for a complete and accurate description of the contents thereof.

191.    Denied, and BAC respectfully refers the Court to its July 17, 2009 press release for a complete and accurate description of the contents thereof.

192.    Denied, and BAC respectfully refers the Court to its July 17, 2009 press release for a complete and accurate description of the contents thereof.

193.    Denied, and BAC respectfully refers the Court to the transcript of its July 17, 2009 earnings conference call for a complete and accurate description of the contents thereof.

194.    Denied, and BAC respectfully refers the Court to the transcript of its July 17, 2009 earnings conference call for a complete and accurate description of the contents thereof.

195.    Denied, and BAC respectfully refers the Court to the transcript of its July 17, 2009 earnings conference call for a complete and accurate description of the contents thereof.

196.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2009 filed on August 7, 2009 for a complete and accurate description of the contents thereof.

197.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2009 for a complete and accurate description of the contents thereof.

198.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2009 for a complete and accurate description of the contents thereof.

199.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2009 for a complete and accurate description of the contents thereof.

200.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2009 for a complete and accurate description of the contents thereof.

201.    Denied, and BAC respectfully refers the Court to the October 16, 2009 press release for a complete and accurate description of the contents thereof.

202.    Denied, and BAC respectfully refers the Court to the October 16, 2009 press release for a complete and accurate description of the contents thereof.

203.    Denied, and BAC respectfully refers the Court to the October 16, 2009 press release for a complete and accurate description of the contents thereof.

204.    Denied, and BAC respectfully refers the Court to the transcript of the October 16, 2009 earnings conference call for a complete and accurate description of the contents thereof.

205.    Denied, and BAC respectfully refers the Court to the October 16, 2009 earnings conference call for a complete and accurate description of the contents thereof.

206.    The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied, and BAC respectfully refers the Court to the transcript of its October 16, 2009 earnings conference call for a complete and accurate description of the contents thereof.

207.    Denied, and BAC respectfully refers the Court to the transcript of its October 16, 2009 earnings conference call for a complete and accurate description of the contents thereof.

208.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended September 30, 2009 filed on November 6, 2009 for a complete and accurate description of the contents thereof.

209.     Denied, and BAC respectfully refers the Court to the its 10-Q for the quarter ended September 30, 2009 for a complete and accurate description of the contents thereof.

210.     Denied, and BAC respectfully refers the Court to the its 10-Q for the quarter ended September 30, 2009 for a complete and accurate description of the contents thereof.

211.     Denied, and BAC respectfully refers the Court to the its 10-Q for the quarter ended September 30, 2009 for a complete and accurate description of the contents thereof.

212.     Denied, and BAC respectfully refers the Court to the its 10-Q for the quarter ended September 30, 2009 for a complete and accurate description of the contents thereof.

213.     Denied, and BAC respectfully refers the Court to the Prospectus Supplements for its Common Equivalent Securities filed on December 3 and 4, 2009, for complete and accurate descriptions of the contents thereof.

214.     Admitted.

215.     Denied, and BAC respectfully refers the Court to the Prospectus Supplements for its Common Equivalent Securities for a complete and accurate description of the contents thereof.

216.     Denied, and BAC respectfully refers the Court to the Prospectus Supplements for its Common Equivalent Securities for a complete and accurate description of the contents thereof.

217.     Denied, and BAC respectfully refers the Court to the Prospectus Supplements for its Common Equivalent Securities for a complete and accurate description of the contents thereof.

218.     Denied, and BAC respectfully refers the Court to its January 20, 2010 press release for a complete and accurate description of the contents thereof.

219.     Denied, and BAC respectfully refers the Court to its January 20, 2010 press release for a complete and accurate description of the contents thereof.

220.     Denied, and BAC respectfully refers the Court to its January 20, 2010 press release for a complete and accurate description of the contents thereof.

221.     Denied, except admitted that BAC conducted an earnings conference call on January 20, 2010.  The remainder of the allegations are denied, and BAC respectfully refers the Court to the transcript of the January 20, 2010 earnings conference call for a complete and accurate description of the contents thereof.

222.     Denied, and BAC respectfully refers the Court to the transcript of the January 20, 2010 earnings conference call for a complete and accurate description of the contents thereof.

223.     Denied, and BAC respectfully refers the Court to the transcript of its January 20, 2010 earnings conference call for a complete and accurate description of the contents thereof.

224. Denied, and BAC respectfully refers the Court to the transcript of its January 20, 2010 earnings conference call for a complete and accurate description of the contents thereof.

225. Denied, and BAC respectfully refers the Court to the transcript of its January 20, 2010 earnings conference call for a complete and accurate description of the contents thereof.

226. Denied, except admitted that BAC filed its 10-K for the fiscal year ending December 31, 2009, on February 26, 2010, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

227. Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

228. Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

229. Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

230. Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

231. Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

232. Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

233.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

234.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

235.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

236.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

237.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

238.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

239.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

240.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

241.    Denied, and BAC respectfully refers the Court to its 2009 10-K for a complete and accurate description of the contents thereof.

242.    Denied, except admitted that BAC issued a press release on April 16, 2010, announcing its financial results for the first quarter 2010, and BAC respectfully refers the Court to its April 16, 2010 press release for a complete and accurate description of the contents thereof.

243.     Denied, and BAC respectfully refers the Court to its April 16, 2010 press release for a complete and accurate description of the contents thereof.

244.     Denied, except admitted that BAC conducted an earnings conference call on April 16, 2010, and BAC respectfully refers the Court to the transcript of its April 16, 2010 earning conference call for a complete and accurate description of the contents thereof.

245.     Denied, and BAC respectfully refers the Court to the transcript of its April 16, 2010 earnings conference call for a complete and accurate description of the contents thereof.

246.     Denied, and BAC respectfully refers the Court to the transcript of its April 16, 2010 earnings conference call for a complete and accurate description of the contents thereof.

247.     Denied, and BAC respectfully refers the Court to the transcript of its April 16, 2010 earnings conference call for a complete and accurate description of the contents thereof.

248.     Denied, and BAC respectfully refers the Court to the transcript of its April 16, 2010 earnings conference call for a complete and accurate description of the contents thereof.

249.     Denied, and BAC respectfully refers the Court to the transcript of its April 16, 2010 earnings conference call for a complete and accurate description of the contents thereof.

250.    Denied, and BAC respectfully refers the Court to the transcript of its April 16, 2010 earnings conference call for a complete and accurate description of the contents thereof.

251.    Denied, except admitted that BAC filed its 10-Q for the quarter ended March 31, 2010, on May 7, 2010, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2010 for a complete and accurate description of the contents thereof.

252.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2010 for a complete and accurate description of the contents thereof.

253.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2010 for a complete and accurate description of the contents thereof.

254.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2010 for a complete and accurate description of the contents thereof.

255.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2010 for a complete and accurate description of the contents thereof.

256.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2010 for a complete and accurate description of the contents thereof.

257.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2010 for a complete and accurate description of the contents thereof.

258.    Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended March 31, 2010 for a complete and accurate description of the contents thereof.

259.     Denied, except admitted that BAC issued a press release on July 16, 2010, announcing its financial results for the second quarter 2010, and BAC respectfully refers the Court to its July 16, 2010 press release for a complete and accurate description of the contents thereof.

260.     Denied, and BAC respectfully refers the Court to its July 16, 2010 press release for a complete and accurate description of the contents thereof.

261.     Denied, except admitted that BAC conducted an earnings conference call on July 16, 2010, and BAC respectfully refers the Court to its July 16, 2010 earnings conference call for a complete and accurate description of the contents thereof.

262.     Denied, and BAC respectfully refers the Court to its July 16, 2010 earnings conference call for a complete and accurate description of the contents thereof.

263.     Denied, except admitted that BAC filed its 10-Q for the quarter ended June 30, 2010, on August 6, 2010, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2010 for a complete and accurate description of the contents thereof.

264.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2010 for a complete and accurate description of the contents thereof.

265.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2010 for a complete and accurate description of the contents thereof.

266.     Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2010 for a complete and accurate description of the contents thereof.

267. Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2010 for a complete and accurate description of the contents thereof.

268. Denied, and BAC respectfully refers the Court to its 10-Q for the quarter ended June 30, 2010 for a complete and accurate description of the contents thereof.

269. The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

270. The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

271. The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied, and BAC respectfully refers the Court to the certifications to its Forms 10-Q and 10-K for a complete and accurate description of the contents thereof.

272. The allegations state a legal conclusion as to which no response is required.

273. The allegations state a legal conclusion as to which no response is required.

274. The allegations state a legal conclusion as to which no response is required.

275. The allegations state a legal conclusion as to which no response is required.

276. The allegations state a legal conclusion as to which no response is required.

277. Denied.

278. Denied.

279. The allegations state a legal conclusion as to which no response is required.

280. The allegations state a legal conclusion as to which no response is required.

281. Denied.

282.   Denied.

283.   Denied.

284.   Denied.

285.   Denied.

286.   Denied.

287.   Denied, except admitted that BAC suspended foreclosures in 23 states in October 2010 and extended its suspension of foreclosures to all 50 states on October 8, 2010, and BAC respectfully refers the Court to the articles in *The Wall Street Journal* and *The New York Times* and the October 13, 2010 attorneys general announcement for complete and accurate descriptions of the contents thereof.

288.   Denied, except admitted that BAC's stock closed at $13.52 on October 12, 2010 and at $11.98 on October 15, 2010.

289.   Denied, except admitted that BAC received a letter from counsel for a group of purported mortgage-backed securities investors on October 19, 2010. BAC respectfully refers the Court to the October 19, 2010 letter and the October 18, 2010 statement of BAC Home Loans for complete and accurate descriptions of the contents thereof.

290.   Denied, except admitted that BAC issued a press release on October 19, 2010 announcing its financial results for the third quarter 2010, and BAC respectfully refers the Court to that press release for a complete and accurate description of the contents thereof.

291.     Denied, except admitted that BAC's stock closed at$ 12.34 on October 18, 2010 and closed at $11.80 on October 19, 2010.

292.     Denied.

293.     The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

294.     Denied, except admitted that BAC Common Stock and Common Stock Equivalents were traded on the New York Stock Exchange, that BAC filed reports with the SEC, including on Form S-3, BAC issued press releases and held analyst calls, and BAC respectfully refers the Court to publicly reported data regarding trading volume of its Common Stock and Common Stock Equivalent

295.     BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations.

296.     Denied.

297.     Denied, except BAC denies knowledge or information sufficient to form a belief as to any investor's reliance.

298.     Denied.

299.     The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

300.     Denied.

301.     The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

(a) Denied, and BAC respectfully refers the Court to the February 2, 2010 FCIC letter and the March 30, April 21, May 13 and May 19, 2010 letters from BAC's counsel for complete and accurate descriptions of the contents thereof.

(b) Denied, except admitted that Moynihan provided testimony at a January 13, 2010 hearing before the FCIC, and BAC respectfully refers the Court to the April 2010 earnings conference call, its counsel's May 13, 2010 letter to the FCIC and its May 7, 2010 and August 6, 2010 10-Qs for complete and accurate descriptions of the contents thereof.

302. The allegations state a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

(a) Denied, and BAC respectfully refers the Court to the April 10, 2009 and July 13, 2009 agreements referenced in this paragraph for complete and accurate descriptions of the contents thereof.

(b) Denied, except admitted that on April 16, 2012, a lawsuit captioned *Ambac Assurance Corp. v. First Franklin Financial Corp.*, Index No. 651217/2012 (N.Y. Sup. Ct., N.Y. County) was filed, and BAC denies knowledge or information sufficient to form a belief as to any review or investigation conducted by Ambac.

(c) Denied, except admitted that MBIA Insurance Corporation, Sycora Guarantee, Inc. and FGIC filed complaints against BAC, among

other defendants, and BAC denies knowledge or information sufficient to form a belief as to any purported analyses or reviews performed by those entities.

(d) Denied, and BAC denies knowledge or information sufficient to form a belief as to the allegations concerning Teresa M. Casey.

(e) Denied.

303. Denied.

(a) Denied.

(b) Denied, except admitted that an amended complaint was filed in *Syncora Guarantee, Inc. v. Countrywide Home Loans, Inc., et al.*, No,. 650042/2009 (N.Y. Sup. Ct., N.Y. County) on May 6, 2010.

(c) Denied, except admitted that an article was published in *The New York Times* entitled "Holding Bankers' Feet to the Fire," and that the Office of Inspector General of the U.S. Department for Housing and Urban Development issued a report on March 12, 2012.

304. Denied, except admitted that Cotty, Noski, John M. James and Edward P. O'Keefe had some involvement in BAC's response to SEC comment letters.

(a) Denied, and BAC respectfully refers the Court to the January 29, 2010 SEC comment letter for a complete and accurate description of the contents thereof.

(b)     Denied, and BAC respectfully refers the Court to its February 23, 2010 response letter to the SEC for a complete and accurate description of the contents thereof.

(c)     Denied, and BAC respectfully refers the Court to the May 3, 2010 SEC comment letter for a complete and accurate description of the contents thereof.

(d)     Denied, and BAC respectfully refers the Court to its June 7, 2010 response letter to the SEC and the SEC's July 30, 2010 comment letter for a complete and accurate description of the contents thereof.

(e)     Denied, and BAC respectfully refers the Court to its August 25, 2010 response letter to the SEC and the SEC's December 22, 2010 and January 13, 2012 comment letters for a complete and accurate description of the contents thereof.

(f)     Denied.

305.    Denied, and BAC respectfully refers the Court to its May 13, 2010 letter to the FCIC for a complete and accurate description of the contents thereof, except admitted that FHFA filed amended complaints in 2012 on behalf of Fannie Mae and Freddie Mac.

306.    BAC repeats and reasserts its responses contained in paragraphs 1 through 305.

307. Denied, except admitted that Lead Plaintiff purports to bring this claim on behalf of the Class pursuant to Section 10(b) of the Exchange Act and Rule 10b-5.

308. Denied.

309. Denied.

310. Denied.

311. Denied.

312. Denied.

313. Denied.

314. Denied.

315. Denied.

316. Denied, except BAC denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding any investor's reliance.

317. Denied.

318. Denied.

319. Denied.

320. Denied.

321. BAC repeats and reasserts its responses contained in paragraphs 1 through 320.

322. As the allegations are not directed towards BAC, no response is required.

323. As the allegations are not directed towards BAC, no response is required.

324. As the allegations are not directed towards BAC, no response is required.

325. As the allegations are not directed towards BAC, no response is required.

326. As the allegations are not directed towards BAC, no response is required.

327. As the allegations are not directed towards BAC, no response is required.

328. As the allegations are not directed towards BAC, no response is required.

329. As the allegations are not directed towards BAC, no response is required.

330. As the allegations are not directed towards BAC, no response is required.

331. As the allegations are not directed towards BAC, no response is required.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, by the statutes of limitations or repose or are otherwise time-barred.

### SECOND AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, because BAC disclosed all material information consistent with its duties.

### FOURTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because BAC did not make

any false or misleading statements or omissions of material fact and is not responsible in law or in fact for any alleged false or misleading statements or omissions of material fact by others.

FIFTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, by the truth on the market defense.

SIXTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, because BAC reasonably relied on the statements, representations and opinions of accountants, auditors and others.

SEVENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, because BAC acted in good faith and with justification at all relevant times.

EIGHTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because the alleged misstatements and omissions, including non-actionable expressions of opinion and puffery, were not material to the investment decisions of a reasonable investor in view of, inter alia, the total mix of available information.

## NINTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because certain alleged misstatements are forward-looking statements accompanied by meaningful cautionary language and/or were made without actual knowledge that such statements were false or misleading and are not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1) and (2), or are not actionable under the bespeaks caution doctrine.

## TENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because no alleged misstatement or omission caused, in whole or in part, any diminution in the price or value of BAC securities, and/or because an insufficient number of traders in BAC securities relied on the alleged false and misleading statements, acts or omissions to affect the market price of those securities.

## ELEVENTH AFFIRMATIVE DEFENSE

Neither Lead Plaintiff nor any members of the putative class can establish that their alleged losses were caused by any alleged misrepresentation or omission. Nor have they suffered any cognizable damages.

## TWELFTH AFFIRMATIVE DEFENSE

Lead Plaintiff has also failed to comply with its duty to take reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the

Amended Complaint and is therefore barred from recovering any damages which might reasonably have been avoided.

THIRTEENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, to the extent that Lead Plaintiff or any persons on whose behalf it purports to act, did not purchase or sell BAC securities during the purported Class Period, and/or because Lead Plaintiff otherwise lacks standing.

FOURTEENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, because they assumed the risks disclosed in the public filings or statements, and any losses they experienced were caused because those risks came to fruition.

FIFTEENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims and/or the claims of any members of the class that Lead Plaintiff purports to represent are barred, in whole or in part, because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing BAC securities.

SIXTEENTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTEENTH AFFIRMATIVE DEFENSE

BAC hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent and hereby reserves all rights to amend this Answer and to assert all such defenses.

PRAYER FOR RELIEF

WHEREFORE, Bank of America Corporation demands judgment

dismissing the Amended Consolidated Class Action Complaint, awarding attorneys' fees

and costs and other, further and different relief as the Court deems just and proper.


DATED:  November 21, 2012
        New York, New York

                                        Respectfully submitted,

                                         /s/  Jay B. Kasner
                                        Jay B. Kasner (jay.kasner@skadden.com)
                                        Scott D. Musoff (scott.musoff@skadden.com)
                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        Four Times Square
                                        New York, New York  10036
                                        (212) 735-3000

                                        Paul J. Lockwood
                                        (paul.lockwood@skadden.com)
                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        One Rodney Square
                                        PO Box 636
                                        Wilmington, Delaware 198999
                                        (302) 651-3000


                                        Attorneys for Bank of America Corporation