USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PENNSYLVANIA PUBLIC SCHOOL : 
EMPLOYEES' RETIREMENT SYSTEM,
individually and on behalf of all others similarly :
situated,
: 11 Civ. 733 (WHP)
      Plaintiff,
: MEMORANDUM & ORDER
 -against-
:
BANK OF AMERICA CORPORATION, *et al.*,
:
      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

  Lead Plaintiff Pennsylvania Public School Employees' Retirement System ("Plaintiff") brings this putative class action against Bank of America Corporation ("BoA") and current and past officers and directors of BoA: Kenneth D. Lewis, Joseph Lee Price, II, Brian T. Moynihan, Neil Cotty, and Charles H. Noski (the "Executive Defendants"). By Memorandum & Order dated April 17, 2013, this Court denied the Executive Defendants' motion to dismiss. Moynihan moves for partial reconsideration of that Memorandum & Order.

## BACKGROUND

  This Court's July 2012 and April 2013 Memoranda & Orders set forth the allegations underlying this action. See Pa. Public Sch. Emps' Ret. Sys. v. Bank of Am. Corp., --- F. Supp. 2d ----, No. 11 Civ. 733 (WHP), 2013 WL 1664696, at *1 (S.D.N.Y. April 17, 2013); Pa. Public Sch. Emps' Ret. Sys. v. Bank of Am. Corp., 874 F. Supp. 2d 341, 346 (S.D.N.Y. 2012).

## DISCUSSION

I. Reconsideration

"A motion for reconsideration under Local Rule 6.3 will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Panchishak v. U.S. Dep't of Homeland Sec., No. 08 Civ. 6448 (WHP), 2010 WL 4780775, at *1 (S.D.N.Y. Nov. 22, 2010) (internal quotation marks omitted) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)), aff'd, 446 F. App'x 361 (2d Cir. 2011). "It is implicit in this language that a motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been considered." Koehler v. Bank of Bermuda Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005); see also Panchishak, 2010 WL 4780775, at *1. Reconsideration is not an invitation for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." Robbins v. H. H. Brown Shoe Co., Inc., No. 08 Civ. 6885 (WHP), 2009 WL 2496024, at *1 (S.D.N.Y. July 22, 2009) (internal quotation marks omitted).

In its April 2013 Memorandum & Order, this Court considered three theories of securities fraud liability. Specifically, Plaintiff alleged that the Executive Defendants violated

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 and Section 20(a) of the Exchange Act because they made misleading statements despite knowing that (1) BoA was vulnerable to repurchase claims; (2) BoA had a material weakness in its internal controls; and (3) BoA was failing to comply with generally accepted accounting principles ("GAAP") and SEC regulations. This Court found that Plaintiff's allegations regarding BoA's failure to comply with GAAP and SEC regulations plausibly stated claims against each Executive Defendant. It also found that Plaintiff's allegations regarding Moynihan's knowledge of repurchase claims plausibly stated a claim. Moynihan now moves for reconsideration of that latter finding.

        This Court found that, among other things, a letter dated May 13, 2010 sent from BoA's outside counsel to the Financial Crisis Inquiry Commission ("FCIC") established Moynihan's scienter. According to Moynihan, this finding was improper because the Court did not take judicial notice of the contents of the letter and instead relied instead on Plaintiff's description in the Amended Complaint. In its July 2012 Memorandum & Order, this Court relied on the Original Complaint and made the following observations regarding the letter: "BoA informed the FCIC that in 2006 and 2007, Countrywide sold mortgage-backed securities with a total par value of $118 billion. The letter further noted that the par value of the interest held by BoA was only $2 billion as of February 2010. The letter also stated that 37% of Alt-A loans and 52% of Countrywide's subprime loans were delinquent." Pa. Public Sch. Emps' Ret. Sys., 874 F. Supp. 2d at 359. Relying on a host of allegations, this Court found that the Original Complaint raised a strong inference against BoA concerning its knowledge of repurchase claims. As an example, this Court found that the May 13 letter bolstered an inference of scienter because

the letter's contents "summarized the negative effects flowing from BoA's overemphasis on generating loans for securitization without due regard to prudent lending." Pa. Public Sch. Emps' Ret. Sys., 874 F. Supp. 2d at 359.

A review of the May 13 letter confirms this Court's initial description. The letter asserts: "The par value at issuance of the securities sold by Countrywide was approximately $118 billion." (Declaration of Scott D. Musoff, dated Nov. 5, 2012, ("Musoff Decl.") Ex. A: Correspondence between BoA and the FCIC, dated May 13, 2010 ("May 13 letter") at 7.) It also notes that "[t]he value of [BoA's] retained interest in these securities was approximately $2 billion as of February 19, 2010," and states that "[f]or the legacy Countrywide Alt-A loan portfolio, as of December 31, 2009, approximately 37% were delinquent by thirty days or more[,] and . . . [f]or the legacy Countrywide subprime first lien loan portfolio, as of December 31, 2009, approximately 52% of loans were delinquent by thirty days or more." Finally, it reports that the "value of the entities retained interest has substantially decreased since the issuance of those securities." (Musoff Decl. Ex. A at 7).

Far from being reasonably expected to alter this Court's conclusions, the May 13 letter corroborates Plaintiff's original complaint. Moynihan argues that this Court erred in concluding that the FCIC letter "summarized the negative effects flowing from BoA's overemphasis on generating loans for securitization without due regard to prudent lending." Pa. Public Sch. Emps' Ret. Sys., 874 F. Supp. 2d at 359. But the letter speaks for itself and supports no other conclusion.

Moynihan contends that the letter says nothing about exposure to repurchase claims and merely alerts readers to the decline in value in subprime mortgages. While the letter

does not explicitly reference repurchase claims, it buttresses allegations that Moynihan was aware of the consequences of BoA's overemphasis on generating mortgage inventory. The letter reveals Moynihan's awareness of the sheer magnitude of the securitization of subprime mortgages and their subsequent precipitous decline in value. Knowledge of these facts, viewed in context with the other allegations in the Amended Complaint, make it more likely that Moynihan knew that BoA faced repurchase claims far larger than what it had disclosed to the public.

Unlike the atomized approach to scienter Moynihan urges this Court to adopt, no single allegation need conclusively establish scienter. While courts may address allegations in sequence, they must review them as a whole: "The inquiry . . . is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." Tellabs Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007) (emphasis in original). Taken collectively, the allegations against Moynihan plausibly state a strong inference that Moynihan acted with scienter regarding the repurchase claims.

```
```

## CONCLUSION

For the foregoing reasons, Moynihan's motion for partial reconsideration is denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 199.

Dated: June 12, 2013
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*