D5KPPENC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

PENNSYLVANIA PUBLIC SCHOOL
EMPLOYEES' RETIREMENT SYSTEM,

           Plaintiff,

    v.                            11 CV 00733 (WHP)

BANK OF AMERICA CORPORATION,
ET AL.,

           Defendants.

------------------------------x

              TELEPHONE CONFERENCE

                              New York, N.Y.
                              May 20, 2013
                              11:11 a.m.

Before:

            HON. WILLIAM H. PAULEY III,

                            District Judge

            APPEARANCES (Telephonically)

BARRACK, RODOS & BACINE
    Attorneys for Plaintiff Pennsylvania Public School
employees Retirement System
BY:  MARK R. ROSEN
     JEFFREY A. BARRACK
     JEFFREY B. GITTLEMAN
     CHAD A. CARDER

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Attorneys for Defendant Bank of America Corporation
BY:  PAUL J. LOCKWOOD
     SCOTT D. MUSOFF

DAVIS, POLK & WARDWELL, LLP
    Attorneys for Defendant Neil Cotty
BY:  LAWRENCE PORTNOY
     BRIAN M. BURNOVSKI

D5KPPENC

APPEARANCES (Cont'd)

DEBEVOISE & PLIMPTON, LLP
     Attorneys for Defendant Kenneth D. Lewis
BY:  COLBY A. SMITH

DLA PIPER, LLP (US)
     Attorneys for Defendant Brian T. Moynihan
BY:  PATRICK SMITH
     JEFFREY ROTENBERG

DECHERT, LLP
     Attorneys for Defendant Charles H. Noski
BY:  ROBERT J. JOSSEN

BAKER, BOTTS, LLP
     Attorneys for Defendant Joe Lee Price
BY:  JULIA GUTTMAN

1                (In chambers; via telephone)

2                THE COURT:  Good morning, counsel.  This is District
3     Judge William Pauley.  You're on a speaker phone and a court
4     reporter is present recording what's being said.  The
5     appearances of counsel will be noted at the front of this
6     proceeding.  You need not give your appearances now.

7                I ask only that each time you speak, you identify
8     yourself first so that I and the court reporter can keep track
9     of who's speaking.

10               Now, I have received a proposed discovery and case
11    management order.  I'll suggest to you two things, one, that
12    it's awfully tentative with regard to a number of things and,
13    second, this is not a suggestion, this is a conclusion on my
14    part, it's far too protracted.  And I'm willing to give you a
15    little time to decide how you're going to proceed with respect
16    to a class certification, but I think that the notion that
17    we're not going to substantially complete document production
18    until the end of January 2014 is too long.

19               So who wants to be heard on the question?

20               MR. ROSEN:  Your Honor, this is Mark Rosen, counsel
21    for the plaintiff.

22               THE COURT:  Yes.

23               MR. ROSEN:  We will be glad to accommodate ourselves
24    to whatever schedule you adapt, but frankly, the burden is far
25    greater on the -- I expect the burden will be far greater on

1    the defendant than the plaintiff because they'll be doing most
2    of the production.  And the schedule was adopting reflecting
3    their requests.  We'd be glad to deal with a more expedited
4    schedule, if your Honor feels it appropriate.
5             One thing we proposed -- We had some preliminary
6    discussions with the Skadden firm when they were representing
7    and speaking for all the defendants, and one of the things we
8    had proposed to them that we thought might expedite the
9    discovery process is to tell us, in other cases they've been
10   involved in, in other regulatory proceedings they've been
11   involved in, some sense of the magnitude of the production.
12            And some of those productions they might be able to
13   tender to us, rather than reinventing the wheel.  Not that that
14   would complete all of the discovery we needed, but we suspected
15   an awful lot of what we need would be contained in those
16   already, and if they follow that approach, we think that might
17   expedite the process.  They did not -- I don't want to speak
18   for them, but they did not appear to embrace that idea.
19            MR. MUSOFF:  Your Honor, this is Scott Musoff.  I
20   think that's not entirely accurate.  We've been having a series
21   of meet and confers with the plaintiffs regarding that and your
22   Honor may recall at the oral argument, plaintiff had asked
23   permission to serve a document request during the stay, which
24   we didn't oppose, so that we'd have a better sense of what
25   documents they were looking for.  They chose not to do that and

1    served us with their document request on Friday.
2             THE COURT:  Can you, just for my edification, just
3    generally describe the size of the document request?  I'm not
4    familiar with it.  It hasn't been -- nor do I necessarily want
5    to see it, unless there's some dispute.  But does it go back to
6    the year gimel?
7             MR. MUSOFF:  It's pretty broad ranging, your Honor.
8    I'm pulling it out now.  And as you can imagine, it covers a
9    wide variety of issues in this case from, some of which may or
10   may not still be in the case.  But that having been said, we
11   did have a beginning series of meet and confers with them, even
12   before receiving their document request, and we are going to
13   see if any of these requests have already been gathered and
14   produced in other matters, and that will substantially save
15   some time.
16            We also -- you know, we're trying to pick a realistic
17   date without having to come back to the Court, but that having
18   been said, you know, we're happy to try and work on a slightly
19   more aggressive schedule as well.
20            THE COURT:  Right.  Well, look, does anyone else want
21   to weigh in on this, on the issue of document production?
22            All right.  Then silence is golden.  Here's my view.
23   I don't have a problem with the best efforts, sort of staged
24   productions that you've proposed in your plan, but I think that
25   document production should be substantially complete by

1   November 29th.  So I'm starting by pruning two months there.
2              And then, it seems to me, you haven't come forward
3   with some notion as to how many depositions you intend to take.
4   Obviously, I share the parties' view that more depositions or
5   more hours of depositions will be necessary in this case, and
6   I'm probably inclined, in that regard, to see it in terms of
7   hours as opposed to the number of depositions, leaving each
8   party free to decide how they're going to use their hours.  So
9   I'd like you to start thinking in those terms.
10             But generally, Mr. Rosen, how many depositions do the
11  plaintiffs think they're going to take?
12             MR. ROSEN:  Your Honor, it's hard to give you a
13  definitive answer.
14             THE COURT:  I'm not asking for a definitive answer.  I
15  know we can't get one, and I'm not going to fix one now
16  because --
17             MR. ROSEN:  I understand that, your Honor.  I would
18  assume somewhere in the range of 50 to 60.
19             THE COURT:  All right.
20             MR. ROSEN:  That's my expectation.  It could change,
21  but that's my best guess at this time, your Honor.
22             THE COURT:  All right.  Mr. Musoff, what's your
23  perspective on this?
24             MR. MUSOFF:  We believe 50 to 60 depositions -- this
25  is Scott Musoff again -- seems a little bit exorbitant for even

1    a case of this size, and we're thinking that in the, you know,
2    30-deposition range would be more appropriate.
3              THE COURT:  Well, we're going to revisit and decide on
4    this issue after you've gotten into document production a
5    little here and you've had a chance to meet and confer further
6    with respect to sort of class certification and how that should
7    proceed.
8              And what I'll be looking to do is fix another
9    conference with you folks at the end of July for the purpose of
10   fixing some more parameters on depositions and discovery.  I'll
11   tell you that I'm inclined to think that fact discovery in this
12   case could be completed -- I mean, my tentative suggestion is
13   May 30th of next year so that we could tie off expert discovery
14   and wrap things up by the middle of September of next year, or
15   September 30th.  But that's tentative.  I'm not going to freeze
16   it in stone.
17             But I want you to start thinking in terms of what the
18   Court's thinking because I'm not going to push this out.  We
19   know what the lifeline of these cases are, and it's important,
20   I think, for the parties to get class certification onto the
21   radar scope and tee'd up in this case.
22             I'd invite reaction from anyone who wishes to speak.
23             MR. ROSEN:  Your Honor, this is Mark Rosen.  We can
24   live with that approach, and we certainly are receptive to your
25   Honor's inclination to address class certification sooner

1     rather than later.
2               THE COURT:  All right.  I tell you that generally --
3     you may be able to persuade me differently, but generally, if a
4     deposition is going to be taken in connection with class
5     certification, I think it should be both the merits and class
6     deposition.  But you're free to endeavor to persuade me to
7     approach it differently in this case, if you think it's
8     appropriate.
9               My sense is that because discovery was stayed here for
10    a lengthy period of time, that the parties are just getting
11    down to business and I just want to try to bring people into
12    focus.  So I think that the notion of rolling of privilege
13    logs, based on rolling productions, is all fine.
14              I will tell you that, if I can, I will supervise
15    discovery in this case; so I will not send it to the
16    magistrate, unless I find myself overwhelmed with other matters
17    and that I just can't get to it.  In which case, I will then
18    send discrete discovery disputes to Magistrate Judge
19    Gorenstein.
20              And what I would like to get from the parties by,
21    let's say, by the end of -- by July 12, is some proposal with
22    respect to class certification, together with the parties'
23    respective positions on both the number of depositions, the
24    number of people and the number of hours of deposition that the
25    parties are requesting, and we could have a conference in this

1    matter by telephone once again on July 26th at 11:00.  Is that
2    acceptable to the parties?
3            MR. ROSEN:  Mark Rosen for the plaintiffs.  That's
4    acceptable.
5            MR. MUSOFF:  Your Honor Scott Musoff from Skadden,
6    that's acceptable.
7            THE COURT:  Are there any issues that counsel want to
8    raise while we're together?
9            MR. MUSOFF:  Your Honor, Scott Musoff.  Two
10   housekeeping matters to ask your Honor's preference.  One is
11   that Mr. Noski is also substituting separate counsel.
12   Mr. Jossen from Dechert, who is on the phone, has already
13   entered a notice of appearance.
14           THE COURT:  Right.
15           MR. MUSOFF:  And didn't know -- I know we've bombarded
16   the Court at the time, just because of the deadline, with
17   several motions.  I didn't know if your Honor wanted a formal
18   motion for substitution or a proposed order, or if there was
19   anything more convenient for the Court.
20           THE COURT:  Formal motions are not necessary.
21   Everyone's adult.  Just submit stipulations.  In the customary
22   form, a stipulation and order with what the rule requires, just
23   a supporting declaration that says here's incoming counsel, and
24   the case is not going to be delayed and they're up to speed.
25           MR. MUSOFF:  We will do that.  And then, your Honor, I

1   understand that several of the accounts for the individual
2   defendants who are now on board, as well as some of their
3   clients, are traveling over the next few weeks, and we have an
4   answer date for the individuals of June 3rd and I believe there
5   was some counsel that wanted to request a slight extension for
6   the individuals to June 17th, which won't delay any of the
7   discovery or responses to the document requests or anything.
8            THE COURT:  Mr. Rosen, you don't have any problem with
9   that, do you?
10           MR. ROSEN:  No, I don't have a problem, especially as
11  Mr. Musoff said, it's not going to delay the discovery process.
12           THE COURT:  I will enter, as part of my scheduling
13  order from this conference, an extension of time for all
14  defendants to interpose answers to the complaint to June 17.
15  Any other issues that any counsel would like to raise?
16           MR. ROSEN:  None for the plaintiffs, your Honor.
17           THE COURT:  I assume the parties are putting together
18  a proposed protective order that will be consistent with my
19  practices to facilitate document production?
20           MR. MUSOFF:  That is correct, your Honor.  Scott
21  Musoff.
22           THE COURT: Okay.  All right.  Anything else from the
23  defendants?  Once again, silence is wonderful.  So I thank you
24  all.  I fixed a time for the conference in July.  You'll get me
25  your report two weeks in advance, and we'll take it from there.

D5KPPENC

1   All right?  Thank you so much.
2           MR. MUSOFF:  Thank you, your Honor.
3           MR. ROSEN:  Thank you, your Honor.
4           (Adjourned)