```
     D7Q8PENC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   PENNSYLVANIA PUBLIC SCHOOL
     EMPLOYEES' RETIREMENT SYSTEM,
 4
                 Plaintiff,
 5
            v.                                11 Civ. 733 (WHP)
 6
     BANK OF AMERICA CORPORATION,
 7   et al.,

 8               Defendants.

 9   ------------------------------x
                                              July 26, 2013
10                                            11:15 a.m.

11   Before:

12                    HON. WILLIAM H. PAULEY III

13                                            District Judge

14                          APPEARANCES

15   BARRACK, RODOS & BACINE
          Attorneys for Plaintiff
16   BY:  MARK R. ROSEN
          JEFFREY A. BARRACK
17        JEFFREY B. GITTLEMAN

18   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
          Attorneys for Defendant Bank of America Corporation
19   BY:  SCOTT D. MUSOFF
          DAVID E. CARNEY
20
     DLA PIPER, LLP (US)
21        Attorneys for Defendant Brian T. Moynihan
     BY:  JEFFREY D. ROTENBERG
22        JOHN M. HILLEBRECHT

23

24

25
```

```
 1                        APPEARANCES (CONT'D)

 2    DECHERT, LLP
           Attorneys for Defendant Charles H. Noski
 3    BY:  ROBERT J. JOSSEN
           KATHERINE K. RANKIN
 4
      DAVIS, POLK & WARDWELL, LLP
 5         Attorneys for Defendant Neil Cotty
      BY:  LAWRENCE J.PORTNOY
 6         BRIAN M. BURNOVSKI

 7    DEBEVOISE & PLIMPTON, LLP
           Attorneys for Defendant Kenneth D. Lewis
 8    BY:  ADA F. JOHNSON

 9    BAKER BOTTS, LLP
           Attorneys for Defendant Joseph L. Price
10    BY:  MELISSA J. ARMSTRONG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          (In robing room; all counsel appearing via telephone)

2          THE COURT:  Good morning.  This is Judge Pauley.

3   You're on a speakerphone in my robing room and a court reporter

4   is present recording what is being said.

5          We have the appearances of counsel, and I am going to

6   ask each attorney to identify themselves each time they speak

7   so that we can maintain a coherent record here and I will know

8   who is talking, as will the court reporter.

9          Mr. Rosen, are you there?

10          MR. ROSEN:  Yes, your Honor, I am.

11          THE COURT:  Now, I have received the parties'

12   proposal.

13          First, where are the parties with respect to discovery

14   on class certification?

15          MR. ROSEN:  Your Honor, we served document requests on

16   both Bank of America and the individual defendants, and we have

17   served some subpoenas on nonparty defendants.  Previously we

18   had served, with your Honor's permission as you will recall,

19   document preservation subpoenas, and then after we passed the

20   latest hurdle with the motions, we served substantive subpoenas

21   on those parties.

22          We have now had three meet and confer sessions with

23   counsel for Bank of America concerning their document

24   production.  My understanding is that they are going to be

25   producing documents to us, although to date we have only

1  received a handful of organizational charts, but they are
2  working diligently, they assure us, to get the documents to us.
3  Probably Mr. Musoff will be best to describe the exact status
4  of where they are, but we have done that.
5          We have not yet gotten documents from the other
6  defendants, although we think it makes more sense to first
7  resolve the issues with Bank of America.  And we have also had
8  some meet and confer sessions with some of the nonparty
9  respondents to our subpoenas.  But to date we have not received
10 anything on class certification other than a handful of
11 organizational charts.
12         THE COURT:  Why do you believe that you need till
13 February of next year to complete class certification
14 discovery?
15         MR. ROSEN:  Your Honor, here is the thinking that went
16 into this.  The reality is the most substantive briefs on class
17 certification are not the opening brief that we would file.
18         THE COURT:  Certainly not the way you have organized
19 this schedule, which I might as well tell everyone right now, I
20 am not going to entertain a motion schedule like you have
21 proposed.  You are putting the cart before the horse.  That
22 notice of motion will be just pure boilerplate off the shelf,
23 and you're right, nothing will get specific until around the
24 time of the replies six months later.
25         MR. ROSEN:  Your Honor, let me explain why we did what

1  we did, and we negotiated with defense counsel and we all
2  agreed to it.  That's not simply plaintiffs' proposal, it's
3  everyone's proposal.
4        Before we submitted the proposed schedule to the
5  Court, we reached out to defendants just to see if there were
6  any issues related to class certification that they would be
7  willing to either stipulate to or narrow, and they respectfully
8  exercised their rights and said they were not prepared to
9  stipulate to any of those issues at this time.  So it's
10 obviously incumbent upon us as the proponents of class
11 certification to meet our burden.  Although your Honor is
12 correct to a large extent the opening briefs will be
13 boilerplate, we are going to be submitting expert declarations,
14 or a declaration at least with respect to some issues in class
15 certification that we think we are required to under the
16 current state of the law.
17       So recognizing that the meat of the briefing is the
18 defendants' opposition, the defendants wanted 12 weeks and that
19 takes them -- and the reason we were starting with our opening
20 brief going in September 20 rather than earlier is the last
21 couple of weeks in August people tend to be away for family
22 vacations, that's when their kids are out of camp and they are
23 able to get away.  Frankly, the period immediately after Labor
24 Day is the Jewish holidays when a number of lawyers in my
25 office will be away for that reason.  Therefore, we just

1    thought it made more sense to have our opening brief to go in

2    on the 20th.  But the defendants wanted 12 weeks, if we start

3    on the 20th of September, which will give them to December 13.

4            And we wanted as much time as defendants, but agreed

5    to a shorter period of 11 weeks, so ours would go in February

6    28, recognizing that immediately after their briefs go in and

7    defendants can take their well-earned Christmas break, it would

8    be tough for us to get a lot of work done because many of the

9    people will be unavailable, certainly experts and other people

10   we would want to consult with, it's going to be tough to reach

11   those people too.  So we proposed 11 weeks for our reply.  The

12   reality is it's probably nine effective weeks because the last

13   two weeks of December it's hard to get anything done, reaching

14   people and that sort of thing.

15           At that point, your Honor, you should understand

16   plaintiffs and defendants would be deposing each other's class

17   certification experts.  So defendants would give us, presumably

18   with their opposition papers on December 13, one or more expert

19   declarations, and we'd want to be deposing them.  Then we would

20   expect that we would have to do reply declarations, either from

21   our opening expert or other experts, and they'd want to be

22   deposed all of those folks.  So that would be an additional

23   obligation during that process.

24           Your Honor, we certainly are sympathetic to the idea

25   of moving class certification as rapidly as possible.  We just

Case 1:11-cv-00733-WHP   Document 236   Filed 09/27/13   Page 7 of 17    7
D7Q8PENC
1  think the practical logistics would make it difficult to make
2  the schedule significantly shorter than what we have laid out,
3  but your Honor may want to hear from the defendants on this as
4  well.
5          THE COURT:  Mr. Musoff.
6          MR. MUSOFF:  Thank you, your Honor.
7          The defense view was as soon as plaintiffs, and we
8  were hoping it wouldn't be boilerplate, were able to move the
9  class certification with whatever support they have, expert or
10 otherwise, documentary or otherwise, we would then want an
11 opportunity to take depositions of their experts, take a
12 deposition of the lead plaintiff itself, and then submit an
13 opposition, if any, after assessing their motion and their
14 evidentiary and record support for class certification.
15         So it really all triggered off of the date by which
16 plaintiffs were able to put in their class certification motion
17 with support.  And again, our hope was that it wouldn't be
18 boilerplate.  We have had this in other cases, not with these
19 plaintiffs' firms, where the first motion was boilerplate, and
20 then in reply new evidence was put in, and we have had courts
21 provide us the opportunity to then put in a response to that.
22 So we are hoping we are hearing today that the plaintiffs do
23 intend to support their motion with experts and otherwise.
24         So the thought was then having an opportunity to
25 assess what they submit, then do depositions within 30, 45 days

          SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

1  of their motion, and then gather any rebuttal experts that we
2  would have and submit an opposition, if any, depending on what
3  support they have and what their motion looks like and the
4  like.
5       THE COURT: Anyone else want to be heard on behalf of
6  the defendants?
7       All right. Silence is golden.
8       Mr. Rosen, when are you prepared to submit a motion
9  that's not boilerplate?
10       MR. ROSEN: We would hope the motion would not be
11  boilerplate, but we have just started working with an expert.
12  Obviously, there are going to be issues.
13       THE COURT: Why don't you conduct some discovery and
14  inform your expert and take the discovery now, and I will fix a
15  date. You tell me when you think you will have had enough
16  discovery that you can file a motion for class certification
17  that will be meaningful and tailored to this case.
18       MR. ROSEN: Your Honor, part of my difficulty in
19  giving you a definitive response, as much as I would like to,
20  is that we haven't yet had any discovery other than the
21  defendants' organizational charts. And I say that not to
22  criticize the defendants. I know Bank of America has been in a
23  number of cases, and they have lots of demands on their time
24  and their counsel's time. But my understanding of the way
25  discovery was intended to proceed, and typically proceeds, is

1  first you get documentary discovery and then afterwards you
2  take depositions.
3  　　　　It's my understanding from speaking with my
4  colleagues, who are on the phone, as recently as yesterday with
5  attorneys from Skadden, that it all depends on when they are
6  going to give us their response.  They had originally hoped to
7  get us several million pages of documents already, and they
8  have advised us there have been technical and human issues that
9  delayed them.  I assume that's an absolutely honest and
10  truthful statement and I am not challenging it, but until we
11  get some documents, we don't know how to proceed.
12  　　　　Let me just give your Honor a taste of one of the
13  issues or simplest issue.  I would have hoped that, if nothing
14  else, they would have stipulated to numerosity; not just Bank
15  of America, but all of the defendants would have stipulated to
16  numerosity of the class.  And when I sent them my e-mail on
17  July 2, I listed the six issues which are typically present in
18  class certification -- namely, commonality, numerosity,
19  adequacy, typicality under 23(a), and superiority and
20  predominance under 23(b)(3) -- I would have thought at a
21  minimum they would have stipulated to numerosity, and yet they
22  have declined to do so.
23  　　　　We are obviously going to have to submit expert
24  evidence concerning market efficiency, if not on other issues.
25  But for us to give a substantive response, we need to know what

1   issues they are going to be challenging and that still stands
2   in front of us.  And, of course, although we are talking about
3   what we are getting from the defendants, defendants, although
4   they say they want certain discovery, they have obviously not
5   served any discovery on us yet.
6           MR. MUSOFF:  None of the meet and confers and document
7   requests and discovery that we have been talking about, and we
8   do intend to begin a rolling production of millions and
9   millions of pages of documents within the next couple of weeks,
10  but their requests are directed towards the merits and not
11  class discovery.  73 requests purportedly beginning to seek
12  information, which we are still meeting and conferring about,
13  beginning nearly two years before the class period even begins.
14  So none of the discovery that we are about to produce relates
15  in our view to class certification.  Plaintiffs haven't focused
16  or directed us to any discovery they need to make their class
17  certification motion from the defendants as opposed to relating
18  to the market and market reactions and things like that.
19          In terms of the request to stipulate to things, again,
20  a lot of it may depend on the nature of their motion.  We have
21  seen motions in the past where people have brought in the types
22  of securities sought there.  We hope that doesn't happen here.
23  But it is difficult to stipulate before we see in writing what
24  their proposed support is for their class period and what it's
25  like.  And I think that plaintiffs and defendants know that

1    there are only going to be a few areas that are going to be of
2    potential disagreement on class certification, and I think
3    numerosity is probably not one, and I don't anticipate that
4    they are taking much discovery, if anything, on the numerosity
5    front.
6             MR. ROSEN:  To briefly respond to Mr. Musoff's
7    comment.  The only class of securities that are covered by this
8    is common stock.  During the class period, Bank of America, I
9    believe in December of 2009, issued what were called common
10   equivalent securities, which automatically converted during the
11   class period, in February of 2010, into common stock.
12   Obviously, given that this is not a series of rolling
13   disclosure or partial disclosure through the history of the
14   class period, but a single set of disclosures at the end,
15   anyone who bought the common equivalent securities that did not
16   hold it until the end, and certainly past the date when it
17   converted to common stock, would not be part of the class, and
18   therefore it's only going to be involved with basically common
19   stock and the common equivalent that converted to common stock.
20   The class definition is set forth in our amended complaint,
21   which your Honor sustained, obviously not ruling on the merits,
22   but your Honor sustained the legal sufficiency of those claims,
23   and the class period is set forth in that document.
24             So the parameters of the class are clear.  We are not
25   trying to sue on behalf of bonds or anything else.  It's pretty

1    straightforward.  But, unfortunately, defendants have elected
2    to exercise their absolute right to require us to establish
3    every single element with respect to the class motion.
4              Finally, with respect to Mr. Musoff's comment about
5    the focus of our document request, it is my understanding that
6    your Honor did not want stages of discovery first on class and
7    then on merits, and your Honor said, if I recall correctly,
8    that you did not want a witness deposed twice, once on class
9    and once on merits.  So we have been trying to address all of
10   it at once because we thought that would be the most efficient
11   way to proceed.  If your Honor has a better suggestion, we of
12   course are receptive to that.
13             THE COURT:  I am not bifurcating discovery here
14   between class and merits discovery.  But it seems to me that
15   the parties have got to get focused on it.  So I am going to
16   fix a schedule that will make all of you unhappy, but make
17   sense to me.  There may be plenty of judges around who like to
18   see boilerplate motions.  I am not one of them.  It's a waste
19   of my time.
20             You better get cracking on discovery.  And you better
21   focus on some of the issues that are going to frame your class
22   motion.  I am going to require the plaintiffs to file a
23   meaningful class certification motion, not an initial salvo to
24   be refined on reply, but a meaningful motion by November 15.
25   And the defendants will oppose the motion by December 20.  I

1   will take a reply on January 10.  And I am going to hear oral
2   argument in the case on January 31.  That's how we are going to
3   handle that.
4            Now I am going to turn to the number of depositions in
5   the case.  I see that virtually no progress has been made since
6   we had the conference on May 20.  So it's as simple as this.  I
7   have looked at what you have submitted.  It's my view not that
8   I fix a number of depositions, but that I fix hours of
9   deposition.  And so I am going to provide that each side has a
10  total of 250 hours of deposition in the case.  Use them however
11  you want.
12           MR. ROSEN:  Can I ask a question of clarification?
13           THE COURT:  Yes.
14           MR. ROSEN:  If plaintiff notices a deposition that
15  takes X hours of deposition of a particular witness and the
16  defense counsel then starts examining that witness, does that
17  count against the defense counsel's 250 hours?
18           THE COURT:  Yes.  It counts against the questioner.
19           MR. ROSEN:  OK.
20           THE COURT:  If you want to burn up 20 hours on some
21  third party witness that the defendant calls, that's your
22  business.
23           MR. ROSEN:  Very well, your Honor.  Thank you.
24           THE COURT:  250 hours each.  That's it.  And when I
25  say each for the defendants, I mean collectively.

1             MR. MUSOFF:  Yes, your Honor.

2             THE COURT:  Now, are there any other burning issues at

3    the moment because I am going to incorporate the scheduling,

4    and I will fix a time for January 31.

5             MR. ROSEN:  The one other area of disagreement that we

6    had flagged in the joint report was the length of depositions.

7    Plaintiffs' feeling was that there would be at least some

8    depositions where we might need to take more than one day of

9    examination, and especially in light of the fact that your

10   Honor has just put the limit in terms of hours rather than

11   number of depositions, we would respectfully suggest the most

12   logical thing is to say, you can go more than one day if the

13   clock is running on the party who is questioning that witness,

14   rather than have an absolute limit of one day for every

15   witness, certainly as it relates to the individual defendants

16   and some of the other significant witnesses.

17            THE COURT:  I largely agree with that, but first I

18   think if a party believes they are going to use more than one

19   day for deposition, that first they should alert the other side

20   about that.  And if a party believes that they are going to

21   take a deposition for more than two days of a witness, the

22   parties have an opportunity to bring that matter to me to be

23   resolved.  But I expect the parties to work together, and if

24   you wind up spending nine hours in a day on a deposition, I

25   assume that nobody wants to sit around for two days when you

1    can finish it in one day.

2              MR. ROSEN:  Just a point of clarification with respect
3    to your ruling.  If plaintiffs intend to examine a witness for
4    a day and a half, and defendants say they might take that
5    witness collectively for one day, would that be something that
6    we would then need to refer to the Court?

7              THE COURT:  No.  You will have reached an agreement.
8    I just don't want any party sandbagged where they have told
9    their client this deposition will likely be concluded in a day,
10   and then people arrive and there is no intention of completing
11   the deposition in a day, and people are inconvenienced, or
12   clients come to view lawyers as not being forthright with them
13   in what is going on in the case.  That's all.

14             MR. ROSEN:  Thank you, your Honor.

15             THE COURT:  Anything else?

16             MR. MUSOFF:  Not from the defendants, your Honor.

17             THE COURT:  January 31, 11:00.

18             MR. ROSEN:  Is that the date for our argument on the
19   class motion?

20             THE COURT:  Yes.

21             MR. ROSEN:  One other suggestion I would make to your
22   Honor, if your Honor would be interested in considering it, is
23   perhaps you could encourage the parties to meet and confer
24   about the class motion, both the scope and any issues, at least
25   30 days, maybe 45 days before the deadline for plaintiffs'

1  opening brief, and see if the parties can narrow the issues and
2  flag the issues, without prejudice, that they think would
3  arise.
4            THE COURT:  Given my experience so far in this case, I
5  think it's a great suggestion, and I am going to add one more
6  thing to it.  On October 31, the parties are going to submit
7  another joint report to me on precisely what they believe the
8  contours of the class certification motion are going to be.  So
9  if numerosity is still unresolved in the case, maybe we will
10 just resolve it right then, after I see the report, and we will
11 have a conference.
12           MR. ROSEN:  I think that would be very helpful, your
13 Honor.
14           MR. MUSOFF:  We look forward to that.  As I thought I
15 indicated before, any opposition will depend on what they say,
16 and if there isn't one, we are certainly not going to go
17 through the motions.  We just ask, if we are submitting a joint
18 report by October 31, that the plaintiffs be in a position
19 sufficiently in advance of that to substantively discuss their
20 upcoming motion for class certification, including their expert
21 views and things like that, and we are happy to reach agreement
22 on as much as we can.
23           THE COURT:  And those kind of discussions should be
24 occurring earlier in October so that you can prepare a joint
25 report.  Because then you will be beyond summer camp and the

1   Jewish holidays, and we won't yet be to the end of the year
2   when nobody else is working, I guess, except federal judges,
3   but we will probably be sequestered by then so it won't matter
4   anyway.  Sequester is coming.  From what I am hearing, it's
5   going to have a profound impact on the administration of
6   justice, especially civil cases.  So I intend to keep this case
7   moving.
8           MR. ROSEN:  On behalf of the plaintiffs, we very much
9   agree with and appreciate your Honor's approach on this.
10          THE COURT:  Flattery will get you everywhere.
11          Have a great weekend, gentlemen.
12          (Adjourned)