| | |
|---|---|
| BARRACK, RODOS & BACINE<br>Two Commerce Square<br>2001 Market Street<br>Suite 3300<br>Philadelphia, PA 19103 | SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>Four Times Square<br>New York, NY 10036 |

December 22, 2014

*Via ECF and Federal Express*

Honorable William H. Pauley, III
United States District Judge
 for the Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007-1312

        Re:    **Pennsylvania Public School Employees' Retirement System v. Bank of America Corp.,** *et al.*, **No. 11-CV-00733 (WHP)**

Dear Judge Pauley:

       Counsel for plaintiff and defendant Bank of America Corp. ("BoA") respectfully submit this joint letter pursuant to Local Rule 37.2 and Your Honor's Individual Rules of Practice to request a pre-motion conference with respect to the discovery dispute described below.

**Plaintiff's Intended Motion**

       BoA has submitted nearly 20,000 pages of privilege logs listing various documents it either withheld or redacted. A significant portion of these entries are for documents withheld or redacted based upon BoA's assertion of the bank examiner privilege ("BEP"). BoA's counsel also has recently repeatedly cited the BEP in objecting and instructing witnesses not to answer questions and in "clawing back" documents on the eve of, or even after, depositions. Plaintiff requests permission to file a motion to compel so that the Court may issue a decision determining what type of documents or testimony are, and are not, covered by the BEP.

       On Dec. 10, 2014, I sent a detailed, nine page letter to BoA's counsel setting forth plaintiff's position, and providing a representative list of documents that illustrate how BoA has improperly withheld or redacted responsive documents. I then participated in a telephone call with BoA attorneys Scott Musoff and David Carney on Dec. 12, 2014 seeking to resolve our differences. Despite these efforts, the parties remain far apart in their views of the BEP and the issue is now ripe for motion practice.

Honorable William H. Pauley, III
December 22, 2014
Page 2

### A.     The Proper Nature and Assertion of the Bank Examiner Privilege

The law is well established in the Second Circuit that the BEP is limited in both its scope and application. As Judge Scheindlin recently explained, "[t]he bank examination privilege belongs solely to ... banking regulatory entities and may not be asserted by third parties on behalf of the banking agencies." Accordingly, it is the regulatory agency, not BoA, that must assert, and has the burden of persuading the court that both: (1) the sought after materials are deliberative rather than factual; and (2) the deliberative portions cannot be redacted from the documents. *Wultz v. Bank of China Ltd.*, ___ F.R.D. ___, 2013 WL 1453258, *4-6 (S.D.N.Y. April 9, 2013). In addition, BoA's "internal business records of the facts ... are not subject" to the BEP. *Shirk v. Fifth Third Bancorp.*, 2008 WL 2661955, *3 (S.D. Ohio July 2, 2008).

After a determination is made that the relevant document is a communication with the banking regulatory agency and thus *might* be privileged under the BEP, the proper analysis involves a two-step process. *Wultz, supra* at *4; *Federal Housing Finance Agency v. JPMorgan Chase & Co.*, 978 F.Supp.2d 267, 277-79 (S.D.N.Y. 2013) (Cote, J.) (following *Wultz*). *First*, purely factual material, including factual contents of bank examination reports, falls outside the BEP, and comments of a bank examiner will not be considered "opinion" protected from disclosure where they really constitute factual statements by a first-hand observer, *In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. 577, 583 (E.D.N.Y. 1979) (Weinstein, J.). *Second*, because BEP is only a qualified privilege, even if all or part of a document might otherwise fall within its scope, the Court may override the BEP if the requesting party demonstrates good cause "where necessary to promote the paramount interest of the Government in having justice done between litigants." *In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992). Judge Scheindlin explained in *Wultz, supra* at *4, that in determining whether to override the asserted privilege, the courts apply a multi-factor test established in *Franklin*, including the relevance of the evidence sought, availability of other evidence, and seriousness of the litigation and the issues involved.[1] *See Principe v. Crossland Savings, FSB*, 149 F.R.D. 444, 447-48 (E.D.N.Y. 1993) (same); *Forstmann Leff Associates, Inc. v. American Brands, Inc.*, 1991 WL 168002, *3 (S.D.N.Y. Aug. 16, 1991) (Canella, J.) (same). The Court may order that even the portion of a bank examiner's report that contains opinions, analysis and deliberations of the agency be disclosed where relevant to the issue of defendants' scienter, *Wultz, supra* at *8-11. This principle applies where, as here, plaintiff seeks documents as potentially relevant to prove scienter in securities fraud action, *Forstmann Leff, supra* at *4 (in deciding whether to override qualified privilege, consider fact that "there is no other available means for [litigants] to determine whether [bank] examiners warned [adverse parties] of the risks"); *Schreiber v. Society for Savings Bancorp, Inc.*, 11 F.3d 217, 222 (D.C. Cir. 1993) ("inconsistency between Bancorp's own records – which are indeed available from the institution – and the information it provided

---

[1] Contrary to BoA's attack on *Franklin* as an out-of-date decision, every circuit court that has considered Judge Weinstein's landmark ruling has followed it. *In re Bankers Trust Co.*, 61 F.3d 465 (6th Cir. 1995); *FTC v. Warner Comm'ns, Inc.*, 742 F.2d 1156 (9th Cir. 1994); *In re Subpoena, supra*.

to the bank examiners could be relevant to the officers' scienter" in underlying securities class action).[2]

Judge Scheindlin further ruled that when the document request putatively subject to the BEP is addressed to a private party, rather than to the government regulator, the parties may proceed pursuant to the Federal Rules of Civil Procedure and are *not* required to first make a request to the agency under its regulations.[3] *Wultz, supra* at *6. Thus, agency regulations purporting to require a party to go through the agency's administrative procedures to request such documents from the agency, and subjecting banks or others to the possibility of criminal charges for disclosing such information without the agency's authorization, conflict with Rule 34 of the Federal Rules of Civil Procedure, and are unenforceable. *Merchants Bank v. Vescio*, 205 B.R. 37, 40-41 (D. Vt. 1997).

### B. Overbroad Assertions of the Bank Examiner Privilege in Recent Depositions

Recent depositions of bank witnesses further demonstrate that BoA has been taking an overly expansive view of the potential application of the BEP. For example, at the deposition of former BoA employee Mark Ulmer on Nov. 21, 2014, BoA's counsel stated that he was going to instruct the witness not to answer questions related to internal discussions at the bank about any regulatory inquiries or the bank's response. Ulmer Tr. 93:9 to 94:1, 97:6 to 97:24.

### C. Plaintiff's Conclusion

The very weak basis for the assertion of the BEP here was underscored by one court in this Circuit which observed, "it should be noted that an overwhelming majority of courts that have considered the disclosure of reports of bank examiners have ruled in favor of their production." *Principe*, 149 F.R.D. at 450. Moreover, Judge Scheindlin noted a fundamental reason for skepticism about broad assertions of the BEP, namely, "questions have repeatedly been raised about the OCC's independence from the banks it oversees" with "the OCC repeatedly characterized as an agency captured by the entities it was charged with regulating, the classic example of agency failure." *Wultz, supra* at *11 & n.102. In its motion, plaintiff will seek a ruling from the Court that the BEP does not apply to plaintiff's document requests or questioning of bank witnesses. In the alternative, plaintiff will seek a ruling establishing that the BEP does not preclude the disclosure of (a) factual matters in bank examiner communications; (b) internal communications among bank employees relating to the examination; or (c) bank responses to regulators. As a result of this determination, plaintiff will ask the Court to order

---

[2] Moreover, some courts have held that a bank's creation of documents for the OCC or another bank regulator in response to the regulator *cannot* serve to exempt the bank's own documents from disclosure under the BEP. *See, e.g., Lundy v. Interfirst Corp.*, 105 F.R.D. 499, 502, n.3 (D.D.C. 1985) (OCC could not properly assert privilege over documents submitted by bank in course of examination).

[3] That plaintiff is seeking these documents from a private party and not the regulators shows why BoA's argument that plaintiff was required to apply to, and exhaust administrative procedures of, regulators is simply irrelevant.

Honorable William H. Pauley, III
December 22, 2014
Page 4

BoA to produce documents previously redacted or withheld on this basis and to allow plaintiff to question present or former bank employees on these topics.

**Bank of America's Response**

Plaintiff cannot dispute that the BEP belongs to the regulator or that Bank of America ("BAC") is prohibited from waiving the BEP or producing covered documents, absent contrary direction from the regulator or an order of this Court *after* the regulator has had an opportunity to assert any privilege. Accordingly, over five months ago, BAC produced privilege logs identifying each document being withheld under the BEP. Plaintiff was free to contact each of the regulators to see if they would waive the privilege and, if they did not, to exhaust the requisite administrative procedures. Instead, Plaintiff chose to do nothing. Five months and 16 depositions later, Plaintiff, without reference to any document, asks this Court to rule that the BEP has no application to this case. Plaintiff's December 10 letter and the parties' December 12 meet and confer (especially without having engaged the regulators), come too late to be effective. Accordingly, Plaintiff's application is both untimely and wrong on the merits.

### A. Plaintiff Failed to Exhaust the Relevant Administrative Procedures or Otherwise Engage the Regulators

Plaintiff never sought to engage the regulator in the first inquiry—whether it will assert or waive the BEP. Plaintiff's own cases establish that the BEP belongs to the regulator and can only be waived by it. *E.g.*, *Wultz*, 2013 WL 1453258, at *4-6. To protect its deliberative process, each regulator has administrative procedures that must be followed by a party seeking BEP materials before it makes a determination to assert or waive the BEP. *E.g.*, 12 C.F.R. § 4.31 *et seq.* In the past, BAC's regulators have instructed it not to produce documents that might implicate the BEP without their approval following the other litigant's adherence to the administrative procedures. Plaintiff must exhaust these procedures before the Court can compel production. *E.g., In re JPMorgan Chase Mortg. Modification Litig.*, 2012 WL 5947757, at *2 (D. Mass. Nov. 27, 2012); *In re Countrywide Fin. Corp. Sec. Litig.*, 2009 WL 5125089, at *2 (C.D. Cal. Dec. 28, 2009). *Wultz*, cited by Plaintiff, represents a minority view and appears to contradict this Circuit's authority. *In re SEC ex rel. Glotzer*, 374 F.3d 184, 192 (2d Cir. 2004) (requiring exhaustion before court has jurisdiction over agency response to subpoena). But, even if exhaustion were not required, the regulators must be given an opportunity to be heard before the Court can order production. *JPMorgan Chase*, 2012 WL 5947757, at *2 n.1 (discussing minority view that exhaustion is not required and noting that regulator must be given opportunity to assert and defend BEP); *cf. Wultz*, 2013 WL 1453258, at *1-3. Here, Plaintiff has made no effort to seek input from the regulators or even meet and confer with them prior to this application. (BAC intends to notify the OCC, the regulator whose privilege is most implicated.)

### B. The Bank Examination Privilege Is Far Broader Than Plaintiff Contends

Plaintiff misapprehends the scope of the BEP. BAC's preservation of the BEP has been consistent with applicable law. Plaintiff has launched a legally unsupportable broadside asking

the Court to rule the BEP inapplicable here. First, Plaintiff contends that the BEP applies only to opinions of the regulator and not to communications from BAC to the regulator or internal BAC communications. This is simply incorrect. In *FHFA v. HSBC North American Holdings Inc.* ("*HSBC*"), 2014 WL 1909446 (S.D.N.Y. May, 12, 2014), Judge Cote concluded that the BEP covers examiner opinions and recommendations *and* the bank's response to examiner inquiries. *Id.* at *3; *see also Linde v. Arab Bank, PLC*, 2009 WL 3055282, at *1 (E.D.N.Y. Sept. 21, 2009).

In addition, the BEP also extends to a bank's internal documents prepared in response to or in connection with the regulatory supervision. In *Atlantic Financial Federal Securities Litigation*, 1992 WL 50074 (E.D. Pa. Mar. 3, 1992), the court concluded that the financial institution "may not be required to produce internally generated reports, supervisory correspondence or other documents prepared as a direct result of or in connection with the examination process." *Id.* at *4. Plaintiff's reliance on *Shirk v. Fifth Third Bancorp*, 2008 WL 2661955 (S.D. Ohio July 2, 2008), to argue the contrary misinterprets that case. In the context of determining whether to override the BEP, the court in *Shirk* addressed "internal business records of the facts" created *independent* of the examination process, *id.* at *3, not "internally generated reports, supervisory correspondence, or other documents prepared as a direct result of or in connection with the examination process," *Atlantic Fin.*, 1992 WL 50074, at *4. The holding in *Atlantic Financial* is consistent with the purpose of the BEP—the encouragement of candor by financial institutions in addressing regulatory inquiries—which logically extends to a bank's internal work done to respond to regulatory inquiries. *E.g., Linde*, 2009 WL 3055282, at *1.

Second, Plaintiff suggests a narrow definition of "opinion" and a broad definition of "fact." For example, Plaintiff asserts that examiner comments are facts because they are first-hand observations. *In re Franklin Nat'l Bank Sec. Litig.*, 478 F. Supp. 577, 583 (E.D.N.Y. 1979). This 35-year-old characterization of examiner observations as facts has been supplanted. *E.g., In re Providian Fin. Corp. Sec. Litig.*, 222 F.R.D. 22, 27-28 (E.D.N.Y. 2004). Plaintiff also implies that fact always can be segregated from opinion. The opposite is true. Often, facts are inextricably intertwined with opinion such that courts have determined that production of factual material need not be made. *HSBC*, 2014 WL 1909446, at *3.

Third, Plaintiff suggests any regulator's assertion of the BEP will be overcome by a five-part test that many courts apply to determine whether otherwise privileged information should be produced. The factors include relevance, availability of other evidence, seriousness of the ligation, involvement of the government, and potential chilling effects. Plaintiff fails to mention its burden in this individualized inquiry set forth in the cases it cites, *e.g., Wultz*, 2013 WL 1453258, at *4 (discussing "good cause" standard applied to individual *in camera* inspection), or to show "good cause" to override the BEP with respect to any individual document, let alone all documents over a three-plus year period. Plaintiff only addresses one factor—relevance—in its conclusory argument. If applicable, the factors oppose overriding the BEP and the regulators should be given an opportunity to address them.

The two-decade-old cases Plaintiff cites in support of overriding the BEP are inapposite. Each involved a failed financial institution. *Schreiber*, 11 F.3d at 217 (defendant bank was

acquired by another bank prior to appellate litigation, which did not even conclude that the BEP was overcome); *Principe*, 149 F.R.D. at 446 (OTS "closed the bank, appointing the FDIC as receiver."); *Fortsmann Leff*, 1991 WL 168002, at *1 (discussing RTC's conservator status for certain plaintiffs). Thus, the relevant inquiries there were in a much different context.[4]

More recent cases show that the factors do not support overriding the BEP. In *Providian*, the court declined to override the BEP because the third through fifth factors did not support production of BEP material. The court acknowledged that the first two factors favored production; however, the court concluded that the remaining factors outweighed the first two. *Providian*, 222 F.R.D. at 28. In *Shirk*, the Court found against overriding the BEP because, in part, the bank's "internal business records of the facts … are likely to show when [it] became aware of these issues," a money damages action is not serious enough to require production, the regulators have no "direct interest in the outcome of this case," and production may have a chilling effect. 2008 WL 2661955, at *3. The instant case is more like *Providian* and *Shirk* than the cases Plaintiff cites. Accordingly, the five factors do not favor overriding the BEP.

### C. The Relief Plaintiff Seeks Cannot Be Granted in the Abstract

Plaintiff seeks abstract relief rather than challenging specific documents. Plaintiff seeks to find that the BEP "does not apply to plaintiff's" discovery or in the alterative a ruling that the BEP does not preclude disclosure of "(a) factual matters in bank examiner communications; (b) internal communications among bank employees relating to the examination; or (c) bank responses to regulators." In other words, Plaintiff seeks broad-based rules in a context where individual inquiry is required. *E.g., JPMorgan Chase.*, 978 F. Supp. 2d at 279.

Plaintiff rejected BAC's efforts to avoid this abstraction by addressing specific documents. During the meet and confer, BAC offered to discuss the documents listed in Plaintiff's letter or take other steps to narrow issues or focus on types of documents, that is, to provide the context courts demand for the relevant inquiry. Plaintiff rebuffed BAC.

### D. Bank of America's Conclusion

Plaintiff's application should be denied because (i) it is belated; (ii) plaintiff made no effort to engage the regulators; and (iii) Plaintiff asserts an unreasonably narrow version of the BEP and seeks a broad-based waiver rather than a document-by-document analysis.

\* \* \*

Counsel stand ready to participate in a conference with the Court with respect to this matter at Your Honor's convenience.

---

[4] Other distinguishing factors undermine Plaintiff's cases. Two have direct government involvement, a key factor absent here. *Principe*, 149 F.R.D. at 449 (Government had a "direct interest in the outcome."); *Fortsmann Leff*, 1991 WL 168002, at *4 ("OTS ha[d] an interest in the litigation."). Plaintiff omitted this factor from its recitation.

Respectfully,

*[signature: Mark R. Rosen]*

Mark R. Rosen
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street
Suite 3300
Philadelphia, PA 19103
*Counsel for Pennsylvania Public School Employees' Retirement System*

*[signature: Scott D. Musoff / MRR with permission]*

Scott D. Musoff
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
*Counsel for Bank of America Corporation*