USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 2/6/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PENNSYLVANIA PUBLIC SCHOOL
EMPLOYEES' RETIREMENT SYSTEM,        :
individually and on behalf of all others
similarly situated,                                    :        11 Civ. 733 (WHP)

                       Plaintiff,        :        **AMENDED STIPULATION**

           v.                        :        **ECF Case**

BANK OF AMERICA CORPORATION, et        :
al.,
                                   :

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM H. PAULEY, III, U.S.D.J.

       The parties having agreed to the following terms of confidentiality, and the Court having

found that good cause exists for issuance of an appropriately-tailored confidentiality order

governing the pre-trial phase of this action, it is therefore hereby

       ORDERED that any person subject to this Order – including without limitation the

parties to this action, their representatives, agents, experts and consultants, all third parties

providing discovery in this action, and all other interested persons with actual or constructive

notice of this Order – shall adhere to the following terms:

       1.      Material that qualifies for protection under this Order should be clearly so

designated before the material is disclosed or produced, except as otherwise provided for herein.

Any person subject to this Order who receives from any other person any "Discovery Material"

(*i.e.*, information of any kind provided in the course of discovery in this action) that is designated

as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose

such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

(a)   Any person who discloses Discovery Material (the "Disclosing Party") may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal, client or customer information concerning individuals or other entities (including, but not limited to, name, Social Security Numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit, and banking information).

(b)   Any Disclosing Party may, subject to the provisions of this Order, designate as "Highly Confidential" any Discovery Material that the Disclosing party reasonably and in good faith believes contains trade secrets or other information that the Disclosing Party reasonably believes would result in competitive, commercial, or financial harm to the Disclosing Party or its personnel, clients, or customers.

2.   With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Disclosing Party or their counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by thereafter producing for future public use another copy of the Discovery Material with the Confidential or Highly Confidential information redacted.  With respect to deposition transcripts and exhibits, a Disclosing Party or their counsel may indicate on the record that a question calls for Confidential or Highly Confidential

information, in which case the transcript of the designated testimony shall be bound in a separate

volume and marked "Confidential Information Governed by Protective Order" by the reporter.

   3.  If at any time prior to the trial of this action, a Disclosing Party realizes that some

portion of Discovery Material it previously produced without limitation should be designated as

Confidential or Highly Confidential, it may so designate by apprising all parties in writing, and

such designated portion of the Discovery Material will thereafter be treated as Confidential or

Highly Confidential under the terms of this Order, except that all designations must be received

more than 14 calendar days before any non-Producing Party is due to file a motion or pleading or

participate in a hearing in which it is reasonably likely that the non-Producing Party is likely to

rely upon Confidential or Highly Confidential Discovery Material that is not so designated, and

all designations must be received more than 30 calendar days before the scheduled date for trial,

failing which Discovery Material need not be treated as Confidential or Highly Confidential for

the purpose of that particular motion, pleading, hearing or trial.

   4.  No person subject to this Order, other than the Disclosing Party, shall disclose any

Confidential Material to any other person, except to the following persons after providing each

such person(s) a copy of this Protective Order:

   (a)  the parties to this action;

   (b)  counsel retained specifically for this action, including any paralegal, clerical, and

other assistant employed by such counsel and assigned to this action;

   (c)  litigation support personnel and firms, such as copying services, imaging services,

and coding services;

   (d)  present or former officers, directors, trustees, or employees of any of the parties

(or any of the parties' corporate affiliates)  to the extent that such disclosure is reasonably

necessary to the prosecution or defense of this action, and, as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e)     any person whom counsel for a party in good faith believes may be deposed or may testify at trial in this action, to the extent such disclosure is deemed necessary by counsel for the prosecution or defense of the action, during the course of depositions or testimony in the action and, to the extent necessary, in preparation for such depositions or testimony in the action, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Information;

(f)     expert witnesses, consultants, or vendors providing litigation-related services, including jury or focus group consultants, who are employed or retained by a party in connection with the prosecution or defense of the action, provided that counsel, in good faith, requires their assistance in connection with the action, and further provided that any report created by such expert or consultant that relies on or incorporates Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation, and further provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     special masters and/or third parties appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, and, to the extent other non-parties are involved in any such settlement meetings, the other non-parties;

(h)     outside vendors, such as court reporters, videographers, and duplicating services, to the extent necessary for the prosecution or defense of the action, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(i)      the Court and its support personnel.

5.      No person subject to this Order, other than the Disclosing Party, shall disclose any Highly Confidential Material to any other person, except to the following persons after providing each such person(s) a copy of this Protective Order:

(a)      up to six (6) officers, directors, or trustees of parties, in addition to counsel retained specifically for this action and any in house counsel with responsibility with respect to this action, including any paralegal, clerical, and other assistant employed by such outside or in house counsel and assigned to this action;

(b)      litigation support personnel and firms, such as copying services, imaging services, and coding services;

(c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)      any person whom counsel for a party in good faith believes may be deposed or may testify at trial in this action, to the extent such disclosure is deemed necessary by counsel for the prosecution or defense of the action, during the course of depositions or testimony in the action and, to the extent necessary, in preparation for such depositions or testimony in the action, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Information;

(e)      expert witnesses, consultants, or vendors providing litigation-related services, including jury or focus group consultants, who are employed or retained by a party in connection with the prosecution or defense of the action, provided that counsel, in good faith, requires their assistance in connection with the action, and further provided that any report created by such expert or consultant that relies on or incorporates Confidential Discovery Material in whole or in

part shall be designated as "Highly Confidential" by the party responsible for its creation, and further provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

     (f)    special masters and/or third parties appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, and, to the extent other non-parties are involved in any such settlement meetings, the other non-parties;

     (g)    outside vendors, such as court reporters, videographers, and duplicating services, to the extent necessary for the prosecution or defense of the action, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

     (h)    the Court and its support personnel.

     6.    Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 4(c), 4(f), 4(g), 4(h), 5(b), 5(e), 5(f) or 5(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms.  To the extent that a person required to sign a Non-Disclosure Agreement pursuant to this paragraph declines to sign, the parties shall meet and confer.  Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

     7.    All Confidential and Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Confidential or Highly Confidential Discovery Material, shall be filed under seal according to

the Court's individual rules of practice.  Parties must obtain leave of the Court before filing any document under seal.  Any sealing request shall include a party's proposed redactions.  If leave is granted, parties must file redacted copies with the Clerk of the Court.  The parties will use their best efforts to minimize such sealing.

8.      Confidential and Highly Confidential Discovery Material may be used only for the purposes of this litigation, or any appeal therefrom, and for no other purposes, including, without limitation, in any other legal proceeding, whether administrative, judicial, or regulatory.

9.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the final pretrial conference of this action serve upon counsel for the Disclosing Party a written notice stating the objection or request.  If an agreement cannot be reached promptly, counsel for the Disclosing Party shall notify all affected persons in writing and, in accordance with the Court's individual rules of practice and Local Civil Rule 37.2, shall seek to convene a joint telephone call with the Court to obtain a ruling.  The burden of proof as to whether the information should be protected shall be on the proponent seeking confidentiality.  Disputed information shall remain Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation and Order until the Court rules or the Disclosing Party withdraws such designation in writing.

10.      All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.  The Court also retains discretion whether to afford confidential treatment to any Confidential or Highly Confidential document or information contained in any Confidential or

Highly Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.     Each person who has access to Confidential or Highly Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13.     If a Disclosing Party notifies all other parties in writing of any inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide notice to counsel of the Disclosing Party that all such information has been returned or destroyed.  A Disclosing Party must provide notice that the Disclosing Party is clawing back any document, either by redacting the document or withdrawing the document in its entirety, at least five business days before a previously scheduled deposition.  If a Disclosing Party does not give such notice at least five business days before a scheduled deposition, that document may be used at that deposition, and no instruction may be given to the witness not to answer a question about that document or its contents.  Nothing herein shall prevent an instruction based upon privileged information not disclosed in that document or shall constitute a general waiver of privilege with respect to the subject matter reflected in that document.

14.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal and shall not assert the inadvertent disclosure as a ground for entering such an Order.

16.     The Disclosing Party retains the burden of proof in establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17.     This Protective Order shall survive the termination of the litigation.  Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be promptly returned to the Disclosing Party, or, upon permission of the Disclosing Party, destroyed; provided, however, that the receiving party may retain copies of any Confidential or Highly Confidential Discovery Material that is:  (1) attached to any pleading, motion paper, or other submission filed with the Court; (2) included in correspondence with the Court or between the parties; or (3) marked as an exhibit to a deposition or at trial.

18.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19.     To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information[1] (hereinafter, "Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement.  To the extent any Non-Party Borrower Information Law requires a Disclosing Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in the September 16, 2013 stipulated protective order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Disclosing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in this action.  To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in the September 16, 2013 stipulated protective order, the volume of documents to be produced and the ongoing oversight of the Court, Disclosing Parties, consistent with the relevant Non-Party Borrower Information Law, are explicitly prohibited from providing

---

[1]     For purposes of this Order, Non-Party Borrower Information shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, et seq. and its implementing regulations, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.

such notice in this action; provided, however, that this Order shall not prohibit any Disclosing

Party from contacting any person or entity for any other purpose. Any Disclosing Party may seek

additional orders from this Court that such party believes may be necessary to comply with any

Non-Party Borrower Information Law.

SO STIPULATED AND AGREED.
Dated:  January 30, 2015

_A. Arnold Gershon / TW_

A. Arnold Gershon (agershon@barrack.com)
William J. Ban (wban@barrack.com)
Michael A. Toomey (mtoomey@barrack.com)
BARRACK, RODOS & BACINE
425 Park Avenue, 31st Floor
New York, New York  10022
(212) 688-0782

Leonard Barrack (lbarrack@barrack.com)
Daniel E. Bacine (dbacine@barrack.com)
Mark R. Rosen (mrosen@barrack.com)
Jeffrey A. Barrack (jbarrack@barrack.com)
Jeffrey B. Gittleman (jgittleman@barrack.com)
Chad A. Carder (ccarder@barrack.com)
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
(215) 963-0600

*Attorneys for Lead Plaintiff Pennsylvania Public
School Employees' Retirement System*

Jay B. Kasner (jay.kasner@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Paul J. Lockwood
(paul.lockwood@skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

*Attorneys for Defendant Bank of America
Corporation*

SO  ORDERED:                                    2/6/15

WILLIAM H. PAULEY  III U.S.D.J.

_Patrick J. Smith / TW_

Patrick J. Smith
(patrick.smith@dlapiper.com)
Jeffrey David Rotenberg
(jeffrey.rotenberg@dlapiper.com)
John Michael Hillebrecht
(john.hillebrecht@dlapiper.com)
DLA PIPER US LLP (NY)
1251 Avenue of the Americas
New York, New York  10020
(212) 335-4500

*Attorneys for Defendant Brian T. Moynihan*


_Robert Jeffrey Jossen / TW_

Robert Jeffrey Jossen
(robert.jossen@dechert.com)
L. Danielle Toaltoan
danielle.toaltoan@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036-6797
(212) 698-3500

*Attorneys for Defendant Charles H. Noski*


_Colby A. Smith / TW_

Colby A. Smith (casmith@debevoise.com)
Ada Fernandez Johnson
(afjohnso@debevoise.com)
DEBEVOISE & PLIMPTON (DC)
555 13th Street, N.W.
Washington, D.C.  20004
(202) 383-8000

*Attorneys for Defendant Kenneth D. Lewis*

_Lawrence Jay Portnoy / TW_

Lawrence Jay Portnoy (portnoy@dpw.com)
Brian Marc Burnovski
(brian.burnovski@dpw.com)
Charles S. Duggan
(charles.duggan@dpw.com)
DAVIS POLK & WARDWELL L.L.P.
450 Lexington Avenue
New York, New York  10017
(212) 450-4000

*Attorneys for Defendant Neil Cotty*

_Richard Harper / TW_

Richard Harper
(richard.harper@bakerbotts.com)
BAKER BOTTS LLP (NY)
30 Rockefeller Plaza
44th Floor
New York, New York  10112
(212) 408-2568

Julia Guttman
(julia.guttman@bakerbotts.com)
BAKER BOTTS LLP (DC)
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 639-7700

*Attorneys for Defendant Joe L. Price*

SO ORDERED.

_____
WILLIAM H. PAULEY, III, U.S.D.J.

Dated:          New York, New York
                _____, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PENNSYLVANIA PUBLIC SCHOOL          :
EMPLOYEES' RETIREMENT SYSTEM,       :
individually and on behalf of all others
similarly situated,                 :    11 Civ. 733 (WHP)

     Plaintiff,    :    **ECF Case**

   v.                 :    **Electronically Filed**

BANK OF AMERICA CORPORATION, et     :
al.,
         :

    Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential and/or Highly Confidential.  I agree that I will

not disclose such Confidential or Highly Confidential Discovery Material to anyone other than

for purposes of this litigation and that at the conclusion of the litigation I will return all discovery

information to the party or attorney from whom I received it.  By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the Southern District of New York for the

purpose of any issue or dispute arising hereunder and that my willful violation of any term of the

Protective Order could subject me to punishment for contempt of Court.


Dated: _____       _____