

**Federal Deposit Insurance Corporation**
New York Legal Services Office
350 Fifth Avenue – Suite 1200
New York, New York 10118

Thomas M. Clark
Counsel
Telephone: (917) 320-2855
Facsimile:  (917) 320-2917
E-mail:   thclark@fdic.gov

March 23, 2015

<u>**Via ECF**</u>

The Honorable William H. Pauley, III
United States District Judge
U. S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    <u>Pennsylvania Public School Employees' Retirement System v. Bank of America Corporation</u>, U.S. District Court for the Southern District of New York, Case No. 11-CV-00733-WHP

Dear Judge Pauley:

      The Federal Deposit Insurance Corporation ("FDIC") is a non-party in the above-captioned action.  I write in response to Your Honor's Order of January 22, 2015 inviting the bank regulators "to submit a response (including any response to this Order and the procedures contemplated hereunder.)"

      **A.  The Privilege and the FDIC's Confidentiality Regulations**

      The "bank examination privilege" is a qualified litigation privilege that has been created under common law to protect the confidentiality of bank supervisory information.  This unique privilege is intended to encourage open and candid communication – free from public disclosure and consumer speculation – between federal banking regulators and the financial institutions they supervise.  Indeed, courts have long recognized the important public policy in support of protecting bank examination materials from public disclosure.  Courts also acknowledge that the disclosure of bank supervisory records could have a significant adverse impact; not only creating a "chilling effect" on candid communication between regulators and their supervised entities, but also breeding public misunderstanding of an examiner's comments, unduly undermining confidence in a bank.

      Accordingly, courts have broadly construed "confidential supervisory information" when evaluating whether federal banking agency records are protected from disclosure.  In fact, some courts have relied on *both* the bank examination privilege and the applicable federal regulations to protect examination reports and related materials from disclosure.

Hon. William H. Pauley, III
Case No. 11-CV-00733-WHP
March 23, 2015
Page 2

In a case such as this, where the FDIC is not a party to the underlying litigation, it relies on its disclosure regulations contained in 12 C.F.R. Part 309, to determine whether it should authorize disclosure of information protected by the bank examination privilege. Because the bank examination privilege is notably a qualified one, the FDIC's disclosure regulations reflect that fact. As such, the FDIC does not assert the bank examination privilege to shield from disclosure purely factual, non-supervisory information. Similarly, the FDIC does not invoke the privilege to protect documents that the bank generated internally for its own business purposes but frequently furnishes to the regulators.

The FDIC's regulations establish that reports of examination and related material are confidential. 12 C.F.R. § 309.5. Specifically, 12 C.F.R. § 309.5(g)(8) provides an exemption from disclosure for:

> Records that are contained in or related to examination, operating, or condition reports prepared by, or behalf of, or for the use of the FDIC or any agency responsible for the regulation or supervision of financial institutions.

Additionally, the FDIC's Part 309 regulations clearly prohibit the disclosure of information that is exempt under Part 309.5 without prior approval from the agency. 12 C.F.R. § 309.6. This additional regulatory provision specifies that protected records (such as bank examination materials) are the property of the FDIC and exempt from disclosure notwithstanding that such information may also be within a financial institution's possession, custody, or control. 12 C.F.R. § 309.6(a). It further states that "under no circumstances" shall anyone "disclose or make public in any manner" these exempt records "without written authorization" from the appropriate FDIC official. 12 C.F.R. § 309.6(a). Accordingly, neither financial institutions nor other third parties may disclose such records without express written authority from the appropriate FDIC official. While the FDIC has limited discretion to release exempt records relating to such matters, it will do so where such information is relevant to the litigation, but only upon a demonstration of good cause justifying disclosure, and where a protective order has been entered that adequately protects the interests of the FDIC, the depository institution and third parties. *See* 12 C.F.R. § 309.6(b)(8)(i).

B.   **The Documents at Issue**

Pursuant to Your Honor's Order dated January 22, 2015, the parties submitted two documents to the FDIC for review. These are two among hundreds of FDIC documents the Bank of America designated as subject to the bank examination privilege. The FDIC authorizes Bank of America to produce one of these documents – specifically BAC-PPSERS-04-002722499. The other, PLOG108416, was written by an employee of the FDIC working with the Comptroller of the Currency (OCC) at the time it was written. The OCC, not the FDIC, is best suited to address the disclosure decision and claims of privilege relating to that document.

Hon. William H. Pauley, III
Case No. 11-CV-00733-WHP
March 23, 2015
Page 3

      Regarding the hundreds of remaining documents, which the FDIC was not asked to review, the FDIC joins with the OCC in urging the Court to refrain from compelling the disclosure of any document Bank of America has designated as subject to the bank examination privilege until plaintiffs have complied with the FDIC's administrative process.

Dated:  March 23, 2015

      Respectfully submitted,

      Federal Deposit Insurance Corporation – Legal Division
      New York Legal Services Office
      350 Fifth Avenue – 12th Floor
      New York, New York 10118

      By:

      s/ Thomas M. Clark

      Thomas M. Clark
      thclark@fdic.gov
      Telephone: (917) 320-2855

      *Attorneys for Non-Party Federal Deposit Insurance Corporation, in its Corporate Capacity*

cc: All Counsel of Record (via ECF)