UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION NO. 11-CV-00733-WHP CLASS ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| BANK OF AMERICA CORPORATION, et al., | : : | |
| Defendants. | : : : : | |

████████████ ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Lead Plaintiff, the Pennsylvania Public School Employees' Retirement System, on behalf of itself and the Class, and Defendants entered into a Stipulation and Agreement of Settlement, dated March 11, 2016, as amended, in the above-captioned Action (the "Stipulation"), attached as Exhibit 1 to this Order, which is subject to Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed Settlement of the Released Claims in this Action on the merits and with prejudice.

WHEREAS, Lead Plaintiff has made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with the Stipulation and directing notice thereof to the Class, as more fully described herein.

WHEREAS, the Court has reviewed and considered Lead Plaintiff's motion and memorandum of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

WHEREAS, Lead Plaintiff and Defendants have consented to the entry of this Order.

WHEREAS, all capitalized words or terms used but not defined in this Order shall have the meanings set forth in Paragraph 1 of the Stipulation.

NOW, THEREFORE, IT IS on this 15 day of June , 2016 HEREBY ORDERED AND DECREED:

1.      **Preliminary Approval of the Settlement**. Subject to further consideration at the Settlement Hearing described in Paragraph 2 below, the Court preliminarily finds the Settlement set forth in the Stipulation to be fair, reasonable, and adequate.  The Court further approves, for the purpose of providing notice of the Settlement to Class Members, the following documents:

      a.  Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Notice," attached as Exhibit 2 to this Order);

      b.  Long Form Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Long Form Notice," attached as Exhibit 3 to this Order), which includes a description of the proposed Plan of Allocation of Net Settlement Fund); and

      c.  Proof of Claim and Release Form (the "Proof of Claim," attached as Exhibit 4 to this Order).

2.     **Settlement Hearing**. A hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on November 29, 2016, at 2:00 p.m. for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions set forth in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Judgment, as provided for in the Stipulation, should be entered, and whether the release of the Released Plaintiff Claims and Released Defendant Claims should be provided to the Released Parties as set forth in the Stipulation;

(c)     to determine whether the proposed Plan of Allocation for the Settlement Fund is fair and reasonable and should be approved by the Court;

(d)     to consider Lead Counsel's Fee and Expense Application; and

(e)     to rule upon such other matters as the Court may deem appropriate.

3.     The Court may approve the Settlement with or without modification and, except as otherwise provided herein, with or without further notice of any kind to Class Members. The Court may also enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or the Fee and Expense Application. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to Class Members.

4.     **Retention of Claims Administrator and Manner of Notice**. The Court approves the retention of Heffler, Radetich & Saitta L.L.P. as the Claims Administrator to supervise and

administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim, as more fully set forth below.

     5.    Notice of the Settlement and the Settlement Hearing shall be given as follows:

     (a)    Lead Counsel shall cause the Claims Administrator to send the Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits 2 and 4, respectively, by first-class mail, postage prepaid, on or before thirty (30) calendar days after entry of this Order ("Notice Date"), to all Class Members whose addresses can be identified with reasonable effort;

     (b)    Lead Counsel shall cause the Notice, substantially in the form annexed hereto as Exhibit 2, to be published in the *Wall Street Journal* and be transmitted over *PR Newswire* within seven (7) calendar days of the Notice Date;

     (c)    Lead Counsel and the Claims Administrator, on their respective websites, shall place copies of the Stipulation, Notice, Long Form Notice, Proof of Claim form, and this Preliminary Approval Order by the Notice Date;

     (d)    Lead Counsel shall cause the Claims Administrator to send a copy of the Long Form Notice, substantially in the form attached hereto as Exhibit 3, by first-class mail, postage prepaid, to any Class Member that makes a request for a copy of the Notice within seven (7) calendar days upon receipt of such a request;

     (e)    Lead Counsel shall cause the Claims Administrator to purchase appropriate banner advertisements on Internet sites for the purpose of notifying Class Members of the pendency of the proposed Settlement and how to obtain copies of the relevant settlement documents;

(f)     Bank of America ("BoA") will reasonably cooperate with Lead Counsel or its designee to furnish transfer and other records to assist in providing notice to Class Members, without charge, and in a mutually acceptable format; and

(g)     Lead Counsel shall serve on Defense Counsel and file with the Court proof, by affidavit or declaration, of mailing and publication, as applicable, of the Notice, Long Form Notice, and Proof of Claim form no later than ten (10) calendar days before the Settlement Hearing.

6.     The Court finds that providing notice of the Settlement and Settlement Hearing in the manner set forth herein (i) constitutes the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement, the effect of the proposed Settlement (including the releases therein), their right to exclude themselves from the Class or object to any aspect of the proposed Settlement (and appear at the Settlement Hearing), the Fee and Expense Application, and the proposed Plan of Allocation; (iii) shall constitute due and sufficient notice of the proposed Settlement to all Persons and entities entitled to receive such; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

7.     **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons that purchased or otherwise acquired BoA common stock or Common Equivalent Securities that automatically converted to common stock during the Class Period as record owners but not as beneficial owners. Those nominee purchasers are directed, within ten (10) calendar days of their receipt of

the Notice, to either (i) provide the Claims Administrator with identifying information for the beneficial owners, or computer-generated mailing labels for such beneficial owners, in the manner and form requested in the Notice, and the Claims Administrator is ordered to send the Notice promptly to those identified beneficial owners by first-class mail, postage prepaid; or (ii) request additional copies of the Notice and send them directly to the beneficial owners by first-class mail within ten (10) calendar days of receipt of those copies and, upon such mailing, send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any nominee purchasers requesting them for distribution to beneficial owners. Those nominee purchasers shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notice to beneficial owners.

8.     **Participation in the Settlement**. In order to be eligible to receive a distribution from the Net Settlement Fund, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 4, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable, must be submitted to the Claims Administrator at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date, unless, by order of the Court, late-filed Proofs of Claim are accepted. Any Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or any other payment in connection with the Settlement, but shall in all other respects be bound by all proceedings, determinations, orders,

releases, and judgments in the Action, including the terms of the Stipulation and the Settlement, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant concerning the Released Plaintiff Claims, as provided by Paragraphs 9 and 14 of this Order. A proof of Claim shall be deemed submitted when mailed if it is: (i) received with a postmark on the envelope; (ii) mailed by first-class or overnight U.S. Mail; (iii) addressed in accordance with the instructions thereon; and (iv) received before the motion for the Distribution Order is filed. In all other cases, a Proof of Claim shall be deemed submitted when actually received by the Claims Administrator.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Proof of Claim to the satisfaction of Lead Counsel or the Claims Administrator; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Each claimant who submits a Proof of Claim shall submit to the jurisdiction of the Court with respect to the claim submitted.

9.     **Exclusion from the Class**. Each Class Member shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, and all the terms of the Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant that is based upon, arises out of, or relates to any and all of the Released Plaintiff Claims. A Class Member that wishes to be excluded from the Class must mail a request to the Claims Administrator, in the manner set forth in the Notice, postmarked no later than ninety (90) days after entry of this Order. Such request must state the name, address, and telephone number of the Person seeking exclusion, and must be signed by such Person. Such Persons requesting exclusion shall also state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares and/or units of all purchases, acquisitions, and sales of BoA common stock or Common Equivalent Securities during the Class Period, and the amount of holdings of BoA common stock at the close of business on October 19, 2010. The request shall not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by Order of the Court.

10.     Any Person who timely and validly requests exclusion in compliance with the terms set forth herein shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

11.     **Appearance and Objections to the Settlement**. Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel, by filing a notice of appearance with the Clerk of the Court and delivering same to Lead Counsel and Defense Counsel, at the addresses set forth in the Notice, such that it is received no later than

fourteen (14) calendar days before the Settlement Hearing. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

12.     Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Plan of Allocation, to any terms of the Settlement, or to the Fee and Expense Application must, no later than ninety (90) calendar days after entry of this Order, mail to Lead Counsel and Defense Counsel, in the manner set forth in the Notice, and file with the Court, a statement of all of his, her, or its objection(s); provided, however, that Class Members who submit a timely and valid request to be excluded from the Class shall not be permitted to object. If a Class Member timely and properly serves and files written objections, as set forth in this Order and the Notice, Lead Counsel and Defense Counsel may, as they deem appropriate, submit responsive papers in support of the Settlement, the Plan of Allocation, or the Fee and Expense Application no later than seven (7) calendar days before the Settlement Hearing.

13.     The statement of objection of a Class Member shall: (i) contain the Class Member's name, address, and telephone number, and include a signature; (ii) identify the date(s), price(s) and number(s) of shares and/or units of all purchases, acquisitions, and sales of BoA common stock or Common Equivalent Securities made by the objecting Class Member during the Class Period; (iii) state the reason(s) why the objecting Class Member objects to the Settlement and to which part(s) he, she, or it objects; (iv) include copies of any papers, briefs, or other documents upon which the objection is based; and (v) state whether the objecting Class Member intends to appear at the Settlement Hearing. Failure to provide this information and documentation shall be grounds to void the objection. Attendance at the Settlement Hearing is not necessary; however, Class Members wishing to be heard orally in opposition to the

Settlement, the Plan of Allocation, or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing.

14.     Any Class Member who fails to comply with any of the requirements of the Stipulation and Notice concerning objecting to the Settlement shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing or to object to any aspect of the Settlement, the Plan of Allocation, or the Fee and Expense Application, but shall in all other respects be bound by all proceedings, determinations, orders, releases, and judgments in the Action, including the terms of the Stipulation and the Settlement, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant that is based upon, arises out of, or relates to any and all of the Released Plaintiff Claims. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

15.     **Stay**. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Plaintiff Claims against the Released Defendants.

16.     **Settlement Administration Fees and Expenses**. Lead Counsel may, on behalf of itself and the Claims Administrator, apply to the Court for reimbursement from the Settlement Fund to pay Notice and Administration Expenses actually and reasonably incurred. To the extent that taxes, penalties, interest and/or fees are incurred or owed related to the Settlement Fund, Lead Counsel, on behalf of itself and the Claims Administrator, shall also apply to the Court for the disbursal of sufficient funds to pay these taxes, penalties, interest and fees, including fees incurred in the preparation and filing of any tax returns or other required filings.

17.    <u>Supporting Papers</u>. All papers in support of the Settlement, Plan of Allocation, and the Fee and Expense Application shall be filed with the Court and served on or before seventy-six (76) calendar days after entry of this Order.  If Lead Plaintiff, Lead Counsel or Defendants believe that the filing of reply papers in further support of the Settlement, Plan of Allocation and/or Fee and Expense Application is warranted or necessary, they shall be filed with the Court and served on or before seven (7) calendar days before the Settlement Hearing.

18.    <u>Settlement Fund</u>. The passage of title and ownership of the Settlement Fund from Defendants and/or their insurers  in accordance with the terms and obligations of the Stipulation is approved. Unless otherwise provided in the Stipulation or ordered by the Court, no Person other than a Class Member or Lead Counsel shall have any right to any portion of, or to any distribution from, the Net Settlement Fund, which distributions shall be approved by the Court.

19.    The Settlement Fund shall be deposited in an interest-bearing account in the Court Registry Investment System for the United States District Court for the Southern District of New York and deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as those funds shall be disbursed pursuant to the Stipulation or further order of the Court.  Any income earned on these funds shall be credited to the Settlement Fund, after, pursuant to Local Civil Rule 67.1 the Clerk deducts from the income a fee a fee not to exceed the lesser of (a) ten per cent (10%) of the income earned or (b) the fee authorized by the Judicial Conference of the United States as currently set by the Director of the Administrative Office, whichever is less..

20.    <u>Responsibility for Administration</u>. The Released Defendants and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i)

any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation or its implementation, administration, or interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund.

21.     **Termination**. If the Settlement does not become effective in accordance with the terms of the Stipulation or is terminated as provided for in the Stipulation (including any amendments thereof and supplemental agreements thereto), then this Order, as well as any other orders entered and releases delivered in connection herewith, shall be vacated, rendered null and void, and be of no further force and effect, except as provided by the Stipulation, and Lead Plaintiff and Defendants shall be deemed to have reverted to their respective litigation positions in the Action as of August 12, 2015.

22.     Consistent with Paragraph 47 of the Stipulation, if the Settlement does not become effective:

(a)     within five (5) business days, the Settlement Fund (including the Settlement Amount and accrued interest thereon), less any Notice and Administration Expenses actually incurred or paid, and less any Taxes paid or due or owing, shall be refunded to the Person(s) that made the deposit(s) in accordance with instructions provided by BoA to Lead Counsel, and Lead Plaintiff, Lead Counsel or the Claims Administrator shall have up to 90 days after the Settlement does not become effective to submit requests for reimbursement of any

Notice and Administration Expenses actually incurred or paid prior to that date, and if reasonable

shall be paid out of the Settlement Fund, whether or not it has already been refunded to

Defendants; and

       (b)    Lead Counsel shall refund the full amount of any award of attorneys' fees

and/or litigation expenses already paid to Lead Counsel, plus accrued earnings at the same net

rate and for the same periods as is earned by the Settlement Fund, no later than thirty (30)

calendar days after receiving notice of the events in Paragraph 47 of the Stipulation.

    23.    **Use of this Order.** This Order, as well as the Stipulation, the Settlement, and any

discussions, negotiations, acts, proceedings, communications, drafts, documents, or agreements

relating thereto, shall not be offered or received against or to the prejudice of any Releasing

Party for any purpose other than in an action to enforce the terms of the Stipulation and the

Settlement, and in particular:

       (a)    do not constitute, and shall not be described as, construed as, or otherwise

offered or received against any Releasing Defendant as evidence of (or deemed to be evidence

of) any admission, concession, or presumption by any of the Releasing Defendants with respect

to (i) the truth of any allegation in any complaint filed in the Action (whether by Lead Plaintiff or

otherwise); (ii) the validity of any claim that has been or could have been asserted in the Action

or in any litigation or proceeding in any forum, including but not limited to the Released Plaintiff

Claims; (iii) the deficiency of any defense that has been or could have been asserted in the

Action or in any other litigation or proceeding in any forum; or (iv) any liability, damages,

negligence, fault, or wrongdoing of Defendants or any Person whatsoever;

       (b)    do not constitute, and shall not be described as, construed as, or otherwise

offered or received against any Releasing Defendant as evidence of (or deemed to be evidence

13

of) any admission, concession, or presumption of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Releasing Defendant, or against any Releasing Plaintiff as evidence of any infirmity in the Released Plaintiff Claims;

(c)     do not constitute, shall not be described as, construed as, or offered or received against or to the prejudice of any of the Releasing Parties as evidence of (or deemed to be evidence of) any admission, concession, or presumption with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any Releasing Party, in any other civil, criminal, or administrative action or proceeding;

(d)     do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Party as evidence of (or deemed to be evidence of) any admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Releasing Party as evidence of (or deemed to be evidence of) any admission, concession, or presumption that any Released Claim is without merit or infirm or that damages recoverable under any of the complaints filed or proposed to be filed in the Action would not have exceeded the Settlement Amount.

24.     Notwithstanding Paragraph 23 above, the Released Parties may file or use the Stipulation or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statutes of limitations, statutes of repose, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate

any liability protection granted to them. The Released Parties may file or refer to the Stipulation or the Judgment in any action that may be brought to enforce the terms of the Stipulation or the Judgment.

25.    **Retention of Jurisdiction**. Except as otherwise provided in the Stipulation (including any amendments thereof and supplemental agreements thereto), the Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____ June 15 , 2016      _____
                                            Honorable William H. Pauley III
                                            UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 11-CV-00733-WHP CLASS ACTION |
| Plaintiff, | |
| v. | |
| BANK OF AMERICA CORPORATION, et al., | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff Commonwealth of Pennsylvania, Public School Employees' Retirement System ("PSERS"), on behalf of itself and the Class, and Bank of America Corporation ("BoA"), Executive Defendants, Director Defendants, Underwriter Defendants and PricewaterhouseCoopers LLP.

WHEREAS:

A.    Beginning on February 2, 2011, a number of class actions alleging violations of federal securities laws by Defendants were filed in this Court.

B.    On June 20, 2011, the Court entered an order to consolidate the actions and refer to them collectively as *Pennsylvania Public School Employees' Retirement System v. Bank of America Corporation, et al.*, Civil Action No. 11 Civ. 00733-WHP. The order also appointed PSERS as Lead Plaintiff and Barrack, Rodos & Bacine as Lead Counsel.

C.     On September 23, 2011, Lead Plaintiff filed the Consolidated Class Action Complaint (the "Complaint"), which alleged that Defendants violated Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("1933 Act Claims") and/or Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 ("1934 Act Claims") and asserted claims on behalf of all persons or entities who purchased or otherwise acquired either BoA's common stock or BoA's Common Equivalent Securities during the Class Period, from February 27, 2009, through October 19, 2010, and who allegedly suffered damages as a result.

D.     On January 11, 2012, Defendants moved to dismiss the Complaint. On February 15, 2012, Lead Plaintiff filed its opposition papers and, on March 2, 2012, Defendants filed reply papers. On March 28, 2012, the Court heard oral argument on Defendants' motions, and on July 11, 2012, the Court issued a Memorandum and Order granting in part and denying in part Defendants' motions to dismiss. The Court's July 11, 2012 Order (1) denied BoA's motion to dismiss the 1934 Act Claims asserted against BoA; (2) granted, without prejudice, the Executive Defendants' motions to dismiss the 1934 Act Claims asserted against them; and (3) granted, with prejudice, all motions to dismiss the 1933 Act Claims asserted in the Complaint. As a consequence of the Court's July 11, 2012 Order, all claims against the Director Defendants, the Underwriter Defendants and PwC were dismissed with prejudice.

E.     On July 25, 2012, BoA moved for reconsideration of the Court's July 11, 2012 Order to the extent it sustained Lead Plaintiff's 1934 Act Claims or, in the alternative, to certify the Court's decision for interlocutory review, pursuant to 28 U.S.C. §1292(b). On August 13, 2012, Lead Plaintiff filed its opposition memorandum, and also filed an amended consolidated class action complaint (the "Amended Complaint"). On August 23, 2012, BoA filed its reply memorandum in support of its motion for reconsideration or certification for interlocutory

appeal. On August 28, 2012, the Court denied BoA's motion for reconsideration or for certification for interlocutory appeal.

F.      On November 5, 2012, Executive Defendants moved to dismiss the Amended Complaint. On November 21, 2012, BoA filed its answer to the Amended Complaint. BoA denied the claims and asserted a number of affirmative defenses. On December 12, 2012, Lead Plaintiff filed its opposition memorandum to the Executive Defendants' motion to dismiss the Amended Complaint. On December 21, 2012, Executive Defendants filed their reply memorandum in support of their motion to dismiss the Amended Complaint. Following oral argument, on April 17, 2013, the Court denied in part the Executive Defendants' motion to dismiss the Amended Complaint.

G.      On May 1, 2013, Defendant Brian T. Moynihan moved for partial reconsideration of the Court's Order denying the Executive Defendants' motion to dismiss the Amended Complaint. On May 20, 2013, Lead Plaintiff filed its opposition memorandum to Mr. Moynihan's motion for reconsideration. On May 31, 2013, Mr. Moynihan filed his reply memorandum in support of his motion for reconsideration. On June 12, 2013, the Court denied Mr. Moynihan's motion for reconsideration.

H.      On June 17, 2013, Executive Defendants filed their answers to the Amended Complaint. Executive Defendants denied the claims and asserted a number of affirmative defenses.

I.      Fact discovery in the Action commenced in or around May 2013. During the course of fact discovery, the parties collectively produced more than 8 million pages of documents and conducted 34 fact depositions.

J.      On July 30, 2013, the Court issued an Order concerning class certification which established a schedule for filing of materials with respect to the class certification motion and directed, *inter alia*, that the parties submit a joint report regarding the proposed class certification motion by October 31, 2013. Following the Court's July 30, 2013 Order, the parties conferred concerning the elimination or narrowing of issues relating to the class certification motion, and agreed that BoA and Executive Defendants, subject to reserving certain rights, would not contest the efficiency of the market for BoA common stock or Common Equivalent Securities during the Class Period, that the Class satisfies the numerosity and commonality requirements of Federal Rule of Civil Procedure 23(a), and the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3). On November 15, 2013, Lead Plaintiff moved for certification of a class of all persons or entities who purchased or otherwise acquired either BoA's common stock or Common Equivalent Securities during the class period of February 27, 2009 through October 19, 2010, and who allegedly suffered damages as a result (the "Class"). Excluded from the Class are: (i) BoA and Executive Defendants; (ii) members of the immediate family of each of the Executive Defendants; (iii) any person who was an executive officer and/or director of BoA during the Class Period; (iv) any entity that served as an underwriter for BoA's offering of Common Equivalent Securities; (v) any person, firm, trust, corporation, officer, director, or any other individual or entity in which BoA or any Executive Defendant has a controlling interest or that is affiliated with BoA or any Executive Defendant; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Subsequent to the November 15, 2013 filing of Lead Plaintiff's class certification motion, on December 4, 2013, counsel for BoA and the Executive Defendants conducted the deposition of two designees of Lead Plaintiff and examined them concerning, *inter alia*, Lead Plaintiff's qualifications to

represent the class. On December 13, 2013, BoA and Executive Defendants filed a letter setting forth their reservation of certain rights and advising the Court and Lead Plaintiff, *inter alia*, that "at this time, Defendants do not intend to contest that PSERS's 'claims or defenses ... are typical of the claims or defenses of the class' and that PSERS can 'fairly and adequately protect the interests of the class.'" Subsequently, the parties filed a Stipulation to the certification of the Class, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), and on February 14, 2014, the Court issued an Order approving that Stipulation and certifying the Class sought by PSERS in its motion, certifying PSERS as the Class Representative, and appointing PSERS's counsel, Barrack, Rodos & Bacine, as Class Counsel under Federal Rule of Civil Procedure 23(g), all subject to the parties' reservation of their rights to move to alter or amend the Court's Order certifying the Class pending final judgment in this action pursuant to Federal Rule of Civil Procedure 23(c)(1)(C).

K.     In or about April, 2014, Lead Plaintiff and BoA agreed to a mediation of the Action before the Honorable Layn R. Phillips, a former federal district court judge in the United States District Court for the Western District of Oklahoma. In advance of the mediation, Lead Plaintiff and BoA made several detailed submissions to Judge Phillips. On October 2, 2014, Judge Phillips conducted a mediation session in New York City attended by representatives of Lead Plaintiff and BoA and their respective counsel. This mediation did not result in an agreement to resolve the Action. Another mediation before Judge Phillips was held on February 27, 2015. In advance of this mediation, Lead Plaintiff and BoA made further written submissions to Judge Phillips. This mediation also did not result in an agreement to resolve the Action. A third mediation was held before Judge Phillips on August 12, 2015. In advance of this mediation, Lead Plaintiff and BoA made further written submissions to Judge Phillips.

L.     At the conclusion of the mediation session on August 12, 2015, counsel for BoA and Lead Counsel, on behalf of their respective clients, accepted a mediator's proposal from Judge Phillips to settle and release all claims asserted in the Action in return for a cash payment by BoA of $335,000,000.00 for the benefit of the Class, subject to the execution of this Stipulation and related papers, and approval of the proposed settlement by the Court.

NOW THEREFORE, without any concession as to the merits of any Released Claim or any defenses thereto, it is hereby STIPULATED AND AGREED, subject to approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Settling Parties, all Released Claims as against all Released Parties shall be fully, finally, and forever settled, released, discharged, and dismissed with prejudice, and without costs, as follows:

## DEFINITIONS

1.     As used in this Stipulation and its exhibits, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)     "Action" means all litigation conducted under the caption *Pennsylvania Public School Employees' Retirement System v. Bank of America Corporation, et al.*, No. 11 Civ. 00733 (WHP), pending in the United States District Court for the Southern District of New York before the Honorable William H. Pauley, III, and any of the constituent actions consolidated into the referenced caption.

(b)    "Authorized Claimant" means a Class Member that timely submits a valid Proof of Claim and Release form to the Claims Administrator under the terms of this Stipulation that is accepted for payment by the Court.

(c)    "BoA" means Bank of America Corporation.

(d)    "Claims Administrator" means the firm designated by Lead Counsel, following consultation with and agreement by Lead Plaintiff, subject to Court approval, to provide all notices approved by the Court to Class Members, to process Proofs of Claim, and to administer the Settlement.

(e)    "Class" or "Class Member" means the class certified in this case, namely all Persons "who purchased or otherwise acquired either BoA's common stock or Common Equivalent Securities during the Class Period of February 27, 2009, through October 19, 2010, and who allegedly suffered damages as a result". Excluded from the Class are: (i) BoA and Executive Defendants; (ii) members of the immediate family of each of the Executive Defendants; (iii) any person who was an executive officer and/or director of BoA during the Class Period; (iv) any entity that served as an underwriter for BoA's offering of Common Equivalent Securities; (v) any person, firm, trust, corporation, officer, director, or any other individual or entity in which any Defendant has a controlling interest or that is affiliated with any of the Defendants; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party; and (vii) any Person that would otherwise be a Class Member, but properly excludes himself, herself, or itself by submitting a valid and timely request for exclusion from the Class in accordance with the requirements set forth herein and in the Notice. For the sake of clarity, the exclusions from the Class do not include Investment Vehicles.

(f)    "Class Period" means the period from and including February 27, 2009 through and including October 19, 2010.

(g)    "Court" means the United States District Court for the Southern District of New York.

(h)    "Defendants" means Bank of America Corporation, Kenneth D. Lewis, Brian T. Moynihan, Charles H. Noski, Joe L. Price, Neil Cotty, William P. Boardman, Frank Paul Bramble, Sr., Virgis William Colbert, Charles K. Gifford, Jr., Charles Otis Holliday, Jr., Monica C. Lozano, Thomas John May, Thomas Michael Ryan, Robert W. Scully, Cantor Fitzgerald & Co., CCB International Capital Ltd., Cowen and Company, L.L.C., Daiwa Capital Markets America Inc. (formerly Daiwa Securities America Inc.), Deutsche Bank Securities Inc., Gleacher & Company Securities, Inc. (formerly Broadpoint Capital, Inc.), Goldman, Sachs & Co., ICBC International Securities Ltd., Keefe, Bruyette & Woods, Inc., KeyBanc Capital Markets Inc., Macquarie Capital (USA) Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Mizuho Securities USA Inc., Morgan Stanley & Co. LLC (formerly Morgan Stanley & Co., Incorporated), National Australia Bank Limited, RBS Securities Inc., SG Americas Securities, LLC, Samsung Securities Co., Ltd., Samuel A. Ramirez & Co., Inc., Sanford C. Bernstein & Co., LLC, Santander Investment Securities Inc., Southwest Securities Inc., Stifel, Nicolaus & Company, Incorporated, SunTrust Robinson Humphrey, Inc., UBS Securities LLC, UniCredit Capital Markets, Inc., Wells Fargo Securities, LLC, and PricewaterhouseCoopers LLP.

(i)    "Defense Counsel" means the law firms of Skadden, Arps, Meagher, Slate & Flom, LLP, DLA Piper LLP (US), Dechert LLP, Davis Polk & Wardwell LLP, Debevoise &

Plimpton LLP, Baker Botts L.L.P., King & Spalding LLP, and Wilmer Cutler Pickering Hale and Dorr LLP.

(j) "Director" means any member of any board of directors.

(k) "Director Defendants" means William P. Boardman, Frank Paul Bramble, Sr., Virgis William Colbert, Charles K. Gifford, Jr., Charles Otis Holliday, Jr., Monica C. Lozano, Thomas John May, Thomas Michael Ryan and Robert W. Scully.

(l) "Distribution Order" means an order of the Court approving the Claims Administrator's determinations concerning the acceptance and rejection of submitted claims and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

(m) "Effective Date" means the date upon which the Settlement shall become effective, as set forth in Paragraph 41 below.

(n) "Escrow Account" means one or more separate interest-bearing escrow account(s) maintained by the Escrow Agent(s) into which the Settlement Amount will be deposited for the benefit of the Class.

(o) "Escrow Agent" means the financial institution(s) designated by Lead Counsel to receive, hold, invest, and disburse the Settlement Amount under the terms of this Stipulation.

(p) "Executive Defendants" means Kenneth D. Lewis, Brian T. Moynihan, Charles H. Noski, Joe L. Price, and Neil Cotty.

(q) "Fee and Expense Application" means Lead Counsel's application for an award from the Settlement Fund of attorneys' fees and reimbursement of litigation expenses

incurred in prosecuting the Action in an amount not to exceed the attorneys' fees and expense reimbursement disclosure contained in the Notice, including any application for an award to Lead Plaintiff for reasonable costs and expenses (including lost wages) pursuant to the PSLRA.

(r)    "Final," with respect to a court order, means the latest of (i) if there is a timely appeal from that court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review under the grant; (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought). No appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees and expenses, including any award to Lead Plaintiff for reasonable costs and expenses (including lost wages) pursuant to the PSLRA, shall in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

(s)    "Immediate Family" or "Immediate Families" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. "Spouse" as used in this definition also means a husband, a wife, or a partner in a legally-recognized domestic partnership, civil union, or marriage.

(t)    "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

(u)    "Judgment" means the proposed judgment and order (i) finally approving the Settlement; and (ii) dismissing the Action with prejudice, substantially in the form attached as Exhibit 5.

(v)    "Lead Counsel" means the law firm of Barrack, Rodos & Bacine.

(w)    "Lead Plaintiff" means the Commonwealth of Pennsylvania, Public School Employees' Retirement System.

(x)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court, including any award to Lead Plaintiff for reasonable costs and expenses (including lost wages) pursuant to the PSLRA.

(y)    "Notice" means the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing, which, subject to approval of the Court, will be sent to Class Members substantially in the form attached hereto as Exhibit 1.

(z)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail,

publication, or other means to Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(aa)  "Officer" means any officer as the term Officer is defined in 17 C.F.R. § 240.16a-1(f).

(bb)  "Person" or "Persons" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, partners in a state-recognized domestic partnership, civil union, or marriage, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

(cc)  "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(dd)  "Preliminary Approval Order" means the proposed order to be entered by the Court for settlement purposes only, preliminarily approving the Settlement, scheduling a Settlement hearing date, and directing notice thereof to the Class, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit 4.

(ee)  "Proof of Claim" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3.

(ff)     "PSERS" means the Commonwealth of Pennsylvania, Public School Employees' Retirement System.

(gg)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, as amended.

(hh)    "PwC" means PricewaterhouseCoopers LLP.

(ii)     "Released Claims" means Released Plaintiff Claims and Released Defendant Claims.

(jj)     "Released Defendants" means any of the following: (a) Defendants; (b) their respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, limited liability partners, and any Person in which any Defendant has or had a controlling interest; (c) the present and former Immediate Family, heirs, principals, owners, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, associates, Officers, managers, Directors, general partners, limited partners, bankers, underwriters, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, and reinsurers of each of the Persons listed in subpart (a) or (b) of this definition. "Released Defendants" shall also include any entity or partnership (whether or not incorporated) which carries on business under a name which includes all or part of the PricewaterhouseCoopers name or is otherwise (directly or indirectly) within the worldwide network of PricewaterhouseCoopers firms, including PricewaterhouseCoopers International Limited and any member firm, network firm, specified subsidiary or connected firm of PricewaterhouseCoopers International Limited.

(kk)    "Released Defendant Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of

money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description (including but not limited to any claims for damages, interest, attorneys' fees or expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), including both known claims and Unknown Claims (as defined below), whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or unliquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, or that exist as of the date of the Court approval of the Settlement or that may arise in the future, that any of the Releasing Defendants could have asserted in the Action or any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere) against any of the Released Plaintiffs that arise out of or relate to the institution, maintenance, prosecution, or settlement of the Action (other than claims to enforce the Settlement or the Judgment). Released Defendants Claims also include but are not limited to any claim under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or any rule, regulation, statute, contract, judicial opinion, common law or other legal or equitable principle that could be asserted at any time against Lead Plaintiff or its counsel, including counsel's employees and agents, concerning in any way whatsoever the institution, maintenance, prosecution, or settlement of this Action, including any factual allegations or legal assertions made herein. Released Defendant Claims do not include claims: (i) to enforce the Settlement; or (ii) for indemnification, advancement or contribution among or between Released Defendants.

(ll)    "Released Parties" means Released Defendants and Released Plaintiffs.

(mm)    "Released Plaintiffs" or "Releasing Plaintiffs" means each and all of the following: (a) Lead Plaintiff, Lead Counsel, including counsel's employees and agents, and each and every Class Member (regardless of whether that Person actually submits a Proof of Claim, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or the Fee and Expense Application); (b) to the extent of the foregoing Persons' authority, their respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, employees, agents, and any Person in which any of the foregoing Persons listed in subpart (a) has or had a controlling interest; (c) to the extent of the foregoing Persons' authority, the present and former Immediate Family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, Officers, managers, Directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, insurers, and reinsurers of each of the Persons listed in subpart (a) or (b) of this definition; and (d) any other Person who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Released Plaintiff Claims (or to obtain the proceeds of any recovery therefrom), whether in whole or in part.

(nn)    "Released Plaintiff Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description (including but not limited to any claims for damages, interest, attorneys' fees or expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever),

including both known claims and Unknown Claims (defined in Paragraph 5 below), whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or unliquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, or that exist as of the date of the Court approval of the Settlement or that may arise in the future, that any Releasing Plaintiffs asserted or could have asserted against Released Defendants in the Action or any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere) that (i) in any way arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions or failures to act alleged, set forth, referred to, or involved in the Action, (ii) could have been raised in the Action or any of the complaints filed or proposed to be filed therein, or (iii) in any way arise out of, are based upon, relate to, or concern the holding, ownership, purchase, acquisition, disposition, or sale of, or other transaction in BoA common stock or BoA Common Equivalent Securities during the Class Period, or the holding, ownership, purchase, acquisition, disposition, or sale of, or other transaction in BoA common stock or BoA Common Equivalent Securities in or traceable to an offering during the Class Period, including, without limitation, claims that arise out of or relate to any disclosures, SEC filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations or any other statements or omissions by BoA or any Defendants during the Class Period. Released Plaintiff Claims also include but not are limited to any claim under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or any rule,

regulation, statute, contract, judicial opinion, common law or other legal or equitable principle that could be asserted at any time against Defendants or their counsel, including counsel's employees and agents, concerning in any way whatsoever the defense or settlement of this Action, including any factual allegations or legal assertions made herein. Released Plaintiff Claims do not include claims to enforce the Settlement.

(oo)   "Releasing Defendants" means any of the following: (a) Defendants; (b) to the extent of Defendants' authority, their respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, limited liability partners, and any Person in which any Defendant has or had a controlling interest; and (c) to the extent of Defendants' authority, the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

(pp)   "Releasing Parties" means Releasing Defendants and Releasing Plaintiffs.

(qq)   "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(rr)   "Settlement Amount" means the total principal amount of three hundred thirty-five million dollars ($335,000,000.00) in cash. Under no circumstances shall the total that BoA pays under this Stipulation exceed the Settlement Amount.

(ss)   "Settlement Fund" means the Settlement Amount deposited in the Escrow Account under the terms of this Stipulation and any interest or other earnings accrued thereon pursuant to Paragraph 8.

(tt)   "Settlement Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved.

(uu)     "Settling Parties" means Settling Plaintiffs and Defendants.

(vv)     "Settling Plaintiffs" means PSERS, on behalf of itself and the other Class

Members.

(ww)     "Stipulation" means this Stipulation and Agreement of Settlement.

(xx)     "Summary Notice" means the Summary Notice of Class Action, Proposed

Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing to be published in

the *Wall Street Journal* and transmitted over *PR Newswire*, that, subject to the approval of the

Court, shall be substantially in the form attached as Exhibit 2.

(yy)     "Taxes" means all federal, state, or local taxes of any kind on any income

earned by or imposed on payments of the Settlement Fund, including withholding taxes, and

reasonable expenses and costs incurred in connection with the taxation of the Settlement Fund

(including, without limitation, interest, penalties, and the reasonable expenses of tax attorneys

and accountants).

(zz)     "Underwriter Defendants" means Cantor Fitzgerald & Co., CCB

International Capital Ltd., Cowen and Company, L.L.C., Daiwa Capital Markets America Inc.

(formerly Daiwa Securities America Inc.), Deutsche Bank Securities Inc., Gleacher & Company

Securities, Inc. (formerly Broadpoint Capital, Inc.), Goldman, Sachs & Co., ICBC International

Securities Ltd., Keefe, Bruyette & Woods, Inc., KeyBanc Capital Markets Inc., Macquarie

Capital (USA) Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Mizuho Securities

USA Inc., Morgan Stanley & Co. LLC (formerly Morgan Stanley & Co., Incorporated), National

Australia Bank Limited, RBS Securities Inc., SG Americas Securities, LLC, Samsung Securities

Co., Ltd., Samuel A. Ramirez & Co., Inc., Sanford C. Bernstein & Co., LLC, Santander

Investment Securities Inc., Southwest Securities Inc., Stifel, Nicolaus & Company, Incorporated,

SunTrust Robinson Humphrey, Inc., UBS Securities LLC, UniCredit Capital Markets, Inc., and Wells Fargo Securities, LLC.

## RELEASES

2.      Subject to approval by the Court, and such approval becoming Final, the obligations incurred pursuant to this Stipulation are in full and final disposition of all Released Claims.

3.      By operation of the Judgment, upon the Effective Date, the Releasing Plaintiffs (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and every one of the Released Defendants; (ii) have and be deemed to have covenanted not to sue, directly, indirectly, or derivatively, any Released Defendant with respect to any and all of the Released Plaintiff Claims; and (iii) shall forever be barred and enjoined from directly, indirectly, or derivatively filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a Class Member or otherwise) (except as a witness compelled by subpoena or court order), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any of the Released Plaintiff Claims against any of the Released Defendants or any other Person who may seek to claim any form of contribution or indemnity from any Released Party. All Releasing Plaintiffs shall be bound by the terms of the releases set forth in this Stipulation whether or not they submit a valid and timely Proof of Claim, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

4.      By operation of the Judgment, upon the Effective Date, the Releasing Defendants shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant Claims against each and every one of the Released Plaintiffs and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Defendant Claims against any of the Released Plaintiffs.

5.      The Released Claims include any and all claims that any or all of the Releasing Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, with respect to Lead Plaintiff or any other Class Member, the decision to exclude himself, herself, or itself from the Class, or to object or not to object to the Settlement (collectively, including as described in the remainder of this paragraph, "Unknown Claims"). The Released Claims shall also include any claim under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 or any other rule, regulation, statute, contract, judicial opinion, common law or other legal or equitable principle that could be asserted at any time against Released Parties, their counsel, or their counsel's employees or agents, concerning in any way whatsoever the institution, maintenance, prosecution, or defense of this litigation, including any factual allegations or legal assertions made herein. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, each Releasing Party shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or

principle of common law or equity, which is, or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties acknowledge that a Releasing Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but that the Settling Parties nevertheless intend to and shall expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment each other Releasing Party shall be deemed to have, and shall have, settled and released, fully, finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which have existed now or will exist, upon any theory of law or equity, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and each other Releasing Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff Claims and Released Defendant Claims was separately bargained for and was a material and essential element of the Settlement.

## THE SETTLEMENT CONSIDERATION

6.     In full settlement of the Released Plaintiff Claims and in consideration of the releases above, BoA shall pay, or cause to be paid, the Settlement Amount, into the Escrow Account on or before fifteen (15) calendar days after (i) the Court has entered the Preliminary

Approval Order and (ii) Lead Counsel has provided to BoA all information necessary to effectuate a transfer of funds, including but not limited to, wiring instructions, payment address, and a complete, accurate, and signed W-9 form for the Settlement Fund that reflects a valid taxpayer identification number. No Defendant other than BoA shall have any responsibility for, or any liability whatsoever with respect to, the payment of the Settlement Amount. Releasing Plaintiffs shall have no recourse against any Defendant other than BoA for payment of the Settlement Amount.

7.     The Settlement Amount represents the entirety of the Released Defendants' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and costs of any kind whatsoever associated with the Settlement. The payment of the Settlement Amount into the Escrow Account by BoA in accordance with Paragraph 6 above fully discharges the Released Defendants' financial obligations (if any) under this Stipulation and in connection with the Settlement. No Released Defendant other than BoA shall have any obligation to make or cause to be made any payment into the Escrow Account or to any Class Member, or any other Person, under this Stipulation or as part of the Settlement. For the avoidance of doubt, under no circumstances shall the total to be paid or caused to be paid by or on behalf of Released Defendants under this Stipulation exceed the Settlement Amount.

## USE AND TAX TREATMENT OF SETTLEMENT CONSIDERATION

8.     All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed or returned, pursuant to the terms of this Stipulation or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full

faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance, and shall collect and reinvest all interest accrued thereon in the same instruments. The Released Defendants and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.

9.      The Settlement Fund shall be applied as follows and only as follows: (i) to pay any attorneys' fees and expenses awarded by the Court; (ii) to pay Notice and Administration Expenses; (iii) to pay any Taxes; (iv) to pay any other costs, fees, or expenses approved by the Court, including any award to Lead Plaintiff for reasonable costs and expenses under the PSLRA; and (v) to pay into the Net Settlement Fund for Authorized Claimants.

10.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in Paragraphs 15-18 hereof. The Net Settlement Fund shall remain in the Escrow Account until the Effective Date unless the Stipulation is terminated under the provisions of this Stipulation or the Settlement is not approved.

11.     Lead Plaintiff intends to structure the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the sole responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary

documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successor(s), who shall be solely responsible for timely and properly filing, or causing to be filed, all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Those tax returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated Taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of those funds as provided in subparagraph (c) of this Paragraph.

(b)     All Taxes shall be paid by the Escrow Agent solely out of the Settlement Fund. In all events, Released Defendants and Defense Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority. If any Taxes of any kind whatsoever, including, but not limited to, any Taxes payable by reason of indemnification, are owed by any of the Released Defendants on any earnings on the funds on deposit in the Escrow Account, those amounts shall also be paid out of the Settlement Fund. The Released Defendants shall notify Lead Counsel promptly if they receive any notice of any claim for Taxes related to the Settlement Fund.

(c)     Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the

Settlement Fund without prior order from the Court or approval by any Party, and the Escrow Agent and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(1)(2)).

   (d) Authorized Claimants shall provide any and all information that the Claims Administrator may reasonably require or that is required by applicable law regarding Taxes and filings and reporting for Taxes, before any distributions are made to Authorized Claimants as contemplated hereby, and the Claims Administrator may, without liability to the Authorized Claimants, delay those distributions unless and until such information is provided in substantially the form required by the Claims Administrator.

   12. The Released Defendants and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation or its implementation, administration, or interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

ADMINISTRATION EXPENSES

13.   Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

14.   Before the Effective Date, without further approval from any party or further order of the Court, Lead Counsel may expend up to $15 million from the Settlement Fund to pay Notice and Administration Expenses actually and reasonably incurred. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval from any party or further order of the Court. After the Effective Date, without further approval from any party or further order of the Court, Notice and Administration Expenses may be paid as incurred.

DISTRIBUTION TO AUTHORIZED CLAIMANTS

15.   Lead Counsel will apply to the Court for a Distribution Order, on notice to Defense Counsel, approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted pursuant to this Stipulation, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

16.   The Claims Administrator shall administer the Settlement under Lead Counsel's supervision in accordance with the terms of this Stipulation and subject to the jurisdiction of the Court.

17.   The allocation and distribution of the Net Settlement Fund to Class Members shall be subject to the Plan of Allocation, which Lead Plaintiff shall propose, subject to notice to the Class Members and approval by the Court. Except for payment of the Settlement Amount by BoA as set forth in Paragraph 6, Released Defendants and Defense Counsel shall have no responsibility for, interest in, obligation, or liability whatsoever with respect to the

administration of the Settlement, the actions or decisions of the Claims Administrator, the Plan of Allocation or other allocation of the Net Settlement Fund, reviewing or challenging claims, the Distribution Order or distribution of the Net Settlement Fund.

18.    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

19.    Defendants will take no position with respect to the Plan of Allocation. Any proceeding or decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of this Stipulation or the Settlement. The Plan of Allocation is not a necessary term of this Stipulation, the Settlement, the Preliminary Approval Order, or the Judgment, and it is not a condition of this Stipulation or the Settlement that any particular plan of allocation be approved by the Court or any appellate court. Neither Lead Plaintiff, whether on its own behalf or on behalf of the Class, nor Lead Counsel may cancel or terminate this Stipulation or the Settlement (whether pursuant to the provisions of this Stipulation or otherwise) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in the Action. The Released Defendants and Defense Counsel shall have no responsibility for, and no liability whatsoever with respect to, reviewing or challenging claims, allocating of the Net Settlement Fund, or distributing the Net Settlement Fund.

## ATTORNEYS' FEES AND EXPENSES

20.    Consistent with the terms in Lead Plaintiff's retention agreement with Lead Counsel, Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and reimbursement of litigation expenses incurred in prosecuting the Action in an

amount not to exceed the attorneys' fees and expense reimbursement disclosure contained in the Notice, plus any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund. The Settlement Fund shall be the sole source of payment for the award of attorneys' fees and litigation expenses ordered by the Court. Defendants will take no position with respect to the Fee and Expense Application.

21.     The amount of attorneys' fees and litigation expenses awarded by the Court is within the sole control of the Court. Any attorneys' fees and litigation expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel upon an order awarding such attorneys' fees and litigation expenses.

22.     Any payment of attorneys' fees and litigation expenses pursuant to Paragraphs 20-21 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate and for the same periods as is earned by the Settlement Fund, if: (a) as a result of any appeal or further proceedings on remand or successful collateral attack, the fee, expense or cost award is reduced, vacated, or reversed; (b) this Stipulation is terminated or cancelled for any reason; or (c) the Settlement is not approved or is reversed or modified by any court.

23.     If one or more of the events set forth Paragraph 22 occurs, Lead Counsel shall repay the full amount of attorneys' fees and the litigation expenses award that is reversed or vacated (or, as applicable, the amount by which any award of attorneys' fees and litigation expenses is reduced or modified), plus accrued earnings at the same net rate as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving notice of the events in Paragraph 22, including, as applicable, notice of any reduction, vacatur, or reversal of the award of attorneys' fees and litigation expenses, of termination or cancellation of this Stipulation, or of

the Court's Final refusal to approve the Settlement, or reversing or modifying the Settlement, by Final non-appealable court order. It shall be the responsibility and obligation of Lead Counsel (or its successor) to ensure repayment under this Paragraph, and Lead Counsel (or its successor) submits itself to the jurisdiction of the Court in the event of any dispute in connection with this Paragraph.

24.     With the sole exception of BoA's causing the payment of the Settlement Amount into the Escrow Account as provided for in Paragraph 6 above, the Released Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action. Releasing Plaintiffs shall have no recourse against the Released Defendants for the payment of any attorneys' fees or litigation expenses.

25.     Any proceeding or decision by the Court concerning the Fee and Expense Application shall not affect the validity or finality of this Stipulation or the Settlement. The Fee and Expense Application and the payment of attorneys' fees or litigation expenses is not a necessary term of this Stipulation, the Settlement, the Preliminary Approval Order, or the Judgment, and it is not a condition of this Stipulation or the Settlement that any particular award of attorneys' fees or litigation expenses be approved by the Court or any appellate court. Any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees, costs, or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, cancel, or affect the enforceability of this Stipulation or the Settlement, impose any obligation on the Released Defendants or any other Person to increase the consideration paid in connection with the Settlement, or affect or delay either the Effective Date or the finality of the Judgment approving the Settlement set forth herein, including, but not

limited to, the release, discharge, and relinquishment of the Released Plaintiff Claims against the Released Defendants, or any other orders entered relating to this Stipulation. Lead Plaintiff (either on its own behalf or on behalf of the Class) may not cancel or terminate this Stipulation or the Settlement (whether in accordance with the provisions of this Stipulation or otherwise) based on the Court's or any appellate court's ruling with respect to the Fee and Expense Application or any application for the award of attorneys' fees or litigation expenses in the Action.

## ADMINISTRATION OF THE SETTLEMENT

26.     Any Class Member who fails to timely submit a valid Proof of Claim (substantially in the form of Exhibit 3 hereto) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, and will be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided for herein, including but not limited to being barred from bringing any action against the Released Defendants that is based upon, arises out of, or relates to any of the Released Plaintiff Claims.

27.     Upon receiving any request(s) for exclusion pursuant to the Notice, Lead Counsel shall, no later than ten (10) business days after receiving a request for exclusion or twenty (20) calendar days before the Settlement Hearing, whichever is earlier, notify BoA's Counsel of such request(s) for exclusion, and provide copies of such request(s) for exclusion and any documentation accompanying them by email.

28.     Lead Counsel, following consultation with and agreement by Lead Plaintiff, shall be responsible for designating the Claims Administrator, subject to approval by the Court, and Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.

29.    For purposes of determining the extent, if any, to which a Class Member shall be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Class Member shall be required to submit a Proof of Claim, substantially in the form attached as Exhibit 3, supported by such documents as are designated therein, including proof of loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    To be timely, all Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. All Proofs of Claim received before the motion for the Distribution Order shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

30.    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court:

(a)    Proofs of Claim that do not meet the submission requirements may be rejected. In the interest of achieving substantial justice, Lead Counsel shall have the right, but not the obligation, to instruct the Claims Administrator to waive what Lead Counsel deems to be formal or technical defects in any submitted Proof of Claim, and the Administrator shall follow such instructions. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to

remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in that notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (b) below;

   (b)  If any claimant whose claim has been rejected in whole or in part desires to contest that rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (a) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court;

   (c)  The determinations of the Claims Administrator accepting or rejecting disputed claims shall be presented to the Court, on notice to Defense Counsel, for approval by the Court in the Distribution Order.

   31.  Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

32.     Payment under the Distribution Order shall be deemed final and conclusive against any and all Class Members. Each Class Member whose claim is not approved by the Court shall be deemed to have waived his, her, or its right to share in the Settlement Fund and shall forever be barred from participating in distributions from the Net Settlement Fund, and shall be bound by all the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and including but not limited to being barred from bringing any action against the Released Defendants concerning the Released Plaintiff Claims.

33.     If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Any balance that still remains in the Net Settlement Fund, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to one or more non-sectarian, not-for-profit charitable organizations, serving the public interest, and qualified under Internal Revenue Code §501(c)(3), designated by Lead Plaintiff and approved by the Court. In no event shall any part of the Net Settlement Fund revert to any Defendant or its insurers.

34.     All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the exclusive jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

33

35.    No Person shall have any claim of any kind against the Released Defendants or Defense Counsel with respect to the matters set forth in Paragraphs 26-33, or otherwise related in any way to the administration of the Settlement, the Plan of Allocation, or the Distribution Order, including, without limitation, the processing of claims and distributions.

36.    No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator or any employees or agents of any of the foregoing, based upon the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise approved or directed by order of the Court.

37.    No Person that is not a Class Member (including, without limitation, those who exclude themselves from the Class) shall have any right to any share of the Net Settlement Fund or to receive any distribution therefrom.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

38.    Concurrently with its application for preliminary Court approval of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form attached as Exhibit 4. The Preliminary Approval Order will, *inter alia*, set the date for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the Class. BoA shall reasonably cooperate with Lead Counsel, or its designee, to provide transfer and other records to assist in providing notice to members of the Class, without charge and in a mutually acceptable format, by the time Lead Plaintiff moves for preliminary approval of the settlement.